W.H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: William_Hawley@law.state.ak.us

Attorney for Respondent John (Craig Turnbull)

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOHN ARNOLD WOODARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:05-cv-00089-TMB-JDR |
| | ) | |
| JOHN (CRAIG) TURNBULL, | ) | MOTION TO DISMISS CLAIMS ON |
| | ) | ACCOUNT OF FAILURE TO |
| | ) | EXHAUST AND PROCEDURAL BAR |
| Respondent. | ) | |
| | ) | |

A.    Introduction

In this memorandum, respondent argues that grounds two, four, five, six, seven, eight, ten, eleven, and twelve in Woodard's application for habeas corpus were either improperly exhausted or not argued as federal claims

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 1

so that they are now procedurally barred.  Respondent respectfully requests that this court dismiss these claims or portions of claims as indicated herein.

B.    Ground two

In his second ground, Woodard asserts that the exclusion of five surreptitiously recorded conversations between himself and David VanHousen (after VanHousen told Woodard he was wired) violated his rights to "due process, confrontation, and compulsory process."  Woodard did not argue this claim as a federal constitutional claim in his petition for hearing to the Supreme Court of Alaska.  In fact, he never mentioned due process, confrontation, or compulsory process in connection with this claim in his petition.  [Exh. 6]

In his petition for hearing, Woodard's legal argument concerning the exclusion of the tapes consisted of the following:  "Out-of-court statements must be admitted where necessary to permit the defense a reasonable opportunity to present its case.  *See Keith v. State*, 612 P.2d 977, 981-84 (Alaska 1980), reversed because of exclusion of the decedent's journal, which should have been admitted to show the decedent's state of mind.  *See also Chambers v. Mississippi*, 410 U.S. 284 (1973)."  [Exh. 6 at 6]  The petition later asserted that the Alaska Supreme Court should review the ruling because it violated his "constitutional right to present a defense," and cited *Keith* a second time.  [Exh. 6 at 13-14]  Woodard

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 2

*did not* say the court should take the case because the decision of the court of appeals violated *Chambers*. [*Id.*]

*Keith* discusses state and federal constitutional provisions that Woodard is attempting to rely upon here, but the *Keith* court refrained from deciding the constitutional questions as it held exclusion of the journal violated the Alaska law of evidence. 612 P.2d at 981-84. Citation to a state case that discusses both federal and state constitutional provisions is insufficient to preserve a federal constitutional claim. *Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005) ("When a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim."); *Casey v. Moore,* 386 F.3d 896, 912 n.13 (9th Cir.2004) ("For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.").

Moreover, the parenthetical in the petition for hearing shows that Woodard was relying on the holding of the Alaska court in *Keith* – that the journal was admissible under Alaska's law of evidence and possibly to Alaska constitutional law – and by the same token that he was not relying on the discussion of federal constitutional law. The weak "see also" reference to

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 3

*Chambers v. Mississippi* is best understood as an effort to support the claim that the tapes should have been admitted under Alaska law as set forth in *Keith*. The "see also" reference, in this context, was insufficient to alert the Alaska Supreme Court that Woodard was asserting a federal constitutional claim. *Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000) (reference to federal decision to support state claim will not serve to exhaust claim; "the proponent must have presented the federal claim to the state courts unveiled"). It is not enough that the federal claim presented "essentially the same" operative facts and legal theory as presented in state court. *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir. 1996).

The proper way to preserve a federal claim is demonstrated by the Court's recent decision in *Dye v. Hofbauer*, ___ U. S. ___, 126 S.Ct. 5 (2005). In that case, the habeas petitioner had, in state court, specifically cited and relied upon the Fifth and Fourteenth Amendments to United States Constitution and had cited two United States Supreme Court decisions and two circuit opinions to support a claim of prosecutorial misconduct. 126 S.Ct. at 7. All of the decisions the petitioner had cited in state court discussed federal due process rights in context of prosecutorial misconduct. *Id*. The Court held that the petitioner's state court pleading had sufficiently apprised the state court that the petitioner was arguing that the prosecutor's conduct had denied him due process in violation of Fourteenth Amendment. *Id*.

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 4

Woodard's second claim is also unlike the situation that presents itself when a habeas applicant has cited one federal case that fully discusses a federal constitutional claim. In that instance it might fairly be claimed that the petitioner has alerted a state court to the federal nature of his claim because the case has analyzed a federal constitutional issue. Woodard's weak "see also" reference to *Chambers* to support his Alaska law argument does not rise to this level. It would be very unfair to the Supreme Court of Alaska to conclude that Woodard's oblique reference to *Chambers* raised a federal constitutional issue.

Alaska courts will no longer consider this claim. Alaska Statute 12.72.020(1) provides that an Alaska post-conviction court may not consider a claim that is based on exclusion of evidence. Alaska Statute 12.72.020(2) provides that an issue that could have been raised on direct appeal cannot be considered in post-conviction action. Alaska Statute 12.72.020(3)(A) provides that an issue cannot be considered in a post-conviction action if more than one year has elapsed since the conclusion of direct review. Alaska Statute 12.72.020(6) provides that an issue cannot be considered in post-conviction action if a previous application for post-conviction relief has been filed.

Since Woodard did not ever explicitly make the claim he is asserting here as a federal constitutional claim to the Supreme Court of Alaska, he did not properly exhaust the claim. *E.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119

S.Ct. 1728, 1732-33 (1999). And since Alaska Courts will no longer consider the claim, it is procedurally barred and this court should not consider it unless Woodard can show cause and prejudice. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734; *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S.Ct. 2074, 2080 (1996).

C.     <u>Ground four</u>

Woodard's fourth habeas claim is that Judge Hunt's refusal to admit all four photographs of him that appeared in the Anchorage newspaper, instead of the single one of him that she did admit, violated his right to due process, confrontation, and compulsory process. [Docket No. 1 at 10] Woodard's petition for hearing in the Supreme Court of Alaska raised this claim of error, but did not raise it as a federal constitutional claim. [Exh. 6 at 9]  At the end of his argument, Woodard wrote:

> [I]n other jurisdictions where the defense was mistaken identification, appellate courts reversed convictions where the defense was denied an opportunity to introduce photographs necessary to challenge evidence of the defendant's identity as the perpetrator. *See Kuki v. State*, 483 N.E.2d 788 (Ind. App. 1985) (reversal on constitutional grounds where trial court excluded an article which stated that police were seeking another man for a series of crimes and the man's photo resembled the defendant); *Hill v. State*, 783 S.W.2d 245 (Tex. App. 1987); *Dunn v. State*, 246 S.E.2d 245 (W.Va. App. 1978) (reversals where trial courts refused to admit photos essential to rebut eyewitness identifications).

[Exh. 3 at 90-91]

This statement of Woodard's claim in the Supreme Court of Alaska was insufficient to alert the court that he was raising a federal constitutional claim. In the petition, Woodard did not identify any specific amendment of the federal constitution or even mention due process, much less cite the Due Process Clause of the United States Constitution to support his claim. In *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2080 (1996), the Court established the rule that general appeals to broad constitutional principles such as due process, equal protection, and the right to fair trial are insufficient to establish exhaustion. The Ninth Circuit rule is that a defendant who neither cites the Fourteenth Amendment nor any federal case law involving the legal standard for a federal violation has failed to exhaust state remedies. *See Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999).

Woodard did cite *Kuki*, but his citation of that case should gain him nothing as that case is based on not only federal constitutional law but also the non-constitutional principle of Indiana law that an appellate court may set aside a trial court's determination with respect to the admission of evidence if justice so requires. *Kuki*, 483 N.E.2d at 792 (citing *Spears v. Aylor*, 319 N.E.2d 639 (Ind. App. 1974) ("We may set aside the trial court's determination with respect to the relevancy of certain evidence if justice so requires.")). More important,

Woodard did not specifically identify his claim as being a *federal* constitutional claim.

Woodard's citation of *Dunn v. State*, 246 S.E.2d 245 (W.Va. App. 1978), does not aid him either. *Dunn* simply holds that the refusal to admit a photograph was an abuse of discretion. *Id.* at 251. The citation of *Hill v. State*, 783 S.W.2d 245 (Tex. App. 1987), is similarly unhelpful to Woodard. The decision refers to "a long line of cases in Texas dealing with the violation of a defendant's due process rights [in cases of suggestive identifications]," but does not cite the federal constitution or federal cases. 783 S.W.2d at 260.

This claim is again unlike the situation presented when a defendant cites a single federal case in a petition for hearing to a state court that unambiguously discusses a federal constitutional claim, and it is clear from that citation that a federal constitutional claim was being raised. Nothing here told the Alaska Supreme Court that a federal constitutional claim was being raised and nothing identified what basis the claim had in the Federal Constitution. In *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005), the court said:

> Briefing in a case is not like writing a poem, here the message may be conveyed entirely through allusions and connotations. Poets may use ambiguity, but lawyers use clarity. *If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so.* It has to be clear from the petition filed at each level in the

state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition.

397 F.3d at 1204.

Since Woodard has did not ever make the claim he is asserting here by presenting it as an explicit federal constitutional claim to the Supreme Court of Alaska, he did not properly exhaust the claim. *E.g., O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732-33. Alaska courts will no longer consider this claim. AS 12.72.020(1), .020(2), .020(3)(A), & .020(6).

Since Woodard has did not ever make the claim he is asserting here by presenting it as a federal constitutional claim in state court, and since Alaska Courts will no longer consider the claim, it is procedurally barred and this court should not consider it unless Woodard can show cause and prejudice. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734; *Gray*, 518 U.S. at 161-62, 116 S.Ct. at 2080.

D.    <u>Ground five</u>

In the fifth ground of his application for habeas corpus, Woodard contends that the exclusion of the tape recording of the police interview of David VanHousen violated his right to due process, confrontation, and compulsory process. [Docket No. 1 at 10-11] This claim was not advanced as a federal constitutional claim in Woodard's petition for hearing (or, for that matter in his

brief in the Alaska Court of Appeals). [Exh. 3 at 79-82; Exh. 5 at 10-11, 14] Alaska courts can no longer consider this claim. AS 12.72.020(1), .020(2), .020(3)(A), & .020(6).

Since Woodard has did not ever make the claim he is asserting here by presenting it as a federal constitutional claim to the Supreme Court of Alaska, he did not exhaust the claim. *E.g., O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732-33. Accordingly, the claim is procedurally barred. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734; *Gray*, 518 U.S. at 161-62, 116 S.Ct. at 2080.

E.     Ground six

In the sixth ground of his habeas application, Woodard claims that his conviction was obtained by use of evidence gained pursuant to unconstitutional searches and seizures by state and federal authorities and that he was denied a full and fair opportunity to present the issue in state court. [Docket No. 1 at 14] He argues that evidence, including the surreptitious tape recording of the telephone conversation between VanHousen and Woodard (*i.e.,* Woodard's incriminating use of the word "the thing") and the firearms, clothing, and military flak vest seized from his residence were improperly admitted at trial. [*Id.*] He claims that the police made numerous "intentional and/or reckless misstatements or omissions" in order to secure the search warrants used to seize the foregoing evidence, that he was denied an evidentiary

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 10

("*Franks*") hearing, that the government intentionally or recklessly failed to disclose they knew VanHousen lied about his role in the murder and robbery, and that the state's knowledge of VanHousen's role could have led to suppression of the evidence listed above.  [Docket No. 1 at 15]

In his petition for hearing from his direct appeal, Woodard asserted he was entitled to a "*Malkin* hearing." He said the three judges of the court of appeals had issued three opinions and that the three "could not agree on the meaning of *State v. Malkin*, 722 P.2d 943 (Alaska 1986) and how it differs from *Franks v. Delaware*, 438 U.S. 154[, 98 S.Ct. 2674] (1978)."  [Exh. 6 at 13]  He asked the court to conclude that he had made out a *prima facie* case of intentional representations and to direct that an evidentiary hearing be held. [*Id.*] Woodard asked alternatively that the court adopt Judge Bryner's view in dissent that a remand should be ordered so Judge Hunt could properly determine if he was entitled to an evidentiary hearing.  [*Id.*]  Woodard then asked the Alaska Supreme Court to grant review because the decision of the court of appeals "is in conflict as to *Malkin* and the requisite burdens of proof and production."  [Exh. 6 at 15]

Woodard was clearly seeking relief under *Malkin* and the Alaska Constitution.  Woodard did cite *Franks*, but merely to state that it differed from

*Malkin*, not to claim that he was entitled to relief because he was making a federal constitutional claim.

In short, to construe Woodard's petition as an assertion of a *Malkin* claim rather than a *Franks* claim is to understand it correctly. Under article I, section 14 of the Alaska Constitution (which protects persons from "unreasonable searches and seizures"), once a defendant demonstrates that an affidavit supporting a search warrant includes false statements, the *state* must show by a preponderance of the evidence that the statements were not made intentionally or recklessly. *Malkin*, 722 P.2d at 946. Under *Franks*, to the contrary, the full burden of proof to show the statements were false and made either intentionally or recklessly is on *the defendant*. 438 U.S. at 155-56, 98 S.Ct. at 2676. Further, under the Alaska constitution, suppression is automatic and mandatory if a police officer intentionally submits a false affidavit in support of a search warrant, while under *Franks*, an intentionally false statement is simply excised. *Compare Franks*, 438 U.S. at 155-56, 98 S.Ct. at 2676, *with Malkin*, 722 P.2d at 946 n.6.

This case is analogous to *Galvan v. Alaska Department of Corrections*. Galvan argued in a petition for hearing to the Alaska Supreme Court that she had received ineffective assistance in connection with her plea to

an offense. 397 F.3d. at 1201. Galvan's petition did not mention the Sixth Amendment to the United States Constitution; she cited 11 Alaska cases and one federal case. *Id*. The federal case was cited to distinguish Galvan's situation from the situation that existed in the federal case. *Id*.

In *Galvan*, the Ninth Circuit pointed out that the decision to argue an ineffective assistance claim in the Supreme Court of Alaska on the basis of Alaska constitutional law under *Risher v. State*, 523 F.2d 421 (Alaska 1974), rather on the basis of federal constitutional law under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), was probably the product of a sound tactical decision because a lesser showing was required to obtain relief under the Alaska Constitution than is required under *Strickland* and the federal constitution.

The case at bar parallels *Galvan* in this respect. As has been shown, the *Malkin* test based on the Alaska Constitution is far more favorable to a defendant than the federal constitutional test under *Franks*. It is clear that the citation to *Franks* in Woodard's petition for hearing was not an effort to assert a Fourth Amendment claim. Woodard simply said the petition should be granted because the three court of appeals judges did not understand how state law differed from federal law. Indeed, in the penultimate sentence relating to this claim in the petition, Woodard asked the Alaska Supreme Court to take the case

because the decision of the court of appeals was "in conflict as to *Malkin* and the requisite burdens of proof and production." [Exh. 6 at 15]  In short, Woodard did not fairly present a federal constitutional claim to the Alaska Supreme Court.

Since Woodard did not ever make the claim he is asserting here by presenting it as a federal constitutional claim to the Supreme Court of Alaska, he did not properly exhaust the claim.  *E.g., O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1732-33.  At the same time, Alaska courts can no longer consider this claim. AS 12.72.020(1), .020(2), .020(3)(A), & .020(6).  Accordingly, the claim is procedurally barred.  *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734; *Gray*, 518 U.S. at 161-62, 116 S.Ct. at 2080.

Woodard has added to this habeas ground the claim made in his appeal of the denial of state post-conviction relief, that the state's allegedly improper failure to disclose various matters concerning the informant William Turlington adversely impacted his ability to litigate his suppression motion. [Docket No. 1 at 14-15]  The Alaska Court of Appeals enforced the applicable contemporaneous-objection rule and refused to consider this claim because it was not made before Superior Court Judge Bolger in the post-conviction action and was only made on appeal.  [Exh. 12 at 4]

The denial of relief on state-law procedural grounds by the Alaska court means that this claim is procedurally barred and may not be considered

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 14

here. *Edwards v. Carpenter,* 529 U.S. 543-44, 120 S.Ct. 1587, 1592 (2000) (claim is procedurally barred when claim is presented to state court in such a manner that the court cannot, consistent with its own rules, consider it); *O'Sullivan,* 526 U.S. at 848, 119 S.Ct. at 1734; *Gray,* 518 U.S. at 161-62, 116 S.Ct. at 2080.

F.    <u>Ground seven</u>

Woodard appears to claim in the seventh ground of his habeas application that firearms should have been suppressed because they were not being actively used in connection with a drug offense at the time they were seized. [Docket No,. 1 at 17] Woodard did not make this claim in the Supreme Court of Alaska. [Exh. 6] Thus, it is not properly exhausted.

Alaska courts can no longer consider this claim. AS 12.72.020(1), .020(2), .020(3)(A), & .020(6). Accordingly, it is procedurally barred. *O'Sullivan,* 526 U.S. at 848, 119 S.Ct. at 1734; *Gray,* 518 U.S. at 161-62, 116 S.Ct. at 2080.

G.    <u>Ground eight</u>

Woodard's amended habeas corpus application, together with Woodard's *pro se* application, alleges that he was visibly shackled during his trial. Woodard did not claim in the trial court, on direct appeal, in his first petition for hearing, or at any other time in state court that he was visibly shackled. Woodard's affidavit in this court alleges that the jury was aware during his trial that he was shackled. [Docket No. 35]

Judge Hunt took great precautions so that the jury would be unaware that Woodard was in restraints. Woodard was free to make a motion for a new trial or a mistrial claiming that his shackles were visible. However, he did not do so. As a result, the claim is not properly exhausted. Further, at this point in time, Alaska courts cannot consider this claim of error; it is barred for at least two reasons. AS 12.72.020020(3)(A) & .020(6).

Since Alaska may no longer consider this claim, it is procedurally barred and this court may not consider it. *Johnson v. Lewis,* 929 F.3d 460, 463 (9th Cir. 1991) ("If a federal constitutional claim can no longer be raised because of a failure to follow the prescribed procedure for presenting such an issue, . . . the claim is procedurally barred."); *Tacho v. Martinez,* 862 F.2d 1376, 1378 (9th Cir.1988) ("When a petitioner at one time could have raised his constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted on his claim."). *Accord Wainwright v. Sykes*, 433 U.S. 72, 86-87, 97 S.Ct. 2497, 2506 (1977); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447-48 (9th Cir. 1989).

H.    Ground ten

Woodard alleges in his tenth ground that the state unconstitutionally failed to disclose evidence from and about the informant, William Turlington, who had indicated through his attorney, John Murtagh,

that VanHousen was involved in the robbery/murder, and that he was denied a full and fair opportunity to present this claim in state court. [Docket No. 1 at 22] He claims that the state failed to disclose Turlington's past prior convictions for robbery and theft, his drug conviction, his probation violations, his plea bargain, the favorable treatment he received from the state, and his relationship with VanHousen's father. *Id.* Woodard alleges the evidence could have been used (1) to show VanHousen and Turlington committed the robbery and murder, (2) to find other favorable evidence, and (3) to impeach the investigation. *Id.* He states that he did not have a full and fair opportunity to present this evidence to Judge Bolger in the post-conviction action. *Id.*

This claim that Woodard did not have a full and fair opportunity to present this evidence in the post-conviction action appears to be based on Judge Bolger's refusal to grant a continuance so that the state's files involving William Turlington, which were in archives, could be produced in court. However, Woodard did not invoke any provision of the federal constitution when he asked Judge Bolger for the continuance in the post-conviction trial court. [PCR Tr. 4-5, 139-43] Under *Baldwin v. Reese*, 541 U.S. 27, 29, 127 S.Ct. 1347, 1349 (2004), a claim may not be considered unless it has been presented as a federal constitutional claim to all levels of a state court – "in each appropriate state court." Indeed, the Alaska Court of Appeals at least implicitly considered the

constitutional arguments Woodard made for the first time on appeal to be barred and did not consider them because he did not make them in the trial court. [Exh. 10 at 8-9] That is, the Alaska Court of Appeals did not relieve Woodard of his burden to properly exhaust his state-court remedies by considering the federal constitutional claim on the merits. *See Panther v. Hames,* 991 F.2d 576, 580 (9th Cir. 1993).

In sum, this claim has not been properly exhausted. Alaska will no longer consider this federal constitutional claim. AS 12.72.020(3)(A) & .020(6). Accordingly, it is procedurally barred and cannot be considered unless Woodard shows cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 86-87, 97 S.Ct. 2497, 2506 (1977); *Murray v. Carrier*, 477 U.S. 478, 485 (1986) (application of procedural bar to preclude claim not raised on direct appeal). *Accord Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447-48 (9th Cir. 1989).

I.    Ground eleven

Woodard claims that the state unconstitutionally failed to disclose favorable evidence and that he was denied a full and fair opportunity to present this claim in his post-conviction action. [Docket No. 1 at 24] He alleges the state failed to disclose Turlington's statement that Woodard "set up" the robbery/murder and claims the information could have been used to "in search warrant proceedings, the grand jury, or trial" to exculpate Woodard, impeach

VanHousen, and to support his defense that VanHousen committed or planned the murder/robbery; he also claims the information could have led to other admissible evidence and could have been used to impeach the investigation. [Docket No. 1 at 24-25] Woodard claims again that the denial of his request for a continuance of the post-conviction action so the Turlington files could be retrieved from archives meant that he was not given a full and fair opportunity to present this evidence. [*Id.*] The claim that Woodard was not given a full and fair opportunity to present this information is procedurally barred as explained in the previous section (H) of this motion. (The claim that the evidence was improperly withheld at trial was properly exhausted and the state is not seeking to have it dismissed.)

The claim that Woodard could have used information from Turlington in challenging the search warrant was not raised in the post-conviction trial court before Judge Bolger. In fact, the Alaska Court of Appeals expressly refused to consider the claim as it related to the search warrant proceedings because it was not raised in the trial court. [Exh. 10 at 4] The claim that the information could have been used in the grand jury was not raised at all in the post-conviction action. Neither claim was properly exhausted.

Alaska courts will no longer consider either of these claims. AS 12.72.020(3)(A) & 020(6). Since an Alaska procedural rule – the

John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 19

contemporaneous-objection rule – prevented the Alaska Court of Appeals from considering the claim with respect to the search warrant proceedings, it is procedurally barred and this court may not consider it. *Edwards*, 529 U.S. at 453; 120 S.Ct at 1592. The grand jury claim is barred because it was not presented at all. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734; *Wainwright*, 433 U.S. at 86-87, 97 S.Ct. at 2506; *Cavanaugh*, 877 F.2d at 1447-48.

    J.    <u>Ground twelve</u>

        Woodard claims that the admission of a "highly prejudicial" videotape depicting him firing a shotgun during target practice violated his right to due process, confrontation, and compulsory process. [Docket No. 1 at 26] In the Alaska Court of Appeals, Woodard argued the videotape (actually, a portion of a videotape) was improperly admitted in evidence. [Exh. 3 at 91-93] He made the same argument in the Supreme Court of Alaska. [Exh. 6 at 9, 10, 14] Woodard did not argue that admission of this evidence violated the federal constitution, much less a specific provision of it. [*Id.*] This, it is not properly exhausted.

        Alaska courts will no longer consider this claim. AS 12.72.020(1), 020(2), .020(3)(A), &.020(6). Accordingly, the claim is procedurally barred unless Woodard can show cause and prejudice. *Wainwright*, 433 U.S. at 86-87, 97 S.Ct. at 2506; *Cavanaugh*, 877 F.2d at 1447-48.

K.    <u>Conclusion</u>

The foregoing claims (or portions of them) are procedurally barred.

The court is respectfully requested to dismiss them.


DATED December 4, 2006 , at Anchorage, Alaska.

CRAIG J. TILLERY
ACTING ATTORNEY GENERAL

<u>s/ W. H. Hawley, Jr.</u>
    Assistant Attorney General
    State of Alaska, Dept. of Law
    Office of Special Prosecutions
        and Appeals
    310 K St., Suite 308
    Anchorage, Alaska 99501
    Telephone: (907) 269-6250
    Facsimile: (907) 269-6270
    e-mail: William_Hawley@law.state.ak.us
    Alaska Bar. No. 6702008


**Certificate of Service**

I certify that on December 4, 2006, a copy of the foregoing **Motion to dismiss claims on account of failure to exhaust and procedural bar** was served electronically on **Hugh W. Fleischer**.

<u>s/ W. H. Hawley, Jr.</u>


John A. Woodard v John (Craig) Turnbull, 3:05-cv-00089-TMB-JDR
Page 21