IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| JON WOODARD | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| JOHN CRAIG TURNBULL | ) |
|  | ) |
| Respondent. | ) |
| _____ | ) CASE NO:3-05-0089-CV (TMB) |

**MEMORANDUM IN OPPOSITION TO
STATE'S MOTION TO DISMISS**

Petitioner, Jon Woodard, through his attorney Hugh W. Fleischer, hereby opposes the State of Alaska's Motion to Dismiss Mr. Woodard's Petition for Habeas Corpus.

Jon Woodard filed his petition for habeas corpus, citing eleven separate grounds there for.

The State has argued that Mr. Woodard has failed to exhaust claims 2, 4, 5, 6, 7, 8, 10, 11 and 12.

**INTRODUCTION**

The Court said in *Rose v. Lundy*, 455 U.S. 509 (1982), citing *Ex parte Royall*, 117 U.S. 241, 251 (1866) "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a

constitutional violation", federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." ***Darr v. Burford***, 339 U.S. 200, 204 (1950)"  In the case at bar, the petitioner gave the Alaska Supreme Court and the other Alaska courts full and more than adequate notice of the federal claims that he raised.

B.)* As to claim 2, the petitioner cited the case of ***Chambers v. Mississippi***, 410 U.S. 284 (1973) and ***Keith v. State***, 612 P.2d 977 (Alaska 1980).  These were the only two cited cases in support of claim 2.[Ex. 6, p.6]**  Mr. Woodward is raising issues the directly went to confrontation under the Sixth Amendment to the U.S. Constitution.  The petitioner relied on Chambers in a wholly "unveiled" manner in accordance with ***Casella v. Clemons***, 207 F. 3d 18, 21 (1st Cir. 2000), cited by the

---

\* The response to the Motion to Dismiss uses the same letters as the State used regarding the respective grounds

\*\* References to States Exhibits, unless otherwise indicted.

State.  [Motion to Dismiss, p.4]  The State also cited

*Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 2005). [State's Motion, p.4]  The Court in *Johnson*, cited with approval the case of *Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995)(per curium), " We made it clear in *Piccard v. Connor*, 440 U.S. 270 (1971), that a prisoner need not place the correct label on his claim, or even cite the Federal Constitution, as long as the substance of the federal claim has been presented." @ 367 This is precisely what Mr. Woodard did as to the second claim, including an actual reference to the *Chambers* U.S. Supreme Court case and thus, it should not be dismissed but rather maintained as a valid claim for relief.

C) As to claim 4, the State argues that this claim did not raise a federal constitutional claim to the State court. [State's Motion, pp.6-9]  Such is not the case.  Indeed, the citation of *Kuki v. State*, 483 N.E.2d 788(Ind. App. 1985), is instructive of this point.  The court was dealing, as here with alleged mistaken identity and cited as the authoritative source for this subject, *United States v, Wade*, 388 U.S. 218, 18 L.Ed2d 1149, 87 S. Ct. 1926 (1967). The Supreme Court, in dealing with the subject of mistaken identity, referred to the Five and Sixth Amendments to the U.S. Constitution.  Given the

heavy import of due process, the right to not have to be a witness against oneself and the right to counsel, are all constitutional issues entwined in the question of serious mistaken identity, all of which constitutional issues are present in Mr. Woodard's case, as they were in the case cited by the *Kuki* court. Thus, his 4th claim is ripe for decision by this Court.

D) The State has also challenged Mr. Woodard's fifth claim and, *inter alia*, cites as support in its brief "Exh. 3 at 79-82. (p.10)  On page 79, Mr. Woodard pointed out to the court that his rights to a fair trial is a basic constitutional right, citing *Sheppard v. Maxwell*, 384 U.S. 333 (1966); *Estes v. Texas*, 381 U.S. 532 (1964); *Rideau v. Louisiana*, 373 U.S. 723 (1963) and *Irwin v. Dowd*, 366 U.S. 717 (1961).  Also, on page 100 of such Exhibit, in specifically discussing the exclusion of the June 25, 1992 videotaped police interview of VanHousen, the defense cited *Gordon v. United States*, 344 U.S.414 (1953.

E) As to ground six, the State argues that *State v. Malkin*, 722 P.2d 943 (Alaska 1986) was central to his claim.  [State's Motion, pp.6-15]
However, Mr. Woodard did raise and thus, cited a federal

precedent, *Franks v. Delaware*, 438 U.S. 154 (1978) [Ex. 11, p.7]  Also, in his Opening Brief to the Alaska Court of Appeals he cited regarding this ground, *Wong Sun v. United States*, 371 U.S. 471 (1963)[Ex. 3, p. 49]; *Berger v. New York*, 388 U.S. 41 (1967)[Ex. 3, p. 51]; *Illinois v. Gates*, 462 U.S. 212 (1983) [Ex. 3, p. 56].  Also, in Woodard's Reply Brief to the Alaska Court of Appeals, he cited  *Carroll v. United States*, 267 U.S. 132 (1925) [Ex. 4, p. 12]

F) Mr. Woodard acknowledges that ground seven was not made to the Alaska Supreme Court. [State's Motion, p.15] However, Mr. Woodard made a successful effort in the U.S. District Court to have the 18 U.S.C. 924 (c) prosecution dismissed, which prosecution, at the time carried a mandatory minimum of five years incarceration, if convicted.  The federal prosecution was dismissed in *United States Woodard*, Case Number A92-113 CR (HRH).  Such federal statute and dismissal dealt specifically with whether the statute was violated by having firearms and an illicit drug operation intertwined.  It was determined by this Court that Mr. Woodard had not violated the statute and his federal prosecution was dismissed in the Fall of 1999.  Mr. Woodard asserts that such facts constitute

sufficient cause and prejudice under the authority of *Wainright v. Sykes*, 433 U.S. 72, 86-87 (1977).

G) As to ground eight, the State is flat wrong. [State's Motion, pp. 15-16]  Mr. Woodard did raise the shackling issue to the Alaska Supreme Court in which Jon Woodard cited *Spain v. Rushen*, 883 F.2d 712 (9th Cir. 1989) [Ex. 3, p. 115] and *Holbrook v. Flynn*, 475 U.S. 560 (1986) [Ex. 3, p. 115] in which the Court held that "an inherently prejudicial practice …like shackling should only be permitted by an essential State interest. [*id.*] In addition Woodard, in his Petition to the Alaska Supreme Court, [Ex. 6, pp. 1-4] cited the U.S. Ninth Circuit Court of Appeals standard regarding shackling, noting that the trial court 1) must "be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom." 2) the trial court must "pursue less restrictive alternatives before imposing physical restraints." *Jones v. Meyer*, 899 F.2d 883 (9th Cir. 1990) and other Ninth Circuit authorities.  Woodard went on to specifically reference the key issue being raised in the matter at bar, when he said in his Petition to the Alaska Supreme Court, "No jury could have failed to notice his immobility.  Being shackled affected his mental

faculty, impaired communications with counsel, impacted his decision not to testify and was painful. See **Kennedy v. Cardwell**, 487 F.2d 101, 105-06 (6th Cir.1973, cert. den, 416 U.S. 959 (1974)." (Ex. 6, p.4). Moreover, in his dissent in the Alaska Court of Chief Judge of the Alaska Court of Appeals, Justice Bryner stated,

Although Woodard sat behind a table that was skirted to obstruct the jury's view, it is difficult to imagine how the jury could have failed to notice the situation after Woodard appeared before it in this condition, day after day, during two months of trial: Woodard could never stand; or pour himself a drink without assistance; or flip the pages of his legal pad without putting down his pen or pencil; or even rest his hands and elbows on the table. Myriad clues would surely have alerted jurors that Woodard was restrained and would have served as a constant reminder that the prosecution, the Court, and perhaps even his own counsel considered him dangerous. [Ex. 5, p. 145]

The issue raised in this petition regarding shackling being observed by the jury was forefront before the Alaska courts on federal constitutional grounds and is therefore, properly before this Court.

H) On ground ten, the State has argued, once again, that Woodard failed to make any federal constitutional issue of matters pertaining to William Turlington, a key informant in the case and one who had told his attorney, John Murtaugh, that VanHousen was involved in the robbery/murder, which was the subject of the case below. Woodard also claimed that the State failed to disclose

Turlington's past prior convictions for robbery and theft as well as a drug conviction. In the Supplemental Briefing to Judge Bolger in the Post-Conviction Relief case, dated January 30, 2002, Mr. Woodard cited as the principal authority on the questions posed by the Tarlington-VanHousen situation, *Brady v. Maryland*, 373 U.S. 83 (1963) Similarly, in Judge Bolger's Findings of Fact, he cites the same said case in reviewing the question of the State's failure to disclose Turlington's identity and the details surrounding the information he provided. [Ex. 9, pp.5-6] Therefore, ground ten is viable and should be given full consideration by this Court. In addition, the State asserts that Exhibit 10 at 8-9 establishes that he had not met the test of having filed a federal constitutional claim in the Alaska court. Exhibit 10, p.9 contains this entry, "At post-conviction relief proceedings, where the government withheld material evidence, reversal is required if there is a 'reasonable probability' that, had the evidence disclosed, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1556, 131 L.Ed 2d 490 (1995). This claim conclusively is properly before this Court.

I) Regarding ground eleven, in which Woodard claims that

the State failed to disclose favorable evidence regarding Turlington/VanHousen matter as discussed, in major part, in Woodard's response to H above, which shows, definitively, that both Grounds ten and eleven should be recognized as legitimate grounds before this Court.

J)   Ground twelve deals with Woodard's claim that the admission into evidence at trial of a highly prejudicial videotape of him firing a shotgun during target practice violated his due process, confrontation and compulsory process.   Although this conclusion regarding the evidentiary determination is undoubtedly correct, it was not so couched in the State proceedings, and, thus, should be withdrawn.

## CONCLUSION

For the reasons set out above, the petitioner respectfully requests That this Court deny the State's Motion to Dismiss.

DATED at Anchorage, Alaska, this 7th day of March, 2007.

> LAW OFFICES OF HUGH W. FLEISCHER
> Attorney for Petitioner
>
> By:____S/Hugh W. Fleischer____
> Hugh W. Fleischer
> AK Bar # 7106012

```
                                        Law Offices of Hugh W. Fleischer
                                        310 K. Street, Suite 200
                                         Anchorage, AK 99501
                                        (907) 264-6635
                                        (907) 264-6602 (fax)
                                         hfleisch@aol.com
```

9114.1/552

    **CERTIFICATE OF SERVICE**

I certify that on the 7th day of March, 2007, a true copy of the foregoing was delivered electronically to the following counsel:

W. H. Hawley, Jr.
Office of Special Prosecutions and Appeals
310 K. St., Suite 308
Anchorage, AK 99501


<u>S/ Hugh W. Fleischer</u>