W. H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: William_Hawley@law.state.ak.us

Attorney for Respondent John Turnbull

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JON ARNOLD WOODARD, | ) |
| | ) |
| Petitioner, | ) Case No. 3:05-cv-00089-TMB-JDR |
| | ) |
| vs. | ) REPLY TO OPPOSITION TO |
| | ) MOTION TO DISMISS ON ACCOUNT |
| JOHN CRAIG TURNBULL, | ) OF FAILURE TO EXHAUST AND |
| | ) PROCEDURAL BAR |
| | ) |
| Respondent. | ) |
| | ) |

A.      Introduction

Respondent moved to dismiss grounds two, four, five, six, seven,

eight, ten, eleven, and twelve in Woodard's application for habeas corpus as they

were either improperly exhausted and are procedurally barred or barred by the

statute of limitations.  Petitioner has opposed several of the state's arguments.

[Docket No. 70]  But he has not discussed controlling Ninth Circuit decisions.

Respondent continues to maintain that he is entitled to dismissal of the claims discussed in his motion under the Ninth Circuit decisions applying the 18 U.S.C. § 2254 exhaustion requirement and enforcing procedural bar as required by decisions of the United States Supreme Court.   Respondent will reply to Woodard's arguments seriatim.

B.        Ground two

In ground two, Woodard claims that the exclusion of five surreptitiously recorded conversations between himself and David VanHousen violated his rights to "due process, confrontation, and compulsory process."   He contends that he exhausted a federal constitutional claim with respect to this evidence.   He is mistaken.

Woodard did not make a federal constitutional claim in his petition for hearing to the Supreme Court of Alaska.   He did not cite any specific provision in the federal constitution in his petition for hearing and did not mention due process, confrontation, or compulsory process, the provisions cited in the *pro se* petition for habeas corpus.   [Exh. 6 at 4-6]  His argument in the petition for hearing was to the effect that the tapes were relevant evidence of his state of mind and should have been admitted as they negated the state's evidence.   [*Id*.]

*Woodard v. Turnbull, 3:05-cv-00089-TMB-JDR*                    Page 2
Reply to Opposition to Motion to Dismiss

In his petition for hearing, Woodard cited two cases. He cited *Keith v. State*, 612 P.2d 977, 881-84 (Alaska 1980), *for a non-constitutional proposition* – that Keith's diary should have been admitted to show his state of mind. Obviously, Woodard hoped to prove his innocence by arguing the statements bespoke his innocence – that the statements were not statements a person who had just committed the robbery and murder at Carrs would make. The *Keith* citation is followed by a passing reference to the *Chambers* opinion: "*See, also, Chambers v. Mississippi*, 410 U.S. 284 (1973)."

Woodard claims that he relied on *Chambers* in a "wholly 'unveiled' manner" in accordance with *Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000). Docket No. 70 at 2. But Woodard's "see, also" citation of *Chambers* did not raise a federal constitutional claim under *Casella*. *Casella* states it is not enough to cite a federal decision dealing with a federal constitutional claim in order to properly exhaust a federal constitutional claim in state court when the citation is offered to support something other than a federal constitutional claim. 207 F.3d at 21. *Casella* offered the federal constitutional cases "by analogy to bolster [a] state law claim." *Id*. As a result, *Casella* held that the citation of federal cases in state court did not exhaust a federal constitutional claim. *Id*. Woodard's citation of *Chambers* was manifestly intended to support the state-law evidentiary claim as his citation of *Chambers* would indicate to the Alaska

*Woodard v. Turnbull, 3:05-cv-00089-TMB-JDR*                                    Page 3
Reply to Opposition to Motion to Dismiss

Supreme Court that Woodard's allegedly exculpatory statements had high evidentiary value.

If Woodard had wanted to raise a federal constitutional claim, his very experienced and expert lawyer knew how to do so. If his lawyer had intended to raise a constitutional claim, she would not have cited *Chambers* as an afterthought and without, at the least, a parenthetical setting forth the constitutional rule upon which she intended to rely in *Chambers*. In other words, Woodard's attorney would have shown how the rule of Chambers – that the constitution required the admission of a third person's confession despite evidentiary rules that would exclude it – applied in his own case.

To show that he exhausted this claim, Woodard quotes *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887 (1995), for the proposition that "[w]e made it clear in *Picard v. Connor*, 440 U.S. 1971), that a prisoner need not place the correct label on his claim or even cite the Federal Constitution, as long as the substance of the federal claim has been presented." [Docket No. 70 at 3] Woodard then states that is "precisely" what Woodard did here. [*Id.*] But the quotation in question is from Justice Steven's *dissent* in *Henry*. 513 U.S. at 367, 115 S.Ct. at 888 (Stevens, J., dissenting). Woodard's mistaken reliance on the dissenting opinion in *Henry* revealingly shows that his argument that this claim

was exhausted is not meritorious.  This court should hold that Woodard did not properly exhaust this claim (and find that it is procedurally barred).

C.     Ground four

Woodard's fourth claim is that the trial judge's refusal to admit three photographs of him that appeared in the Anchorage newspaper violated his right to due process, confrontation, and compulsory process.  (Judge Hunt admitted one photograph of Woodard.)  The state argued in its motion to dismiss that Woodard did not raise this issue as a federal constitutional claim.  [Docket No. 50 at 6-9]  Respondent pointed out Woodard failed in his petition for hearing to claim a due process, confrontation, or compulsory process violation and that he did not cite any provision of the federal constitution.  [Docket No. 50 at 7]

In his petition for hearing, Woodard did cite *Kuki v. State*, 483 N.E.2d 788 (Ind. App. 1985).  [Exh. 6 at 9]  Woodard claims here that the citation of *Kuki* was sufficient to raise a federal constitutional claim as *Kuki* in turn cited *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926 (1967).  [Docket No. 70 at 3-4] In arguing for dismissal of this claim, the state pointed out that *Kuki* discussed federal constitutional law but granted relief on account of the non-constitutional principle of Indiana law that an appellate court may set aside a trial court's determination with respect to the admission of evidence if justice so requires.  [*Id*. at 7 (pointing out that *Kuki,* in granting relief, cited *Spears v. Aylor*, 319

N.E.2d 639 (Ind. App. 1974), for the proposition that it could set aside a trial court's determination of the relevancy of evidence)]  In short, nothing here told the Supreme Court of Alaska that Woodard was attempting to raise a federal constitutional claim.

In *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351 (2004), the Court said a prisoner could raise a federal claim identifying it as such and citing a case "deciding such a claim on federal grounds."  *See Howell v. Mississippi,* 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005) (such steps are necessary to establish federal claim was properly presented to state court).  But Woodard's petition was inadequate to raise a federal constitutional claim because he did not state in his petition that he was raising a federal constitutional claim and because *Kuki* was not decided on federal constitutional grounds.  As a result, the claim Woodard is attempting to raise here is not properly exhausted and is procedurally barred.

D.    Ground five

In the fifth ground of his application, Woodard claims that the exclusion of the tape recording of the police interview of David VanHousen violated his rights to due process, confrontation, and compulsory process. Woodard did argue in his petition for hearing that the statement should have been admitted under the Alaska rules of evidence.  [Exh. 6 at 10-11, 14]

However, he did not make a federal constitutional claim of any sort or description.

Woodard argues in opposition to the state's motion to dismiss that he raised the issue as a federal constitutional issue in the Alaska Court of Appeals. Woodard is incorrect. [*See* Exh. 3 at 79-82 (making claim of evidentiary error)] Moreover, it is in any event insufficient for a prisoner to raise an issue of federal constitutional law in the Alaska Court of Appeals if the prisoner does not also raise the issue in the Alaska Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-33 (1999).

The petition for hearing, like Woodard's brief in the Alaska Court of Appeals, raises only an evidentiary claim. The federal constitution is not cited and bywords for federal constitutional rights are not employed. The only case that Woodard cited, *Bentley v. State*, 397 P.2d 976, 978 (Alaska 1965), is a rule of evidence case, not a constitutional law case. *Bentley* does cite *Gordon v. United States*, 344 U.S. 414, 421, 73 S.Ct. 369, 374 (1953), and it too is a case dealing with the law of evidence – particularly at the pinpoint cite used by the *Bentley* court (344 U.S. 421, 73 S.Ct. 374). In short, ground five was not presented to the Alaska courts as a federal constitutional claim and is procedurally barred.

E.    Ground six

        In ground six, Woodard argues that his conviction was obtained by
the use of evidence gained by illegal searches and seizures – that the police made
intentional and reckless misrepresentations in course of obtaining search
warrants.  He also states that he was denied a full and fair opportunity to
present the issue in state court because his request for an evidentiary hearing
was denied.  In the motion to dismiss, the state explained that Woodard asserted
a state constitutional law claim in his petition for hearing to the Supreme Court
of Alaska under *State v. Malkin*, 722 P.2d 943 (Alaska 1986), and showed that
Woodard was not attempting to raise a Fourth Amendment claim under *Franks
v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978).  [Docket No. 50 at 11-14]

        Woodard states in opposition to the state's motion to dismiss that he
"did raise and thus, cited a federal precedent."  [Docket No. 70 at 4-5]  This
argument is unresponsive to the arguments in the state's motion to dismiss.
Woodard did cite *Franks* in his petition for hearing in the Supreme Court of
Alaska, but he did not do so to make a federal constitutional claim – he merely
stated the three judges could not agree how *Franks* differed from *Malkin*.  [Exh.
6 at 13]

        As the state explained in its motion to dismiss, *Malkin* is more
favorable to criminal defendants than *Franks* because (1) the burden of proof

*Woodard v. Turnbull, 3:05-cv-00089-TMB-JDR*                              Page 8
Reply to Opposition to Motion to Dismiss

under *Malkin* is on the state to negate claims of misrepresentations while the defense has the burden of proof under *Franks*, (2) an intentional misrepresentation will result in automatic suppression under *Malkin* but not under *Franks*. In short, Woodard was asking for relief under *Malkin* and the Alaska Constitution, not *Franks* or the Fourth Amendment. Since Woodard did not make a federal constitutional claim in the Alaska Supreme Court, his claim is not exhausted and is procedurally barred.

Also, in this ground, Woodard does not discuss the part of the claim based on the allegedly improper failure to disclose various matters with respect to William Turlington which he now claims adversely affected his ability to litigate the search and seizure claim. [Docket No. 70 at 14] The state pointed out that the Alaska Court of Appeals rejected this argument because Woodard did not make this claim in the Alaska Superior Court (so that it is not properly exhausted and is procedurally barred). Woodard has not responded to the state's argument. The state rests on its argument in the motion to dismiss.

F.    Ground seven

In this ground, Woodard claims that firearms seized from his home with search warrants should have been suppressed because they were not being actively used in connection with a drug offense when they were seized. The state pointed out this claim was not made in the Supreme Court of Alaska so that it is

not properly exhausted and is procedurally barred.  Woodard acknowledges the claim was not made in the Supreme Court of Alaska.  [Docket No. 70 at 5]  He claims in response that the dismissal of *United States v. Woodard*, A 92-113 CR (HRH), was based on a finding by this court that Woodard did not violate the statute at issue.  He goes on to argue, citing *Wainwright v. Sykes*, 433 U.S. 72, 86-87, 97 S.Ct. 2497 (1977), that  the dismissal of the federal charges establishes cause and prejudice.  [Docket No. 70 at 5-6]

This claim fails.  Woodard claims the dismissal of the federal indictment "dealt specifically with whether the statute was violated by having firearms and an illicit drug operation intertwined."  [Docket No. 70 at 5]  He claims in turn that the dismissal establishes, *ipso facto*, "cause and prejudice" and excuses his failure to bring this claim in state court.

This argument misunderstands "cause and prejudice."  "Cause" under the cause and prejudice test must be something external to the prisoner; the prisoner must show that an objective factor external to the defense prevented an effort to raise this claim in the Supreme Court of Alaska – such as being prevented by a state official from mailing a pleading to a court.  *Coleman v. Thompson,* 501 U.S. 722, 753-44, 111 S.Ct. 2546, 2566-67 (1991).  It is manifest that Woodard was not prevented by any external factor from raising this claim in the Supreme Court of Alaska.

Moreover, Woodard has not responded to the state's argument in its motion to dismiss that he had a full and fair opportunity to raise this Fourth Amendment claim in the state courts and failed to do so. As a result, it should not be considered here. *Stone v. Powell*, 428 U.S. 465, 494 & n.37, 96 S.Ct. 3037, 3052-53 & n.37 (1976); *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994); *Woolery v. Arave*, 8 F.3d 1235, 1328 (9th Cir. 1993) (burden on petitioner to show he did not have a full and fair hearing on Fourth amendment claim in state court). Woodard's failure to respond to respondent's *Powell* argument strongly suggests that respondent's claim that this ground should be dismissed is meritorious.

G.    Ground eight

*1.    Exhaustion/procedural bar*

Woodard's *pro se* habeas corpus petition claims that he is entitled to relief because he was shackled. He asserts that the shackling was "in the presence of the jurors," but he *did not* allege that the restraints had in fact been seen by jurors during his trial. [Docket No. 1 at 19-22] Woodard's untimely amended complaint (filed after the statute of limitations had run) added the allegation, never made in state court, that the shackling "was observed and realized by the jury." [Docket No. 33 at 3]

Although he was free to do so, Woodard did not ever assert in state court that the jurors actually saw the restraints. He could have made such a claim in a motion for mistrial, a motion for new trial, or possibly in his application for post-conviction relief. Woodard's failure to make such a claim shows, particularly when viewed in the light of the excellent defense that he received, that the jurors did not in fact see the restraints. But more importantly for present purposes, it establishes that the claims he is making here – that the restraints were visible – is procedurally barred.

(In his petition for hearing, Woodard argued Judge Hunt violated his due process rights by shackling him without notice, hearing, or adequate grounds. [Exh. 6 at 1-4] He argued that Alaska should follow the Ninth Circuit and permit shackling only where there is urgent demand for it – when the trial court is "persuaded by compelling circumstances that some measure [is] needed to maintain the security of the courtroom," and that the trial court must "pursue less restrictive alternatives before imposing physical restraints." [Exh. 6 at 3 (quoting *Jones v. Meyer*, 899 P.2d 883 (9th Cir 1990), and *Spain v. Rushen*, 883 F.2d 713 (9th Cir. 1989))] He also cited *Holbrook v. Flynn*, 475 U.S. 560, 106 S.Ct. 1340 (1986) and *Duckett v. Godinez*, 67 F.3d 734, 738 (9th Cir. 1995). However, he did not claim that the restraints were visible to the jurors.)

The shackling claim in the amended habeas corpus petition asserting that the restraints were in fact visible to and seen by the jurors is not properly exhausted and is procedurally barred. The state does not believe that the *pro se* petition competently alleges that the restraints were visible to the jurors. Woodard, to the contrary, views the statement in his initial *pro se* petition that the shackling occurred in the presence of jurors as alleging that the jurors saw his restraints. [Docket No. 70 at 10]

Under 28 U.S.C. § 2254(d)(1), a prisoner must show that the denial of relief in the Alaska court was contrary to or an unreasonable application of clearly established federal law. Clearly established federal law "refers to the holdings, as opposed to the dicta, of the [United States Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523 (2000). *Accord Carey v. Musladin*, ___ U.S. ___, ___, 127 S.Ct. 649, 653 (2006); *Yarborough v. Alvarado,* 541 U.S. 652, 660-661, 124 S.Ct. 2140 (2004); *Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166 (2003); *Tyler v. Cain,* 533 U.S. 656, 664, 121 S.Ct. 2478 (2001).

In *Deck v. Missouri*, 544 U.S. 622, 125 S.Ct. 2007, (2005), the Court addressed a shackling claim for the first time ever. The Court ruled that "the constitution forbids the use of *visible* shackles during [the guilt and penalty phases of a criminal trial], *unless* that use is justified by an essential sate

interest" such as courtroom security.    544 U.S. at 624, 125 S.Ct. at 2009 (emphasis of word "visible" supplied).  In the course of its opinion, the Court said, "the law has long forbidden routine use of *visible* shackles during the guilt phase" of a criminal trial, and that "[c]ourts and commentators share close to a consensus that, during the guilt phase of a criminal trial, a criminal defendant has a right to remain free of physical restraints that are *visible* to the jury; that right has a constitutional dimension."  544 U.S. at 626, 628, 125 S.Ct. at 2010, 2012 (emphasis supplied).  Accordingly, a defendant had the right not to be tried before a jury wearing *visible* restraints even though the case was tried before *Deck* was decided.  *See Larkin v. Stine*, 431 F.3d 959, 963 (6th Cir. 2005) (so holding).    However, there is no United States Supreme Court decision establishing that a defendant has a constitutional right not to be tried wearing restraints that are not visible.  In other words, the only constitutional due process right a defendant has with respect to restraints is not to be tried wearing *visible* restraints.  *See United States v. Howard*, ___ F.3d ___, No 03-50524 at 3518 (9th Cir., March 27, 2007) (citing *United States v. Collins*, 109 S.Ct. 1413, 1418 (9th Cir. 1997) (rejecting defendant's due process challenge to being chained to table during his trial, reasoning that, "after weighing various alternatives, the [district] court adopted a means of restraint that was not visible to the jury," and concluding that Collins failed to demonstrate prejudice because

there was no evidence that the jury was aware that he was restrained); *Castillo v. Stainer,* 983 F.2d 145, 149 (9th Cir. 1992) (finding that "the court's error in too quickly permitting shackling" was harmless because, "[a]s far as the jury was concerned, the chain was invisible"), amended by 997 F.2d 669 (9th Cir. 1993)).

Since Woodard failed to allege that his shackles were *visible* to the jury in state court, his present claim (including any claim to this effect read into the *pro se* petition) that the restraint were visible is not properly exhausted and procedurally barred. The remaining allegations that Woodard was shackled are valueless at this point because, as has been shown, there is no federal constitutional right that precludes the use of restraints that are not visible.

2.     *The statute of limitations*

The state argued in its answer that the amended shackling claim is barred by the statute of limitations. [Docket No. 49 at 48-49] Woodard has argued in response that the state's claim that the statute of limitations bars the motion is not well-taken.

Woodard first indicates the state has taken the position that his *pro se* petition for habeas relief is late and time barred. [Docket No. 70 at 10-11] Not so. The state's argument is that the amendment of the *pro se* petition should not be permitted because it was filed long after the statute of limitations ran. [Docket No. 49 at 48] When an attempt to amend a habeas petition is made

after the statute of limitations has run, the amendment must relate back to the first claim in order to be considered. *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 2570 (2005).

In his *pro se* petition, Woodard claimed that Judge Hunt erred in *failing to hold a hearing* to determine if jurors were could see or were aware of the shackles before ordering that he be restrained during trial. [Docket No. 1 at 19] The petition claims he would have shown at the *pretrial* hearing that the jurors did see the restraints: "C) that if the Superior Court did hold a hearing, facts would have confirmed . . . that jurors were exposed to or otherwise aware of Woodard's shackles in the courtroom." [Docket No. 1 at 20] (Woodard made no claim in any state court that he could have been able to show that the jurors could see the restraints, much less the Supreme Court of Alaska. Thus, the claim is not properly exhausted and is procedurally barred.)

The amended petition, by way of contrast, alleges that the jury did in fact see the restraints during the trial. [Docket No.33 at 3] Woodard resists the state's motion to dismiss on statute of limitations grounds by claiming that the amended petition rests on the same core of operative facts so that amendment is proper. [Docket No. 70 at 11] But Woodard did not allege in his *pro se* petition that jurors had seen his restraints during trial. In other words, Woodard is alleging new facts concerning what jurors saw at trial. The initial *pro se*

complaint did not involve *any* "operative facts" – merely an allegation that he could have been able to have shown the shackles could be seen at a pretrial hearing.

In sum, Woodard should not be permitted to amend because the amendment adds facts that could not have occurred as of the time of the pretrial hearing. *Mahle*, 125 S.Ct. at 2574 & n.7.

H.    Ground ten

In his *pro se* petition, Woodard claims that the state failed to disclose favorable evidence from William Turlington, an informant, whom he claims could have been shown to be an alternate suspect in the Carrs robbery and murder. Woodard alleges the state failed to disclose Turlington's criminal record, his plea bargain, the favorable treatment he received, and his relationship to VanHousen's father. [Docket No. 1 at 22] He states that this information could have been used at trial as exculpatory evidence, to support his claim that VanHousen and others committed and planned the robbery and murder, and could have led to other admissible evidence. He also alleges that he did not have a full and fair opportunity to present this evidence in state court because Judge Bolger denied a continuance so he could obtain and examine state files that might have the information in them.

In its motion to dismiss, the state argued that Woodard's claim that he did not have a "full and fair" opportunity to present or obtain this evidence on account of Judge Bolger refusing the continuance request was improperly exhausted and is procedurally barred because Woodard did not cite the federal constitution or any federal constitutional right when he asked Judge Bolger for the continuance.  [Docket No. 50 at 16-18 (citing PCR Tr. 4-5, 139-43)]

Woodard mentions the "full and fair" aspect of the claim in his response, but argues he preserved the merits of his claim in state court – that the information should have been disclosed to him.  [Docket No. 70 at 12]  But Woodard has not discussed, much less rebutted the state's argument that the denial of a continuance so that further discovery could occur is improperly exhausted and procedurally barred.

Woodard goes on to state that he preserved the claim that the state violated his federal constitutional right to due process by citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).  Woodard is mistaken as he did not cite *Brady* in his petition for hearing (or in the Alaska Court of Appeals).  [Exhs. 10, 11, 13]

Woodard did, in his petition for hearing, preserve the federal claim that his federal constitutional rights were violated by the failure to disclose favorable treatment provided to the informant Turlington.  [Exh. 13 at 11-12]

This is the only federal constitutional claim that Woodard presented to the Supreme Court of Alaska in his second petition for hearing and the only federal claim related to William Turlington that is properly exhausted and is not procedurally barred.

I.    Ground eleven

Woodard claims that the state unconstitutionally failed to disclose favorable evidence and that he was denied a full and fair opportunity to present this claim in his post-conviction action.  [Docket No. 1 at 24]  He alleges the state failed to disclose Turlington's statement that David VanHousen "set up" the robbery/murder and claims the information could have been used to "in search warrant proceedings, the grand jury, or trial" to exculpate Woodard, impeach VanHousen, and to support his defense that VanHousen committed or planned the murder/robbery; he also claims the information could have led to other admissible evidence and could have been used to impeach the investigation. [Docket No. 1 at 24-25]

Woodard claims again that the denial of his request for a continuance of the post-conviction action so the Turlington files could be retrieved from archives meant that he was not given a "full and fair" opportunity to present this evidence.  [*Id*.]  The claim that Woodard was not given a "full and

fair" opportunity to present this information is procedurally barred as explained in the previous section (H) of this reply.

In his response to the state's motion to dismiss, Woodard claims the information concerning Turlington could have had an impact in many different ways. [Docket No. 70 at 13]  But it was up to Woodard to present a federal constitutional claim in state court concerning exactly how the failure to disclose information violated his federal constitutional right and to properly exhaust it.

The state explained in its motion to dismiss that Woodard's claim that he could have used information from Turlington in challenging the search warrant was not raised in the post-conviction court before Judge Bolger.  In fact, the Alaska Court of Appeals expressly refused to consider the claim as it related to the search warrant proceedings because it was not raised in the post-conviction court.  [Exh. 10 at 4]  The claim that the information could have been used in the grand jury was not raised at all in the post-conviction action. Neither claim was properly exhausted and both claims are procedurally barred. [*See* Docket No. 50 at 18-19]

The only claim that is properly exhausted and not procedurally barred is the claim that the state did not disclose information concerning lenient treatment Turlington received.  [*See* Exh. 13 at 11-12]

J.      <u>Conclusion</u>

It should be noted that Woodard has withdrawn ground twelve. Woodard states that the respondent has not commented on his argument that the evidence at trial shows that he is innocent.  The state's response is that the evidence of Woodard's guilt was overwhelming.  Judge Bryner acknowledged the strength of the state's evidence in his dissent, stating it was "unusually strong" and "undeniably compelling."  [*See* Exh. 5 at 147]

This court should grant the motion to dismiss.

DATED March 29, 2007, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

<u>s/ W. H. Hawley</u>
    Assistant Attorney General
    State of Alaska, Dept. of Law
    Office of Special Prosecutions
        and Appeals
    310 K St., Suite 308
    Anchorage, Alaska 99501
    Telephone: (907) 269-6250
    Facsimile: (907) 269-6270
    e-mail: mick_hawley@law.state.ak.us
    Alaska Bar. No. 6702008

**Certificate of Service**
I certify that on March 29, 2007, a copy of the foregoing Reply to Opposition to Motion to Dismiss on Account of Failure to Exhaust and Procedural Bar was served electronically on Hugh W. Fleischer.
<u>s/ W. H. Hawley</u>