W.H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: william.hawley@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JON ARNOLD WOODARD,               )<br>                                                      )<br>              Petitioner,                      )<br>                                                      )<br>       vs.                                          )<br>                                                      )<br> JOHN CRAIG TURNBULL,         )<br>                                                      )<br>                                                      )<br>              Respondent.                   )<br>_____) | Case No. 3:05-cv-00089- TMB-JDR<br><br><u>OBJECTIONS TO MAGISTRATE<br>JUDGE'S RECOMMENDATIONS</u> |

The state objects as follows:

<u>Ground Two</u>

The Magistrate-Judge cites an unpublished order in *Douglas v. Hyden*, 3:03-cv-221 JWS to hold Woodard exhausted this claim. [Docket No. 75 at 14] But *Douglas* is different. Douglas's petition for hearing to the Supreme Court of Alaska cited a Ninth Circuit decision that analyzed a federal ineffective

assistance claim to support his similar claim. This is sufficient. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).[1] Woodard cited an Alaska case, *Keith v. State*, 612 P.2d 977, 981-84 (Alaska 1980), which mentions a constitutional right to present a defense hypothetically, but *did not reach that issue*. [Exhibit 6 to Docket No. 50 at 13-14] Citation to the hypothetical discussion in Keith was insufficient to fairly present a federal claim. *Cf. Carey v. Musladin*, __ U.S. ___, 127 S.Ct. 649, 652 (2006) ("clearly established federal law" in 28 U.S.C. § 2254(d) refers to holdings of Court, not dicta). *Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004), compels dismissal of ground two; the claim was not fairly presented. *See* Docket No. 50 at 2-5.

Ground Four

The Magistrate-Judge's order fails to discuss the argument that Woodard's citation of *Kuki v. State*, 483 N.E.2d 778 (Ind. App. 1985), was insufficient to exhaust this claim because Kuki's claim (like the claim in *Keith* discussed above) was resolved on state-law grounds and because Woodard failed to tell the Alaska Court that he was raising a federal constitutional claim. The state should prevail for the reasons previously advanced. Docket No. 50 at 7-9.

---

[1] Douglas's petition did identify a claim of prosecutorial misconduct as a federal due process claim and cited federal cases. The state assumes the Magistrate-Judge is not referring to this portion of the *Douglas* order.

2

Ground Five

The Magistrate-Judge concluded the citation of *Bentley v. State*, 397 P.2d 976, 978 (Alaska 1965), raised the admission of the videotaped interview of VanHousen as a federal constitutional claim. [Docket No. 75 at 17] But Woodard never suggested he was raising anything but a state-law evidentiary claim. And *Bentley's* citation of *Asgill v. United States*, 60 F.2d 776, 779 (4th Cir. 1932), to which the Magistrate-Judge adverted, gains Woodard nothing as *Bentley* is a law of evidence opinion and does not discuss any constitutional principle. Woodard's petition to the Supreme Court of Alaska did not give fair notice he was raising a federal claim; it was not a "fair presentation." *Smith v. Schiro*, 2007 WL 779675 *7 (D. Ariz. 2007); *see Howell v. Mississippi,* 543 U.S. 440, 443, 125 S.Ct. 856, 858 (2005) (*per curiam*) (federal constitutional claim was not properly raised (for purposes of 28 U.S.C. 1257(a)) before the state court because petitioner "did not cite the Constitution or even any cases directly construing it, much less any of this Court's cases").

Ground Eight

Woodard told the Supreme Court of Alaska that no jury could have failed to notice his "immobility." [Exh. 6 at 4] The Magistrate-Judge equates this statement with the present habeas claim (that the restraints were *visible* to the jury), calls the state's differentiation of the two claims "specious" (having "deceptive quality or allure"), and concludes the claim is exhausted.

3

The state wholeheartedly disagrees. It is elementary that ***visible*** shackles are the *sine qua non* of a federal habeas claim. *See Deck v. Missiouri*, 544 U.S. 622, 626, 125 S.Ct. 2007, 2011 (2005); *Holbrook v. Flynn*, 475 U.S. 560, 568-69, 106 S.Ct. 1340, 1345-46 (1986) (stating shackling and prison clothing are *unmistakable indications* of need to separate defendant from community, that the *sight* of security force in courtroom might create impression defendant is dangerous, and that the *sight* of guards did not brand defendant with "unmistakable mark of guilt" (emphasis supplied)); *Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 353, 1061 (1970) ("possible that the *sight* of shackles and gags might have a significant effect on jury's feelings" (emphasis supplied)). Woodard's former claim of "immobility" is not the same as a claim that restraints are visible to a jury. *See United States v. Larson*, 460 F.3d 1200, 1214-16 (9th Cir. 2006) (seating of two defendants behind their attorneys during trial did not convey message defendant was guilty; jury could have inferred arrangement served number of purposes).

The Alaska Court of Appeals relied heavily on Woodard's failure to claim the shackles were visible in holding any error was harmless, and also found the jury "did not know" Woodard was shackled. [Exh. 5 at 88-99] (The trial judge did all she possibly could to prevent Woodard's restraints from being visible and Woodard never said in state court that they were *visible*. [*Id.*] During trial, no one stood when the judge entered the courtroom. [*Id.*] Skirting

4


of the tables of both parties prevented any view of the shackles and did not draw attention to Woodard's table.  [*Id.*])

The claim in the petition for hearing that the jury might have noticed Woodard was immobile is not a claim that the shackles were visible and did not amount to a claim of federal constitutional error.  See *Deck*, 544 U.S. at 626; 125 S.Ct. at 2011.  Woodard's experienced attorneys intentionally chose not to claim in state court that his shackles were visible because there was no such evidence.  The present claim that the shackles were *visible* is a new, different, and unexhausted claim.  Woodard is attempting to  "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery,* 474 U.S. 254, 260, 106 S.Ct. 617, 622 (1986); *see Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir.1994).  A habeas petitioner must give the state court "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982).  The claim is barred because Alaska courts had no chance to rule on Woodard's new claim that he was *visibly* shackled.  See *Hemmerle v. Schioro*, 2007 WL 2050945 *8 (9th Cir., July 19, 2007) ("all operative facts to an ineffective assistance claim must be presented to the state courts in order for a [habeas] petitioner to exhaust his remedies"; citing *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000)(petitioner's statement of ineffective assistance of counsel "lacked the specificity and explicitness required for the purported federal constitutional

dimension of such claims to have been 'fairly presented' to the Nevada courts under our precedent"). A holding by this court that Woodard did not exhaust his state court remedies would reflect the true facts. A contrary holding would be grossly unfair to the state and its judges who had no clue Woodard was attempting to claim his restraints were visible to the jury.

Grounds Ten and Eleven

Woodard's Grounds Ten and Eleven are basically the same. He claims (1) the state failed to disclose evidence VanHousen set up the robbery, (2) which fact could have been used in search warrant proceedings, grand jury, at trial to exculpate Woodard and impeach VanHousen, and to show VanHousen committed or planned the robbery, (3) could have been used to impeach state authorities and evidence, and (4) he did not have a full and fair opportunity to present evidence in the state post-conviction action because a continuance, so a state witness could obtain pertinent records, was denied by the Alaska Supreme Court.

The denial of the continuance itself was not raised as a federal claim before the Superior Court or before the Alaska Supreme Court. [Exh. 13 at 14-15] Woodard merely asked for a continuance on state-law grounds so his witness state could obtain its files for Woodard's review concerning the informant. [*Id.*] The Magistrate-Judge states the argument this claim is procedurally barred is a "specious" because Woodard was using the continuance

6

to assert other constitutional rights. [Docket No. 75 at 23-24] The state disagrees. It is elementary that one (unidentified) federal constitutional claim[2] being advanced here is that the continuance was improperly denied. That claim is not exhausted and is procedurally barred. *Baldwin v. Reese*, 541 U.S. 27, 29, 127 S.Ct. 1347, 1349 (2004). See Docket No. 50 at 17-18.

The state agrees two claims were preserved. The state conceded in its reply that Woodard preserved the federal claim that the state should have disclosed its favorable treatment to the informant as this argument was made in the state supreme court.[3] [Docket No. 74 at 16; *see* Exh. 13 at 11-12]

The state also agrees the failure to disclose exculpatory evidence claim based on the alleged failure to disclose that VanHousen "set up" the robbery is preserved as argued at page 9-11 of the petition for hearing[4], but only to the extent that the information might have been exculpatory at trial and as argued in both the court of appeals and the petition for hearing. [Exh. 13 at 9-11] (The Magistrate-Judge properly determined the argument the informant's information could have been used to show the search warrant was invalid is procedurally barred. [Docket No.75 at 25])

---

[2] Woodard's petition here fails to allege a provision of the federal constitution has been violated. [Docket No. 1 at 24] The claim should be dismissed for this reason alone.

[3] The Magistrate-Judge states Woodard cited *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1963), in his state petition. [Docket No. 75 at 24] *Brady* is not in the petition, but other federal cases are cited.

[4] Woodard has not identified the federal constitutional right at issue.

7

DATED July 24, 2007 , at Anchorage, Alaska.

        TALIS J. COLBERG
        ATTORNEY GENERAL

        s/ <u>W. H. Hawley</u>
        Assistant Attorney General
        State of Alaska, Dept. of Law
        Office of Special Prosecutions
        and Appeals
        310 K St., Suite 308
        Anchorage, Alaska 99501
        Telephone: (907) 269-6250
        Facsimile: (907) 269-6270
        e-mail: william.hawley@alaska.gov
        Alaska Bar. No. 6702008

**Certificate of Service**

I certify that on July 24, 2007, a copy of the foregoing **Objections to magistrate judge's recommendation** was served electronically on **Hugh Fleisher**.

        <u>s/</u> W.H. Hawley