IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JON WOODARD | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN CRAIG TURNBULL | ) |
| | ) |
| Respondent. | ) |
| _____ | ) CASE NO:3-05-0089-CV (TMB) |

**MEMORANDUM IN RESPONSE TO**

**MAGISTRATE JUDGE'S RECOMMENDATION**

Petitioner, Jon Woodard, through his attorney Hugh W. Fleischer, hereby files his Response to the Magistrate Judge's Recommendation regarding Woodard's Petition for Habeas Corpus.

In reply to the first twelve and one-third pages of the Recommendation, Mr. Woodard denies the alleged statements of fact contained therein. Mr. Woodard insists that he is innocent of charges for which he was convicted.

Mr. Woodard will address Grounds 6, 7 and 11.

**Ground six**. As previously stated, this claim concerns alleged Fourth Amendment unconstitutional searches and

seizures by State and Federal authorities. In response to this Court's invitation to provide additional particulars regarding the proceeding:

Mr. Woodard does contend that the Recommendation's Findings overlook that the State did mislead the search warrant court re:

1) That David Van Housen's had status as a citizen informant;
2) That Van Housen was an agent of the State, notwithstanding that certain aspects of his statements minimized some of his involvement. Van Housen did however make numerous lies about Mr. Woodard and, therefore, his mendacity was a basis for suppressing the warrant(s);
3) That the State made material misstatements and omissions in regard to Defendant X (a/k/a William Turlington)
4) That Mr. Woodard did not have a full and fair opportunity to a **Franks v. Delaware**, 438 U.S. 154 (1978) hearing to present evidence, which fact was not disclosed to the search warrant court.

Additionally, the Recommendation determined that because of the different standard in the Federal government re search warrants compared with **State v.**

*Glass*, 583 P.2d 872 (Alaska 1982) that Woodard's Fourth Amendment ground is not cognizable under § 2254. However, Mr. Woodard does challenge the physical evidence that was seized under warrants and was admitted at the trial, as well. In regard to the recommended rejection of this claim under *Stone v. Powell*, 428 U.S. 465 (1976) this Court should be mindful of the recent U.S. Supreme Court case of *Wallace v. Kato*, 127 S. Ct. 1091, 1099; 166 L.Ed. 2d 973, 985; 2007 U.S. Lexis 2650(2007) in which the Court noted that:

> Under *Stone*, Fourth Amendment violations are generally not cognizable on federal habeas, but they are cognizable when the State has failed to provide the habeas petitioner 'an opportunity for full and fair litigation of a Fourth Amendment claim.'… Federal habeas petitioners have sometimes succeeded in arguing that Stone's general prohibition does not apply. See, e.g. *Herrera v. LeMaster*, 225 F.3d 1176, 1178 (2000), aff'd on this point, 301 F.3d 1192, 1195, n. 4 (10th Cir. 2002)(en banc); *United States ex rel. Bostick v. Peters*, 3 F.3d 1023, 1029 (7th Cir. 1993)…see also, 2 R. Hertz & J. Liebman, Federal Habeas Corpus Practice and Procedure §§ 27.1-27.3, pp. 1373-2389 (5th ed. 2005).

The Court is also directed to the case of *Anderson v. Calderon*, 232 F.3d 1053, 1068 (9th Cir. 2000), in which the Court held as follows:

> Ordinarily, *Stone v. Powell*, would require that we not hear this claim in a federal habeas

3

corpus proceeding because it arises from the Fourth Amendment…. Here, however, and primarily because this particular Fourth Amendment claim did not even exist until years after Anderson's arrest and trials, we conclude that he did not benefit from the 'opportunity for full and fair litigation' of it in California courts to which he was entitled.

Further, in the case cited in the ***Wallace v. Kato*** Supreme Court decision, ***United States ex rel. Bostick v. Peters***, 3 F. 3d 1023, 1026 (7th Cir. 1993), the Court stated:

> The [***Powell***] Court determined that, where the state courts have addressed a defendant's Fourth Amendment claim., the costs of applying the exclusionary rule on collateral review outweigh the modest benefit of marginally deterring future Fourth Amendment violations. …The essential premise in the Court's analysis was the presumption that state courts take Fourth Amendment claims seriously. For if the state courts do not adequately address these claims, the benefits associated with collateral review are not 'marginal.' Indeed, if Fourth Amendment claims fall on deaf ears in the state courts and defendants are then precluded from raising their claims on collateral review, the efficacy of the exclusionary rule in deterring future Fourth Amendment violations would be undermined.

Based on the above, Mr. Woodard believes that he has made a showing as to why he deserves an evidentiary hearing on the illegal searches and seizures.

**Ground seven**. The Alaska Supreme Court denied the Petition for Hearing from the Alaska Court of Appeals on September 17, 1999. On September 30, 1999, the United States

4

District Court entered its discharge of the conviction under 18 USC § 924 (c).  So it was not possible for petitioner to have advised the State Court of the development that occurred after the highest Court in Alaska had ruled finally.

Mr. Woodard reasserts that such specific facts constitute sufficient cause and prejudice under the authority of *Wainright v. Sykes*, 433 U.S. 72, 86-87 (1977).

**Ground 11**.  The Recommendation at page 25 states: "As the respondent deftly points out, Woodard did not raise the search warrant issue in his post-conviction proceeding before Judge Bolger, and the Alaska Court of Appeals expressly refused to consider the claim for that reason."

This determination by the Magistrate Judge overlooks that fact that Mr. Woodard's then counsel, Leslie Hiebert, did request a continuance for additional discovery (as referenced in the Ground 10 discussion in prior filings) and there was a "Supplemental Briefing in Support of Post-Convictions Relief, dated January 30, 2002, prior to Judge Bolger's order, which states, " Dave Van Housen was presented at the search warrant proceeding as being innocent of involvement.  If the information that Van Housen set up the robbery and that was not reported to the judge at the search warrant proceedings, there is a significant failure in communicating all the state knew concerning Turlington."

Hence, there was a reasonable effort to present the issue. This effort was made notwithstanding the lack of the Turlington file to make a full presentation. The issue was preserved by petitioner to the Alaska Court of Appeals and the Alaska Supreme Court. Therefore, the grand jury claim should be heard on its merits.

### CONCLUSION

For the reasons set out above, the petitioner respectfully requests That this Court allow the Mr. Woodard's request for relief set out herein and for the other relief set out in prior filings.

DATED at Anchorage, Alaska, this 25th day of July, 2007.

LAW OFFICES OF HUGH W. FLEISCHER
Attorney for Petitioner


By:\_\_\_\_S/Hugh W. Fleischer\_\_
Hugh W. Fleischer
AK Bar # 7106012
Law Offices of Hugh W. Fleischer
310 K. Street, Suite 200
Anchorage, AK 99501
(907) 264-6635
(907) 264-6602 (fax)
hfleisch@aol.com

9114.1/554

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of July, 2007, a true copy of the foregoing was delivered electronically to the following counsel:

W. H. Hawley, Jr.
Office of Special Prosecutions and Appeals
310 K. St., Suite 308
Anchorage, AK 99501


S/ Hugh W. Fleischer