W.H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: william.hawley@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JON ARNOLD WOODARD, ) | |
| ) | |
| Petitioner, ) | Case No. 3:05-cv-00089- TMB-JDR |
| ) | |
| vs. ) | |
| ) | RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS |
| JOHN CRAIG TURNBULL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The state responds to Woodard's objections as follows:

<u>Ground Six</u>:  Woodard claims that his conviction was obtained by the use of evidence gathered by illegal searches and seizures on the theory that the police were responsible for intentional and reckless misrepresentations in warrant applications.  The state has argued (1) Woodard did not identify any provision in the federal

1

constitution that was violated, (2) Woodard had a full and fair opportunity to litigate this claim, that (3) the federal constitution does not bar the admission of one-party consent recordings, and (4) the claim was improperly exhausted as Woodard was claiming state, not federal, constitutional error under *State v. Malkin*, 722 P.2d 943 (Alaska 1986). Docket No. 49 at 37-41; Docket No. 50 at 10-15.

The Magistrate-Judge ruled that the claim is barred because Woodard had a full and fair opportunity to present this claim in state court. *Stone v. Powell*, 428 U.S. 465, 98 S.Ct. 3037 (1976) [Docket No. 75 at 17-20] Woodard's objection argues in part that the Alaska courts erred in concluding (1) the state did not mislead the judge who issued the warrant, (2) VanHousen was not a state agent, (3) the state made material misrepresentations regarding the informant, Turlington, and (4) that Woodard did not have a full and fair opportunity to present evidence relating to Turlington in state court as he was unaware of it. [Docket No. 83 at 2]

The first two assertions are mistaken. Woodard fully litigated these claims in state court.

The third and fourth assertions regarding information about Turlington which Woodard claims he was unaware of at the time of the state suppression hearings gains him nothing. He did not timely

2

claim in state court that information about Turlington would have affected the search warrant proceedings so the issue is procedurally barred. *See* Docket No. 75 at 25-26.

Woodard then quotes from various court decisions as if to suggest that his search and seizure claims should be considered anew because he did not have a full and fair *opportunity* to argue them in state court. [Docket No. 83 at 3-4] But, as shown by the decision of the Alaska Court of Appeals, he had an ample opportunity to litigate this claim. Exh. 5 at 10-13, 50-61. Unfortunately for Woodard, his factual allegations were inadequate to qualify him for an evidentiary hearing.

The requirement of a preliminary showing as a prerequisite to an evidentiary hearing in Alaska courts on a *Franks* or *Malkin* claim does not make Alaska's procedure for resolving this Fourth Amendment claim less than full and fair. Federal courts, like Alaska, require a substantial preliminary showing as a prerequisite to a *Franks* hearing. *United States v. Napier*, 436 F.3d 1133, 1138 (9th Cir. 2006); *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004). Woodard also asserts that he is entitled to an evidentiary hearing. The state disagrees on the merits and because he has not made a timely request for one. *See, e.g., Schriro v. Landrigan*, ___ U.S. ___, 127 S.Ct. 1933,

1943-44 (2007) (upholding denial of evidentiary hearing when preliminary showing was inadequate); Docket No. 2 at 4.

Ground Seven:  Woodard argues firearms seized from his home should have been suppressed because they were not actively used in connection with a drug offense.  He claims he didn't make a timely claim because the decision of the Court he relies upon was not decided until days after his first petition for hearing was denied.  But he obviously could have made the claim in the post-conviction action.

Ground Eleven:  The Magistrate-Judge concluded Woodard was procedurally barred from litigating the claim that the search warrants are bad because more information about Turlington would have enabled him to show VanHousen lied at the warrant hearing. Woodard did not make this claim in the state post-conviction trial court and the Alaska Court of Appeals rejected the claim for this reason. [Docket No. 75 at 25-26; Exh. 12 at 4]  Woodard quotes a portion of an isolated passage from a single pleading he filed in the post-conviction action to show he raised this issue.  [Docket No. 83 at 5]

This court has the discretion to refuse to consider this new evidence.  *United States v. Howell*, 231 F.3d 615, 621-23 (9th Cir. 2000) *See* Docket No. 75 at 27.  *Howell* is apropos as the failure to bring this pleading to the attention of this court in a timely manner is wholly

4

unexcused and prejudices the state's ability to respond as the statement cannot now be seen in the context of all the other post-conviction pleadings, including, in particular, Woodard's application for post conviction relief, which does not allege the information would have led to the suppression of any evidence and was not amended. [Exh. A]

Further, the isolated and incomplete sentences Woodard quotes from one of several pleadings he filed do not show that the Alaska Court of Appeals erred in concluding Woodard had not asserted Turlington's information would have affected the claim that VanHousen had lied at the warrant hearing. The cited sentences are, in context, an afterthought or perhaps an aside. The essential thesis of the pleading is that the information about Turlington would have made a difference at trial, not at the suppression hearing. [Exh. B] Further, Judge Bolger's comprehensive decision does not consider this claim, and Woodard did not request reconsideration because the judge failed to consider this claim. [Exh. C] Finally, as best shown (at this point) by the state's response to Woodard's petition for hearing, Woodard did not present the transcripts of the search-warrant proceedings to Judge Bolger and no one testified about the warrant applications at the post-conviction evidentiary hearing. [Exh. D at 10-11] Woodard's failure to file the transcripts and the failure to present any relevant testimony

5

made it impossible for him to argue meaningfully to Judge Bolger that the Turlington information would have affected the decision to issue the search warrants and shows he was not in fact making that claim.

In short, the passage Woodard has partially quoted is not "clear and convincing evidence" that overcomes the applicable presumption of correctness that the contrary finding of the state appellate court – that Woodard did not make the claim at issue – is correct. 28 U.S.C. § 2254 (c)(1); *see Bragg v. Galaza* 242 F.3d 1082, (9th Cir. 2001) (applying presumption of correctness to analogous finding of appellate court and citing *Sumner v. Mata,* 449 U.S. 539, 546-47, 101 S.Ct. 764 (1981)).  Notably, Woodard's experienced and able attorney, Christine Shleuss, did not file a motion for reconsideration on this point in the Alaska Court of Appeals.

                TALIS J. COLBERG
                ATTORNEY GENERAL

                   s/ W. H. Hawley
                  Assistant Attorney General
                  State of Alaska, Dept. of Law
                  Office of Special Prosecutions
                   and Appeals
                  310 K St., Suite 308
                  Anchorage, Alaska 99501
                  Telephone: (907) 269-6250
                  Facsimile: (907) 269-6270
               e-mail:william.hawley@alaska.gov
                  Alaska Bar. No. 6702008

## Certificate of Service

I certify that on August 2, 2007, a copy of the foregoing Response to petitioner's objections to Magistrate Judge's recommendations was served electronically on **Hugh Fleisher**.

<u>s/</u> **W.H. Hawley**