IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JON WOODARD | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     vs. | ) |
| | ) |
| JOHN CRAIG TURNBULL | ) |
| | ) |
|     Respondent. | ) |
| _____ | ) CASE NO:3-05-0089-CV (TMB) |

**MEMORANDUM IN RESPONSE TO RESPONDENT'S
OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION**

Petitioner, Jon Woodard, through his attorney Hugh W. Fleischer, hereby files his Response to the Respondent's Objections to the Magistrate Judge's Recommendation regarding Woodard's Petition for Habeas Corpus.

Mr. Woodard will address Grounds 2, 4, 5 and 8.

**Ground two**.  Mr. Woodard believes that Magistrate Judge Roberts was correct in the Court's Recommendation on this Count.  Woodard properly exhausted his remedies by citing ***Keith*** and ***Chambers.***  The Respondent is mistaken in stating that Judge Roberts relied on the ***Douglas*** order.  Rather, the Court relied on ***Castillo***.  This case and other Ninth Circuit

cases hold that "for the purposes of exhaustion in the context of a habeas corpus petition, a citation to a state case analyzing such an issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). In addition, the Respondent does not address that Judge Roberts held that Petitioner's citation to *Chambers v. Mississippi* was, in and of itself, sufficient for exhaustion. It also should be noted that a recent case in the Ninth Circuit hold that as long as a petitioner provides a state supreme court with the opportunity to read or pass on federal issues not included in the actual brief but contained in an appendix or in a separate motion, the exhaustion requirement is satisfied. *Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005)

**Ground four**. Again, the Recommendation by Magistrate Judge Roberts was correct in determining that Woodard properly exhausted his remedies by citing *Kuki v. State*, 483 N.E. 2d 788 (IN App. 1985), a state court case which analyzed a federal constitutional issue. The Respondent has contradicted himself in regard to this case, having argued that *Kuki* was not "resolved" on federal grounds, so that, per the Respondent, it is insufficient for exhaustion purposes. (Dkt. 82, p.2) However, the Respondent acknowledged that *Kuki* is based not only federal constitutional law, but also on the non-constitutional principle of Indiana law." (Dkt.

2

50, p. 7)  It should be noted that *Kuki* relies on two federal cases, ***U.S. v. Wade***, 388 U.S. 218 (1967) and ***Chambers v. Mississippi***, 410 U.S. 284 (1973).

**Ground 5**.  The Recommendation was correct in regard to exhaustion of remedies, based upon ***Bentley v. State***, 397 P.2d 967 ( Alaska 1965), which cited ***Gordon v. United States***, 344 U.S. 414 (1953) and ***Asgill v. United States***, 60 F.2d 776 (4th Cir. 1932) and, as determined in the Recommendation, that a citation to a state case that, in turn, relies on a federal case for a constitutional claim satisfies the exhaustion requirement.  As this Court determined, "***Asgill*** is clearly a case of constitutional dimension." (Dkt. 75, p.17)

**Ground 8**. The Recommendation was again correct that exhaustion of remedies was met. The Respondent challenges the word "immobility" in its Objections to the Recommendation (Dkt. 82, p. 4).  Whereas, in the Respondent's Motion to Dismiss (Dkt. 50, pp.15-16), he did not even address this semantic-type argument.

The federal claim that jurors were exposed to and aware of Mr. Woodard's shackles, which immobilized his condition, was fairly presented to the Alaska state courts.  See Respondent's Exhibit 3, pp. 114-115; Exhibit 5 @ pp. 45-46, 88-98 and 137-147; Exhibit 6 @ pp. 1-3; and the initial

petition for writ of habeas corpus, filed April 27, 2005, p. 6.

The Respondent attempts to capitalize the trial court's arbitrary denial of a hearing which precluded the petitioner from a full and fair opportunity to present all pertinent facts to the trial court. Further, the Respondent alludes to Judge Mannheimer's unreasonable "harmless error" ruling under ***Chapman v. California***, 386 U.S. 18 (1967) and the unreasonable determination of the factual as to what the jurors could or could not see when the record lacks specificity as to what the jurors may have actually seen.

Although petitioner's affidavits appended to the amended habeas petition show that the jurors observed Woodard's shackled and immobilized condition and Alaska Court of Appeals Judge Bryner found, based on the existing record that jurors were exposed to or were or were otherwise aware of his shackled condition in the courtroom, this case clearly would benefit from further factual development at an evidentiary hearing. The Ninth Circuit Court of Appeals has held that to require the defendant to show prejudicial shackling without a hearing is error. ***Parrish v. Small***, 315 F.3d 1131, 1134 (9th Cir. 2003) See, ***Dyas v. Poole***, 317 F.3d 934, 936-937 (9th Cir. 2003).

The Respondent has recognized the efficacy of Petitioner's

argument regarding the shackling in its Exhibit 5, p. 139, in which it was stated, "The State…is simply requesting the defendant unshackled [to] not violate the defendant's right to be presented to the jury with an appearance of dignity and decorum in keeping with the presumption of innocence."

## CONCLUSION

For the reasons set out above, the petitioner respectfully requests That this Court allow the Mr. Woodard's request for relief set out herein and for the other relief set out in prior filings.

DATED at Anchorage, Alaska, this 3rd day of August, 2007.

```
                    LAW OFFICES OF HUGH W. FLEISCHER
                       Attorney for Petitioner



               By:_____S/Hugh W. Fleischer
                       Hugh W. Fleischer
                       AK Bar # 7106012
                       Law Offices of Hugh W. Fleischer
                       310 K. Street, Suite 200
                       Anchorage, AK 99501
                       (907) 264-6635
                       (907) 264-6602 (fax)
                       hfleisch@aol.com
```

9114.1/554

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of August, 2007, a true copy of the foregoing was delivered electronically to the following counsel:

W. H. Hawley, Jr.
Office of Special Prosecutions and Appeals
310 K. St., Suite 308
Anchorage, AK 99501


S/ Hugh W. Fleischer