**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JOHN ARNOLD WOODARD,<br><br>                Petitioner,<br>     vs.<br><br>JOHN CRAIG TURNBULL,<br><br>                Respondent. | 3:05-cv-00089-TMB-JDR<br><br>**FINAL RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS CERTAIN CLAIMS**<br><br>(Docket No.50) |

       The Magistrate Judge has reviewed the parties respective objections to his initial recommendation, and their respective responses thereto. (Docket Nos. 82, 83, 87, 88). Nothing in said briefing would cause the Magistrate Judge to modify his recommendation that the respondents motion to dismiss claims two, four, five, six, eight, ten, eleven, and twelve of Mr. Jon Arnold Woodard's petition for writ of *habeas corpus* be granted in part and denied in part. A few comments, however, are in order. Each claim shall be taken up in order.

**1. Ground Two**

       The respondent urges that the recommendation errs in relying on *Douglas v. Hyden,* 3:03-cv-221-JWS to hold Woodard exhausted ground two of his petition. *Douglas* relied on *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). According

1

to the respondent, *Douglas* is distinguished from the instant case because Douglas' petition to the Supreme Court of Alaska cited a Ninth Circuit case that analyzed a federal ineffective assistance of counsel claim to support his similar claim. Whereas, the respondent continues, "Woodard cited an Alaska case, *Keith v. State,* 612 P.2d 977, 981-84 (Alaska 1980), which mentions a constitutional right to present a defense hypothetically, but *did not reach that issue*." Curiously, the respondent then cites a case of the United States Supreme Court and a case of the Ninth Circuit Court of appeals for propositions which – while in and of themselves are accurate – are inapposite here. The respondent cites *Carey v. Musladin,* _ U.S. _ S.Ct. 649, 652 [653] (2006) for its holding that clearly established federal law in habeas refers to holdings of a court , not dicta.[1]

Apparently, much of the initial recommendation was lost on the respondent. It noted that *Keith* specifically referenced the Sixth Amendment and the case of *Chambers v. Mississippi,* 410 U.S. 284 (1973). As discussed in the recommendation: "In *Jerry Lee Douglas v. Superintendent Zee Hyden,* 3:03-221-cv-JWS docket No. 95 at p.4, Judge Sedwick cited *Castillo* in holding that a citation to a federal case "involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion." Therefore, the Magistrate Judge follows *Castillo*. Since *Keith* specifically references the Sixth Amendment in reference to its discussion of the rights to confrontation, due process and compulsory process, Woodard's claims were properly presented to the Alaska Court of Appeals in this regard. *See Keith* 612 P.2d at 982. Moreover, under this view of satisfaction of the exhaustion requirement,

---

[1] The respondent cites *Carey v. Moore,* 386 F.3d 876, 912 n.13 (9th Cir. 2004). In *Carey* the Supreme Court reversed the Ninth Circuit holding that the habeas petitioner was not inherently prejudiced when spectators wore buttons depicting murder victims. The cited footnote in *Carey* explains that a federal habeas petitioner's citing to a state case discussing both state and federal claims with no textual mention of a federal claim in his brief on the relevant issue does not fairly present in the state court of appeals the federal claim asserted in the federal habeas proceeding. This is not analogous to Woodard's second ground asserted for habeas relief.

his passing reference to *Chambers* is fairly inferred to buttress a federal claim fairly presented." Regarding ground two, the respondent's objections are not well taken.

**2. Ground Four**

Here, the respondent objects: "The Magistrate-Judge's order [recommendation] fails to discuss the argument that Woodard's citation of *Kuki v. State,* 484 N.E. 778 (Ind. App. 1985) was insufficient to exhaust this claim because Kuki's claim (like the claim in *Keith* discussed above) was resolved on state-law grounds and because Woodard failed to tell the Alaska Court that he was raising a federal constitutional claim. As the recommendation stated, the only distinction between grounds two and four is that the exhaustion argument for ground two is based on an Alaska case and ground four is based on an Indiana case. Under *Castillo* this is a distinction without a difference because both cases relied on federal case law directly interpreting the Constitution Of The United States. Ergo, the objections regarding ground four are not well taken.

**3. Ground Five**

The respondent objects to the recommendation's conclusion that the petitioner did cite to a case of constitutional dimension – *Asgill v. United States,* 60 F.2d 776, 779 (4th Cir. 1932) – through citation to *Bentley v. State,* 397 P.2d 976, 978 (Alaska 1965). It is not necessary to reiterate the recommendation's discussion on this point. Based on the previously discussed *Castillo* analysis, and the court's reading of Woodard's petition to the Alaska Supreme Court, the court finds no merit in the respondent's objection regarding ground five.

**4. Ground Six**

Woodard objects to the recommendation's conclusion that he was not denied a full and fair opportunity to litigate his Fourth Amendment search and seizure claim in Alaska State Court, and is therefore barred from raising that claim here. *See*

*Stone v. Powell,* 428 U.S. 465, 481- 482 (1976). Woodard's objections reargue his brief. His citation/quotation of a string of cases, including *Wallace v. Kato,* 127 S.Ct. 1091, 1099 (2007)**,** bring nothing new to the issue. Woodard's objections as to ground six are without merit.

**5. Ground Seven**

Woodard's objection regarding ground seven is strictly a restatement of his initial argument. The objection is without merit. Nothing more need be said.

**6. Ground Eight**

Here, the respondent objects to the recommendation's conclusion that when Woodard argued to the Alaska Supreme Court "No jury could have failed to notice his immobility", he plainly presented his claim that the jurors saw him shackled. According to the respondent, the recommendation equates this statement with claiming the shackles were visible. As discussed in the recommendation, the gist of the ground eight was sufficiently presented so as to satisfy the exhaustion requirement. Notably, the respondent does not object to the recommendation's conclusion that ground eight is not barred by the statute of limitations. The objections to ground eight are without merit.

**7. Grounds Ten and Eleven**

Next, the respondent objects to the conclusion that ground ten was exhausted and that ground eleven was exhausted in part. The respondent does not object to the conclusions that parts of ground eleven are barred; however, Woodard does so object. The parties objections only reargue their previous arguments and bring nothing new to the issue. The parties respective objections regarding the recommendation's conclusions as to grounds ten and eleven are without merit.

Finally, it is noted that Woodard objects to "the first twelve and one-third pages of the Recommendation" . . . . and "Mr. Woodard denies the alleged statement of fact contained therein." Woodard has mis-read the recommendation. It did not include

a so called "statement of fact". Rather, it set forth "THE EVIDENCE AT TRIAL". To this, Woodard offers no objection.

## CONCLUSION

For the foregoing reasons the Magistrate Judge declines to modify his recommendation that the respondent's motion to dismiss for failure to exhaust at docket No. 50 should be **GRANTED in part and DENIED in part**. The motion should be granted as to grounds six, seven, and twelve. The motion should denied as to grounds two, four, five, eight, and ten. Concerning ground eleven the claims contained therein concerning the Fourth Amendment and grand jury proceedings should be dismissed, and the other claims should be litigated on their merits.

DATED this <u>16th</u> day of August, 2007, at Anchorage, Alaska.

       /s/ John D. Roberts
      JOHN D. ROBERTS
      United States Magistrate Judge