(Rev. 7/87) Affidavit for Search Warrant 

# United States District Court

_____ DISTRICT OF __ALASKA__ _____

In the Matter of the Search of

(Name, address or brief description of person, property or premises to be searched)

801 Airport Heights, Space 218
Anchorage, Alaska  99508
a white house trailer with
detached storage area

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER: A92-141 MJ

I __Philip Niedringhaus__ being duly sworn depose and say:

I am a(n) __Special Agent, Federal Bureau of Investigation__ and have reason to believe
            Official Title

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

801 Airport Heights, Space 218, Anchorage, Alaska, described as a white
house trailer, including detached stoarage area and area underneath
the trailer,

in the _____ District of __Alaska__
there is now concealed a certain person or property, namely (describe the person or property to be seized)

See attachments A, B and C, inclusive, which are incorporated herin by
this reference,

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence of the commission of criminal offenses or property designed or
intended for use or which is or has been used as the means of committing
criminal offenses
concerning a violation of Title __18__ United States code, Section(s) 1951, 1956, 922 and 924;
The facts to support a finding of Probable Cause are as follows:   21 U.S.C. § 841; and
                                                                    31 U.S.C. §§ 1523 and 1524

See affidavit of Special AGent Philip Niedringhaus, which is incorporated
herein by this reference.

Continued on the attached sheet and made a part hereof.    ☒ Yes  ☐ No

_/s/ Philip Niedringhaus_
Signature of Affiant

Sworn to before me, and subscribed in my presence

__June 19, 1992__ __4:10 p.m.__ at __Anchorage, Alaska__
Date                                    City and State

HARRY BRANSON, U.S. MAGISTRATE JUDGE  X _/s/_

**EXHIBIT 16
PAGE 1 OF 6**

0304

## AFFIDAVIT

I, PHILIP NIEDRINGHAUS, Special Agent, Federal Bureau of Investigation (FBI), Anchorage, Alaska, being first duly sworn, upon oath, depose and say:

1. I am a Special Agent (SA) of the FBI and have been so employed since July 1991 during which time I have been assigned the investigation of criminal matters within the jurisdiction of the FBI.

2. The facts or circumstances which are cited in this affidavit are familiar to me through my direct participation in this investigation.

3. On June 8, 1992, a Loomis Armored Carrier guard was shot and killed during a robbery at the Carrs Grocery Store located at 1600 West Northern Lights Boulevard, Anchorage, Alaska. I became actively involved in the investigation to gather evidence relating to violation of 18 U.S.C. § 1951 along with the Anchorage Police Department which is gathering evidence relating to potential state criminal charges.

4. On June 18, 1992 a State of Alaska search warrant was executed on Jon Arnold Woodard's residence, a house trailer located at 801 Airport Heights, space 218, Anchorage, Alaska, 99508. The purpose of the warrant was to obtain evidence related to the robbery/homicide investigation initiated on June 8, 1992.

5. During the search of Woodard's residence evidence of marijuana production and distribution was discovered and seized along with several weapons including (1) a MAC 10 machine

EXHIBIT 16
PAGE 2 OF 6
305

pistol with magazine in a plastic case, .45 caliber, serial number 452206; (2) a Glock semi-automatic pistol, 9 mm., serial number AAC911US, in a nylon holster with a loaded magazine; (3) a 12 gauge semi-automatic street sweeper shotgun, serial number SH14819 in a white foam box; (4) a 9 mm. pistol, serial number 53217, manufactured by Cabuanday with a loaded magazine; and (5) a semi-automatic pistol model P380, .380 caliber, serial number AP0574517, with a loaded magazine in the gun. The loaded firearms were in close proximity to a trap door under which Woodard had secreted the marijuana and related growing equipment.

6. A reliable source of information has disclosed that Woodard also has had a concealed firearm on his person while in possession of cocaine.

7. Jon Arnold Woodard is the holder of a class 1 federal firearms license (FFL) pursuant to 18 U.S.C. § 923 and lists 801 Airport Heights, Space 218, Anchorage, Alaska as his place of business.

8. United States Treasury Department regulations mandate that persons holding an FFL must maintain records and documentation of firearms bought, sold or traded at their place of business. These records should disclose which, if any, firearms were ever obtained for purported business purposes and which firearms in Woodard's possession were for other than purportedly legitimate business purposes. Such records should also provide evidence of whether or not Woodard's use of his FFL

was in violation of the provisions of Chapter 44 of Title 18, United States Code.

9.  During the commission of the robbery/homicide on June 8, 1992, the perpetrator extended his arms over a six foot, two inch high door, and while suspended off the ground by his arms, worked the action of a semi-automatic handgun and fired a single shot which struck the armed guard in the head from a distance of approximately 15 feet.

10. Also discovered during the June 18, 1992 search of Woodard's residence were items that indicated a propensity or preoccupation with guerilla tactics, mercenary/survivalist techniques and tactics, and police equipment and paraphernalia. Some of these items were (1) a Kevlar battle helmet with "Police" across the front; (2) Kevlar body armor; (3) military battle dress utility clothing; (4) assorted knives; (5) a gas mask; (6) books and magazines related to mercenary/survivalist gorilla style combat tactics; (7) police badges and identification; (8) a false identity preparatory to allow Woodard to possess automatic weapons with a raised Treasury Department seal on it; (9) multiple weapons and ammunition; and (10) two pairs of coveralls with APD on the front, POLICE across the back, Anchorage Police patches on the shoulders and flex-cuffs in the pockets. These coveralls along with gloves and ski masks were hidden in a duffel bag under the residence, accessible only by a hidden trap door. These and similar items are probative of identity, intent and modus operandi.

3

EXHIBIT 16
PAGE 4 OF 6   0307

11.   Taken during the June 8, 1992 robbery of Carrs Store was $54,358.00 in cash, $75,039.99 in personal Carrs' customer checks, $2,368.00 in redeemed food stamps and $964.53 in bank drafts.  Following the robbery over $15,000 in cash was obtained from the residence of an associate of Woodard's.  The configuration of the cash is consistent with the packaging used by Carrs.  I am also aware that after June 8, 1992, Woodard purchased a large-screened television worth approximately $3,000, four new automotive tires for approximately $325.00 and came into possession of several expensive firearms.  Woodard was seen entering several banking institutions after June 8, 1992. Woodard is currently receiving unemployment.  Financial records may show the accounting of legitimate funds available to Woodard to make such purchases and also negate legitimate sources of funds, and funds available to him.  Financial transactions with the proceeds of specified unlawful activities (including violations of 18 U.S.C. § 1951) are unlawful under 18 U.S.C. §

\\
\\
\\
\\
\\
\\
\\
\\
\\

4

EXHIBIT 16
PAGE 5 OF 6    0308

1956 when conducted to conceal the source of such proceeds, avoid transaction reporting requirements or to promote the unlawful activities.

FURTHER AFFIANT SAYETH NAUGHT.

_____
PHILIP NIEDRINGHAUS

SWORN AND SUBSCRIBED to before me this ___19___ day of June, 1992, at Anchorage, Alaska.

_____
UNITED STATES MAGISTRATE JUDGE

5

EXHIBIT 16
PAGE 6 OF 6
0309