IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

STATE OF ALASKA,                )
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
JON WOODARD,                    )
                                )
          Defendant.            )
_____)
Case No. 3AN-S92-5238 CR.

## AFFIDAVIT OF LIEUTENANT JAY V. YAKOPATZ

### CERTIFICATION

__x__ This document and its attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

_____ This document or an attachment contains confidential information that may be placed in a court file under an exception listed in AS 12.61.130(b). This information appears at _____. This document and its attachments do not contain the name of a victim of a crime listed in AS 12.61.140.

STATE OF ALASKA        )
                       )ss.
THIRD JUDICIAL DISTRICT)

I, Lieutenant Jay V. Yakopatz, being first duly sworn, deposes and states as follows:

1. I am currently commander of the Anchorage Judicial Services for the Alaska State Troopers.

2. I have over twenty-five (25) years experience as an Alaska State Trooper with tours of duty in urban and rural enforcement, investigations, warrant and fugitive units, as judicial services statewide commander, and as a detachment commander.

EXHIBIT 18
PAGE 1 OF 5
0360

3. As a result I have made over a thousand (1,000) personal arrests and have transported and guarded even more people in custody.

4. I have reviewed the above-named defendant's Motion for Protective Order: Appearance of Custody, and Supporting Points and Authorities (P-2).

5. In paragraph 4-A of the defendant's motion he requests that he be transported to the court house before or after the jurors are likely to arrive, and be transported from the court house after the jurors have left. The judicial court service officers already work staggered shifts to accommodate such needs, and it is anticipated that currently assigned hours are such that the defendant will be transported before the jurors are likely to arrive in the morning. The return trip to the corrections facility in a high profile case such as this is usually accomplished while the jury is still in the jury room or has departed the court building.

6. The defendant is also requesting that he be transported in an unmarked vehicle. All judicial service vehicles are unmarked, but have obvious security screens, while the vans and buses we use have dark tinted windows.

7. The defendant is also requesting that he not be transported with other prisoners who are physically restrained and/or dressed in prison clothes. There are insufficient court service officers available due to existing vacant positions to ensure that the defendant can always travel alone.

EXHIBIT 18
PAGE 2 OF 5
0361

8. The defendant is also asking that the transport vehicle be parked as close to the court house as possible and that he be taken as quickly as possible through a door other than the one used by jurors and members of the public, and one which is not in view of doors used by jurors and members of the public. The east entry to the security corridor is behind barricades and it is our standard procedure to park as close to the side of the building as opening the doors of both vehicle and structure will allow. Jurors and the public do not use this entry. It is not in view of the doors commonly used by jurors and the public.

9. In paragraph 4-B the defendant is requesting to be moved to and from the holding facility in the court house before or after the jurors have arrived or left. This is standard procedure, and it is not anticipated it will be a problem in this case.

10. In paragraph 4-C the defendant is requesting that his handcuffs be removed prior to his being moved through public areas of the court house, and that no other restraints should be employed without prior order of the court after notice to, and hearing from, the defense. Removing handcuffs from the defendant prior to being moved in public areas of the court house is an officer safety violation. However, it is also against existing procedures to move a defendant in a felony trial in any public area (except the courtroom). Although attempts will be made to secure a prior order before additional restraints are used, in the event that the defendant becomes combative, the safety of court

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

EXHIBIT 18
PAGE 3 OF 5

0362

service officers, troopers, and the public must be the primary consideration, and there may not be time to secure a prior order.

11. In paragraph 4-D the defendant is requesting the ability to change into street clothes at the correctional facility prior to being transported to the court house. Permission must be obtained from the department of corrections for this request.

12. Permission for the request cited in paragraph 4-E should also be obtained from the department of corrections.

13. In paragraph 4-F the defendant is requesting any "guards" should remain outside the courtroom, and out of view of the jurors at all times. He further requests that if any "guards" are permitted to be in the courtroom they should be dressed in plain clothes and should assume positions which do not indicate that they are maintaining the custody of the defendant. Given the responsibilities and duties required of the court service officers, this request is unreasonable. Court service officers are not authorized to perform their duties without wearing their full uniform. They must remain in the courtroom for security reasons should the defendant become unruly or combative, as a protection to the court and to the public, and to prevent escape attempts. Court service officers have been trained to discreetly position themselves to prevent escapes or outbursts of violence.

14. Given the nature of this particular case, and the defendant's background, we are considering requesting additional restraints, including leg irons, with a skirting around counsel tables to conceal the leg irons. The defendant committed a cold

EXHIBIT 18
PAGE 4 OF 5
0363

and calculated murder. He made extensive plans prior to the crime, including the use of an "inside person", "a look out", and alternate escape plans. Additionally, his extensive interest in paramilitary gear, illegal weapons, surveillance, and fake identification, make him a dangerous person and an escape risk.

15. In paragraph 4-G the defendant requests that restrictions be placed on the media. Judicial services is willing enforce any reasonable restrictions this court imposes on the media.

FURTHER THIS AFFIANT SAYETH NOT.

DATED this 27TH day of November, 1992, at Anchorage, Alaska.

_____
Lieutenant Jay V. Yakopatz

SUBSCRIBED AND SWORN TO before me this 27th day of November, 1992.

_____
Notary Public in and for Alaska
My commission expires: 12-5-93

MAH\yakopatz.aff

✓

J. McLomas
Sue Wilson 12/7/92

EXHIBIT 18
PAGE 5 OF 5
0364