IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,                )
                                )
        Plaintiff,              )
                                )
vs.                             )
                                )
JON WOODARD                     )
                                )
        Defendant.              )
                                )
_____)
Case No. 3AN-S92-5238 CR.

Filed in the Trial Courts
STATE OF ALASKA THIRD DISTRICT
IN ANCHORAGE

MAR 22 1993

Clerk of the Trial Courts
By_____ Deputy

**ORDER RE: DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS (P1-5)**

I.  **(P-1) DEFENDANT'S MOTION FOR PROTECTIVE ORDER: OTHER CRIMES, BAD ACTS OR CHARACTER.**

Defendant's Motion for a Protective Order: Other Crimes, Bad Acts or Character having come before the court and the issues having been duly considered, it is hereby ORDERED that the motion is granted in part and denied in part as follows:

1. Little Caesar's armed robbery on June 7, 1992 - exclusion non-opposed;

2. Sourdough Mining Company robbery on June 4, 1992 - exclusion non-opposed;

3. Purported theft of cocaine several years ago next door to defendant's girlfriend's house - non-opposed exclusion;

4. Evidence of marijuana manufacture, possession or distribution by defendant - non-opposed exclusion;

5. Alleged $1800.00 loan from Bohlin to Woodard prior to Carrs robbery - non-opposed admission;

6. Pierce's testimony re: destruction of evidence in Eklutna on June 8, 1992 - non-opposed admission;

DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS (P1-5)
State v. Woodard, 3AN-S92-5238 Cr.

EXHIBIT 20
PAGE 1 OF 6

2172

7.. Flak vest and radio scanner - admission is denied unless they are shown to be a part of the criminal conduct at issue this trial. Otherwise, possession is not a "bad act" which has any relevancy to issues before this jury;

8. Testimony that defendant purchased a new 10.mm Glock after the Carrs robbery - non-opposed admission. Admission of the gun itself: defendant's protective order is granted <u>unless</u> gun itself is offered on some other grounds which makes it relevant and admissible. See: <u>Brown v. State</u>, 601 P. 2d (Alaska 1979).

9. Purported armed robbery of illegal drugs using scanners, radios and APD jump suits - protective order granted on alleged robbery, scanners, radios and APD jumpsuits unless shown to be involved in the Carrs robbery;

10. Possession of paramilitary items - inadmissible unless shown to have been involved in the Carrs robbery.

II. (P-2) **DEFENDANT'S MOTION FOR PROTECTIVE ORDER: APPEARANCE OF CUSTODY**

Defendant's Motion for a protective order re: Appearance of Custody having come before the court and the issues having been duly considered, the court finds that several facts are pertinent to defendant's requests. The defendant has been accused of planning and executing several armed robberies; he is a bodybuilder with extensive background in using paramilitary weaponry; he faces a 99 year sentence in this case and has other charges pending for later trials which makes him a flight risk.

It is hereby ORDERED that the requests are granted and denied as follows:

1. Request: Defendant be driven to and from court in an

DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS (P1-5)
State v. Woodard, 3AN-S92-5238 Cr.
PAGE 2 OF 5

EXHIBIT 20
PAGE 2 OF 6

2173

unmarked car before jurors arrive at courthouse and after jurors leave - these are normal security precautions and will be followed;

2. Request: Defendant not be transported with other restrained prisoners - denied;

3. Request: Handcuffs be removed when defendant is in public areas of the courthouse - denied; normal security procedures prohibit and prevent defendant from being seen by jurors when he must be transported through limited public access areas;

4. Request: Defendant not be restrained during trial in the courtroom - denied. Defendant will be restrained in the usual way during trial with ankle chains hidden from view by table skirting and by a belt chain to which his wrists are attached by chains;

5. Request: Defendant wear his own clothes to and from courthouse and in courtroom - this is normal procedure and will be followed;

6. Request: Defendant given sufficient time to make himself presentable - normal, reasonable time procedures will be followed;

7. Request: Guards should remain out of the courtroom and outside the jury view at all times - denied; normal procedure will be followed;

8. Request: Guards inside the courtroom be dressed in plainclothes - denied; presence of uniform officers during trial is not so unusual as to infringe upon defendant's due process rights.

### III. (P-3) DEFENDANT'S MOTION FOR PROTECTIVE ORDER: PRIOR CONVICTIONS

Defendant's motion for a protective order excluding evidence of his federal court "felon in possession" conviction, if any, and

DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS (P1-5)
State v. Woodard, 3AN-S92-5238 Cr.

EXHIBIT 20
PAGE 3 OF 6

2174

his state DWI convictions having come before the court and the issues having been duly considered, it is hereby ORDERED this non-opposed motion is granted.

### IV. (P-4) DEFENDANT'S MOTION FOR PROTECTIVE ORDER: POLYGRAPH EVIDENCE

The defendant's motion for a protective order excluding evidence of any polygraph examination performed on any person in connection with this case or any willingness or unwillingness to submit to such an examination having come before the court, and the issues having been duly considered, it is hereby ORDERED that the non-opposed motion is granted as follows:

1. The state may not introduce any evidence re: any polygraph examination performed on any person;

2. The state may not introduce any evidence of any person's willingness or lack thereof to take a polygraph examination;

3. No party may introduce nay evidence referring to the results of any polygraph examination taken by any witness;

4. Should the defendant seek to introduce polygraph evidence for any reason, he must first make prior application outside the presence of the jury.

### V. (P-5) DEFENDANT'S MOTION FOR PROTECTIVE ORDER: PROHIBITING "PREMATURE BOLSTERING"

The Defendant's Motion for Protective Order prohibiting the state from engaging in what he calls "prematurely bolstering" the credibility of its own witnesses by asking questions on direct which provide the jury with admissible information about the witnesses' credibility having come before the court and the issues having been duly considered, it is hereby ORDERED that the motion

DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS (P1-5)
State v. Woodard, 3AN-S92-5238 Cr.

EXHIBIT 20
PAGE 4 OF 6

2175

is DENIED. The terminology "premature bolstering" cannot be used to restrict the issue of witness credibility to only one party in a trial. Witnesses' credibility is and should be at issue from the beginning of their testimony. To prohibit any credibility <u>testimony</u> from reaching the jury until cross-examination is to distort the issue of credibility. It erroneously suggests to the jury that information bearing on witnesses' credibility is to be determined and weighted according to its shock and surprise to the jury rather than by its trustworthiness. It also implies to the jury that only defense counsel is honest in presenting information to the jury. The adversary system should not permit such distortion and the constitution does not require it.

DATED at Anchorage, Alaska, this 22nd day of March, 1993.

Karen L. Hunt
Superior Court Judge

I certify that on 3-22-93 a copy of the above was personally handed to each of the following:
_____ Henry McConas
Secretary/Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA, )
       Plaintiff, )
vs. )
JON WOODARD, )
       Defendant. )

Filed in the Trial Courts
STATE OF ALASKA THIRD DISTRICT
IN ANCHORAGE

MAR 22 1993

Clerk of the Trial Courts
By _____ Deputy

Case No. 3AN-3AN-S92-5238 CR.

# AMENDED ORDER

THE COURT HEREBY AMENDS ITS ORDER OF MARCH 22, 1993 in which it denied the defendant's request that security officers who are in the courtroom during jury presence at trial be dressed in plain or civilian clothes. Instead, it is hereby ORDERED that any security officer who is inside the bar which separates participants from observers in the courtroom during trial of this case shall be dressed in plain or civilian clothes when the jury is present. All other officers may be in uniform.

DATED at Anchorage, Alaska, this 22nd day of March, 1993.

_____
Karen L. Hunt
Superior Court Judge

I certify that on 3-22-93 a copy of the above was mailed to each of the following at their addresses of record:

_____
Secretary/Deputy Clerk

Henry McComas
Lt. Yakapatz - AST

EXHIBIT 20
PAGE 6 OF 6

2177