significant criminal activity or at least the criminal activity was
low enough level that it was probably as this court saw in the late
70's and the early '80's with all the cash that was around the
pipeline. Alot of what's quote "termed recreational use" of cocaine
and that appears to be perhaps where your life was in the 70's and
80's and in the 90's it certainly took a tern for the worse. And
of course the earlier history of some serious felony level conduct.
You are fifty eight years old, and you are not a person with an
unblemished record, in fact you have a very old but significant
criminal history and then a pretty significant recent criminal
history. One of my concerns in this case and I don't understand how
this happens and it bothers me when it happens, is when the court
puts someone on probation and then the probation office doesn't do
anything about it and I don't want it to be an excuse for your
failure to perform on probation. The reason the court puts people
on probation and gives them a probation officer, is that knowledge
connection between what the Court says has to be done and the
probation officers obligations to enforce that and to notify the
Court when that doesn't happen and [I have not seen in my
experience, so much non-compliance on probation without a petition
to revoke.] Now the only thing I can think of is that because your
information was so valuable and the Woodard murder case, that they
wanted to cut you further slack than they already cut you or maybe
the case was on going for a period of time during that or there was
some issue that they wanted to cut you slack, I don't know. Or the
other thing, that you're an educated capable nice charming guy and
said all the right words and were able to manipulate your probation

3/13/13

FOR ANCHORAGE                                    AT ANCHORAGE
                                                See CR-462A for statistical information.
                                    CASE NUMBER 3AN- M 93 - 1675        CR

___PLEA ___ DATE _____        ☐ GUILTY            TO:  ☐ Original Charge:
                                  ☐ NOLO CONTENDERE        ☐ Amended Charge: _____

___AL  ☐ Jury   ☐ Non-jury   No. Days _____   FINDINGS ☐ Court   ☐ Not Guilty
__ _____ Judge _____                             ☐ Jury    ☐ Guilty

___UNT ___
   CONDITIONS:  ☑ SUSPENDED IMPOSITION OF SENTENCE FOR 6 months
                ☑ No criminal violations for 6 months
                ☑ Pay $ 100 —
                ☑ Other stay out F arres at _____ for 6 months.    to the court, due 9/1/93

__UNT ___

   FINE $ _____        FINE                    SENTENCE
                        SUSPENDED $ _____      DATE _____
   JAIL ___ hours/days   SUSPENDED ___ hours/days   DUE _____         BAIL
                                                                        TO FINE $ _____
   CONDITIONS OF PROBATION:                      ☐ Report to jail report officer within ___ days.
      ☐ No criminal violations for _____
      ☐ No jailable traffic violations for _____
      ☐ _____

DEFENDANT IS ORDERED TO COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS
OF PROBATION, ENFORCEABLE FOR FIVE (5) YEARS:
      ☐  Complete Male Awareness Program.                      REPORT
      ☐  Perform _____hours/days Community Work Service within ___ days.   ☐ Today  ☐
      ☐  Complete treatment recommended by Alcohol Screening              ☐ Today  ☐
           ☐ which may include residential treatment up to ___ days and any required after care   ☐ Today  ☐
           in addition to any jail time ordered.
         If defendant or prosecutor objects to the treatment recommendation, the court will decide the specific treatment program at a
         subsequent hearing.
      ☐  Make restitution _____

      ☐  Other _____
         _____
         _____
         _____

__S
   ☐ REVOKED   ☐ SUSPENDED  for ___ days/years     ☐ CONCURRENT WITH ADMINISTRATIVE ACTION
   ☐ Limited conditions: _____

                                                    **EXHIBIT 24**
                                                    PAGE 51 OF 89

                                                    EXC. 49
3/13/93
          JOSEPH O'CONNELL
__Date    J. O'CONNELL
          Typed Name of Judge/Magistrate        Signature

/91) (st.2) JUDGMENT

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

JON WOODARD,                    )
                                )
                Petitioner,)
                                )
      vs.                       )
                                )
STATE OF ALASKA,                )
                                )
                Respondent.)
Court No. 3AN-S00-6982 Ci.
          3AN-S92-5238 Cr.

ANSWER TO AMENDED APPLICATION FOR POST-CONVICTION RELIEF ON
CLAIMS I - III

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in
AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or a witness to any offense
unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript
of a court proceeding and disclosure of the information was ordered by the court.

        Comes   now   the   State   of   Alaska,   by   and   through

Assistant   District   Attorney   Mary   Anne   Henry   and   answers

petitioner  Woodard's  amended  application  for  post-conviction

relief regarding claims I- III.

                          CLAIM I

        1.  Admit  that  during  the  search  warrant  application

reference  was  made  to  a  defendant  X.   His  name  was  mentioned

only  to  show  why  the  Detectives  decided  to  look  at  David

VanHousen  as  a  possible  suspect  in  the  case.   The  information

came  from  defendant  X's  attorney  who  simply  stated  that  David

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

EXHIBIT 24                    EXC. 50
PAGE 52 OF 89

VanHousen's father had commented that he was worried his son

was involved because he said that no one was supposed to be

killed. ⚹ That was the sole purpose of mentioning defendant X.

He was not a witness and his reliability was not an issue.

(The information presented was not for the truth of the matter

asserted, but to explain why the police were looking at David

VanHousen as a possible suspect.

    2.  Admit that Judge Hunt signed an order compelling

continuing discovery by the State to the defense.  Deny that

she also ordered that the information also be presented to the

court.  (The order indicates that if the State has a question

about discovery, it should be presented to the court.)

    3.  Admit that the State filed a charging document

replacing an original indictment against William Turlington.

Deny that Turlington was an informant-witness in the Woodard

case, requiring disclosure to the Woodard defense.

    4.  Admit the State entered into a standard plea

agreement with William Turlington on December 17, 2000

reference the charging document mentioned in paragraph 3.

Denies that it was a "cooperation agreement".  Denies that the

agreement was conditioned on Turlington providing information

resulting in the prosecution of the petitioner.

    5. Admit.

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

**EXHIBIT 24**
PAGE 53 OF 89

2

6. Admit Turlington violated his probation. Deny no petition to revoke probation was filed, since it was in fact filed.

7. Admit.

8. Admit.

9. Deny that any information regarding Turlington's criminal activities was "relevant and material" to the Petitioner's case.

10. Deny that any information regarding Turlington's relationship with the VanHousens was "relevant and material" to the Petitioner's case.

11. Admit.

12. Admit, except deny that Turlington was one of those informant-witnesses.

13. Deny that the information regarding Turlington was "relevant and material" to the Petitioner's defense. Deny that disclosure would have affected the prosecution of the Petitioner, or resulted in a different outcome.

<u>CLAIM II</u>

14. See responses to paragraphs 1 - 13.

15. Deny that the court ordered the State to disclose such information to her.

16. Deny.

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

3

EXC. 52
**EXHIBIT 24**
PAGE 54 OF 89

## CLAIM III

17.  See responses to paragraphs 1 – 16.

18.  Deny (see exhibit one, which was also attached as exhibit one to the Petitioner's amended application for post-conviction relief).

## AFFIRMATIVE DEFENSE

Petitioner's claims are barred by the one-year statute of limitations in AS 12.72.020.

Trial counsel for the defendant was aware of the existence of William Turlington within 20 days of the Petitioner's arrest. (See exhibit one). Most of the exhibits the Petitioner relies upon and claims the state should have provided were public records, which the Petitioner's trial counsel could have easily obtained. The information counsel did have (exhibit one and the transcript of the search warrant application) could have been used to cross-examine David VanHousen. For some reason trial counsel did not chose to pursue it.

## RELIEF SOUGHT

Whereupon respondent requests that petitioner's amended application for post-conviction relief as to claims I – III be denied and dismissed with prejudice.

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

**EXHIBIT 24**
PAGE 55 OF 89

12/27/00  09:16 FAX                SOA DISTRICT ATTORNEY     → OPA                    ☑006

1         Dated this 26th day of December, 2000, at Anchorage,

2    Alaska.

3                                    BRUCE M. BOTELHO
4                                    ATTORNEY GENERAL

5                              By:   *Mary Anne Henry*
6                                    Mary Anne Henry
                                     Assistant District Attorney
7                                    Bar No. 7610097

8

9

10        This is to certify that a copy of the forgoing is being
          ✓ mailed                      caused to be mailed
11        ____ hand delivered      ✓ caused to be hand delivered
          ____ faxed
12        to the following attorney   parties of record
          *Leslie Hiebert*
13        *Jon Woodard*
          *Mary Anne Henry*   12/26/00
          Signature          Printed Name          Date

14

15

16

17

18

**DISTRICT ATTORNEY, STATE OF ALASKA**
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

19

20

21

22

23

24

25

26

                                    5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT

In the Matter of the          )
Application for Post          )
Conviction Relief of:         )
                              )
                              )
JON WOODARD                   )
                              )
Applicant.                    )
_____)

Case No. 3ANS 00-6982 Civ.
3ANS 92-5238 Cr.

WITNESS LIST

---

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

COMES NOW JON WOODARD, by and through counsel, hereby

provides the following witness list:

1. Jon Woodard, petitioner, Spring Creek Correctional Center

2. John Novak, assistant district attorney, 310 K Street, Anchorage

3. James McComas, attorney, 1227 W. 9th 2nd fl. Anchorage

4. Court clerk, with records from Scott Turlington files, courthouse

Dated this 2nd day of November, 2001.

_Leslie Hiebert_
Leslie Hiebert
Assistant Public Advocate

OFFICE OF PUBLIC ADVOCACY
900 West 5th Avenue, Suite 525
Anchorage, Alaska 99501
Phone: (907) 269-3500 • Fax (907) 269-3535

This is to certify that a copy of the foregoing
is being mailed/delivered to _____
DA _____
_____ _____

1          EXC. 55

**EXHIBIT 24**
PAGE 57 OF 89

1/22/02

IN THE ~~DISTRICT/~~SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

)
)
)
~~PLAINTIFF(S)XXX~~ )
)
~~XXX~~ )
In the Matter of the Application )
For Post Conviction RElief of: )
)
Jon Woodard )    CASE NO. 3AN-00-6982CI
~~Defendant(s)x~~ )    T/W:  3AN-S92-5238CR
)    SUBPOENA TO APPEAR & PRODUCE

To:  John Novak
Address: 310 K St., Suite 520, Anchorage, AK 99501

You are commanded to appear in court to testify as a witness in the above case at:
Date and Time: January 23, 2002; 8:30 a.m.
Courtroom:  202  at Nesbett Courthouse, 825 W. 4th Ave., Anchorage, Alaska  .

You are ordered to bring with you all records in the possession of the
District Attorney's office pertaining to William Turlington.

(SEAL)

January 22, 2002
Date
Subpoena issued at request of
Leslie Hiebert
Attorney for  Jon Woodard
Address 900 W 5th Ave #525, Anch., AK
Telephone  907-269-3500
If you have any questions, contact the
person named above.

_Bob Harris_
Deputy Clerk
This subpoena must be filled in before being
issued and may not  be used to require a
witness to  appear for a deposition.

served for John Novak RR

RETURN

I certify that on the date stated below, I served this subpoena on the person to whom it is
addressed,  Jim McCarty, Office Mgr. who all  in  Anchorage  ,
Alaska.  I left a copy of the subpoena with the person named and also tendered mileage and
witness fees for one day's court attendance.

1-22-02    4:35 pm
Date and Time of Service

Service Fees:
Service     $   n/a
Mileage    $
TOTAL     $

_Richard J Norgard_
Signature
Richard J. Norgard
Print or Type Name
Investigator
Title

If served by other than a peace officer, this return must be notarized.
Subscribed and sworn to or affirmed before me on  January  22 , ~~19~~ 2002  .

(SEAL)

EXC. 56

_Angela R Elms_
Clerk of Court, Notary Public or other person
authorized to administer oaths.
My commission expires  11/20/02

EXHIBIT 24
PAGE 58 OF 89

CIV-110 ANCH (4/96)(st.3)
~~SUBPOENA TO APPEAR & PRODUCE~~

Civil Rule 45
Dist. Ct. Civ. R. 11(f)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,               )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
WILLIAM E. TURLINGTON, (C-2)   )
DOB: 09-19-36                  )
AK ID/OL: 348228               )
SSN: 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               )
COUNTS I, II, III, IV, V       )
COURT NO: 3AN-S91-6378 Cr.     )
                               )
JESSICA LEE WADE,      (C-2)   )
DOB: 07-23-57                  )
AK ID/OL: 5574231              )
SSN: 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               )
COUNT VI                       )
COURT NO: 3AN-S91-6383 Cr.     )
                               )
          Defendants.          )
_____)
Search Warrants: 3KN-91-107SW
3AN-91-170SW, 3AN-91-188SW

Filed In the Trial Courts
STATE OF ALASKA THIRD DISTRICT
IN ANCHORAGE

SEP 1 3 1991

Clerk of the Trial Courts

BY _____ Deputy


INDICTMENT

COUNTS I, II, III, IV, V
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE THIRD DEGREE
AS 11.71.030(a)(1)

COUNT VI
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE FOURTH DEGREE
AS 11.71.040(a)(3)(A)

THE GRAND JURY CHARGES:

COUNT I

     That on or about the 31st day of July, 1991, at or near

Anchorage, in the Third Judicial District, State of Alaska,

William Edward Turlington did unlawfully and knowingly deliver a

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

EXC. 57
**EXHIBIT 24**
PAGE 59 OF 89

schedule IIA controlled substance, to wit:  cocaine to Jessica Lee Wade.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

## COUNT II

That on or about the 23rd day of August, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William Edward Turlington did unlawfully and knowingly deliver a schedule IIA controlled substance, to wit:  cocaine to Jessica Lee Wade.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

## COUNT III

That on or about the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William Edward Turlington did unlawfully and knowingly deliver a schedule IIA controlled substance, to wit:  cocaine to Jessica Lee Wade.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

## COUNT IV

That on or about the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William Edward Turlington did unlawfully and knowingly deliver a

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

William Edward Turlington did unlawfully and knowingly deliver a schedule IIA controlled substance, to wit:  cocaine to Jessica Lee Wade.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

COUNT V

That on or about the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William Edward Turlington did unlawfully and knowingly possess a schedule IIA controlled substance with intent to manufacture or deliver that substance, to wit:  cocaine.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

COUNT VI

That on or about the 31st day of July, the 23rd day of August and the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, Jessica L. Wade did unlawfully and knowingly possess a schedule IIA controlled substance, to wit:  cocaine.

All of which is a class C felony offense being contrary to and in violation of AS 11.71.040(a)(3)(A) and against the peace and dignity of the State of Alaska.

I, John J. Novak, Assistant District Attorney, state on oath that this Information is based upon my in person conversation

-3-

EXC. 59

EXHIBIT 24
PAGE 61 OF 89

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

with Inv. Dan Vanderweele of the Alaska State Troopers and my review of an affidavit utilized in connection with obtaining search warrants in this case.

On July 31, 1991, Sgt. Crawford of the Alaska State Troopers was working in an undercover capacity. At that time, he telephoned Jessica Wade at her residence at 6601 Portugal Road, Anchorage, Alaska. Surveillance personnel were watching the residence at the time of the phone call. Sgt. Crawford and Wade agreed during the telephone call that Wade would sell one-half ounce of cocaine for $850. Wade further advised that she would have to obtain the cocaine from her "source".

Surveillance observed Wade leave the residence in a pick-up truck and proceed to 520 West 58th Avenue, Unit C. Upon arrival, Wade went into the business. A short time later, Wade was observed exiting the business and again getting into the pick-up truck. The pick-up truck drove directly to Omega Pizza, the location at which Sgt. Crawford and Wade earlier had agreed to make the transaction.

Upon meeting at Omega Pizza, Wade provided Sgt. Crawford with one-half ounce of cocaine in exchange for $850. The substance sold Sgt. Crawford field tested positive for the presence of cocaine.

On August 23, 1991, Sgt. Crawford telephoned Wade and asked if she could sell him two ounces of cocaine. Wade advised that she was willing to make the transaction but required transportation. Upon further discussion, it was agreed that Sgt.

-4-

EXC. 60

EXHIBIT 24
PAGE 62 OF 89

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8672

Crawford would pick Wade up at her residence in order to provide her transportation. It further was agreed that the purchase price for the two ounces would be $3200. Sgt. Crawford transported Wade to the area of Arctic Boulevard and West 58th Avenue. While in transport, Wade advised that her source of cocaine was in one of the businesses located on West 58th Avenue and was an older man who did not wish to meet anyone new. Surveillance units observed Wade walk from the point at which she was dropped off to the back door of 520 West 58th Avenue, Unit C. After exiting the business, Wade met with Sgt. Crawford and delivered the two ounces of cocaine. The white powder substance purchased from Wade field tested positive for the presence of cocaine.

On September 5, 1991, Sgt. Crawford again called Wade with regard to purchasing cocaine. It was agreed that Sgt. Crawford would purchase one ounce of cocaine for $1600. Sgt. Crawford picked Wade up at the Carousel Bar. Surveillance observed them drive to 520 West 58th Avenue, Unit C. Wade delivered the one ounce of cocaine to Sgt. Crawford after coming out of the business. At that point, Sgt. Crawford transported Wade to the Bureau of Drug Enforcement Office and placed her under arrest. The white powder field tested positive for the presence of cocaine.

At the Bureau of Drug Enforcement Office, Wade agreed to cooperate with the authorities in exchange for her to be allowed to plead to one class C felony offense. In exchange, Wade agreed, among other things, to wear a wire in connection with making

-5-

EXC. 61

EXHIBIT 24
PAGE 63 OF 89

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

further drug purchases from her source and to testify against her source.

After obtaining a search warrant for 520 West 58th Avenue, Unit C, and a search warrant authorizing recording of telephonic and person-to-person conversations, Wade went to 520 West 58th Avenue, Unit C, to purchase one ounce of cocaine for $1400. While in the business, Wade's conversation with William Turlington was recorded. During that conversation, Turlington discussed the quality of the cocaine. In addition, the $1400 in pre-recorded buy funds were counted out loud.

Immediately after the sale was completed, Alaska State Troopers entered the business to execute the search warrant. Inv. Bowman was the first officer to see Turlington. At that time, Officer Bowman directed Turlington to freeze. A baggie containing a white powder substance was observed to be in Turlington's hand. Turlington immediately thereafter threw the baggie to the floor.

A search of Turlington's person revealed all three thousand dollars of the pre-recorded buy funds that were utilized to purchase cocaine earlier that day. A search of the business additionally turned up scales, a cutting agent (isotol), 22 individual packets containing one gram of cocaine each, three individual packets containing one-eighth ounce cocaine each, one individual packet containing one-half ounce of cocaine, and a quantity slightly in excess of one-half pound of cocaine. The large quantity of white powdery substance field tested positive for the presence of cocaine.

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8627

-6-

EXC. 62

EXHIBIT 24
PAGE 64 OF 89

## BAIL INFORMATION

Defendant Turlington has no known criminal convictions.

Defendant Wade was convicted of driving without a license in 1984.

DATED this 6th day of September, 1991, at Anchorage, Alaska.

CHARLES E. COLE
ATTORNEY GENERAL

EDWARD E. MCNALLY
DISTRICT ATTORNEY

By: _____
John J. Novak
Assistant District Attorney

SUBSCRIBED AND SWORN to this 6th day of September, 1991, at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My commission expires: _____

JJNsw
i44

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277-8622

-7-                                EXC. 63

**EXHIBIT 24**
PAGE 65 OF 89

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,          )
                          )
          Plaintiff,      )
                          )
     vs.                  )          FILED IN OPEN COURT
                          )          Date: 10/17/92
WILLIAM E. TURLINGTON,    )
DOB: 09-19-36             )
                          )
          Defendant.      )
_____)
Court No. 3AN-S91-6378    Cr.

### INFORMATION REPLACING INDICTMENT

---

**CERTIFICATION**

___✓___ This document and its attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

_____ This document or an attachment contains confidential information that may be placed in a court file under an exception listed in AS 12.61.130(b). This information appears at _____. This document and its attachments do not contain the name of a victim of a crime listed in AS 12.61.140.

---

COUNTS I, II
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE THIRD DEGREE
AS 11.71.030.(a)(1)

THE DISTRICT ATTORNEY CHARGES:

COUNT I

That on or about the 31st day of July, 1991, the 23rd day of August, 1991, and on two separate occasions on the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William E. Turlington did unlawfully and knowingly deliver a schedule IIA controlled substance.

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WE ST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 84501
(907) 277 8627

EXC. 64

**EXHIBIT 24**
PAGE 66 OF 89

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

COUNT II

That on or about the 5th day of September, 1991, at or near Anchorage, in the Third Judicial District, State of Alaska, William E. Turlington did unlawfully and knowingly possess a schedule IIA controlled substance with intent to deliver that substance.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

DATED this 1st day of December, 1992, at Anchorage, Alaska.

CHARLES E. COLE
ATTORNEY GENERAL

EDWARD E. MCNALLY
DISTRICT ATTORNEY

By: _____
John J. Novak
Assistant District Attorney

JJN:sw
d8

DISTRICT ATTORNEY, STATE OF ALASKA
1031 WEST FOURTH AVENUE, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 277 8622

EXC. 65
**EXHIBIT 24**
PAGE 67 OF 89

RULE 11 AGREEMENT

IN THE SUPERIOR COURT OF THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )
                                    )
WILLIAM TURLINGTON                  )
DOB: 09-13-36                       )
ID/OL: 348228                       )
SSN: 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                    )
                                    )
_____)
Case No.  3AN-S91-6378    Cr.

Filed in the Trial Courts
STATE OF ALASKA THIRD DISTRICT
IN ANCHORAGE

DEC 17 1992

Clerk of the Trial Court

#### ORDER IMPOSING SENTENCE
#### AND PROVIDING FOR PROBATION

The defendant has been convicted upon his plea of:

| COUNT | DATE OF OFFENSE | OFFENSE | STATUTE VIOLATED |
|-------|-----------------|---------|------------------|
| I | 7/31/91, 8/23/91, 9/5/91 (two occasions) | MICS Third | AS 11.71.030(a)(1) |
| II | 9/5/91 | MICS Third | AS 11.71.030(a)(1) |

and the following charges were dismissed:

| COUNT | DATE OF OFFENSE | OFFENSE | STATUTE VIOLATED |
|-------|-----------------|---------|------------------|

NONE

Page 1 of 6
CR-480 (11-89) (sw)
ORDER IMPOSING SENTENCE - SUPERIOR COURT

EXHIBIT 24
PAGE 68 OF 89

EXC. 66

State vs. <u>WILLIAM TURLINGTON</u>, Case No. 3AN-S91-6378     Cr.

The defendant came before the Court on effective date (see page 4) with counsel, John Murtagh, and the District Attorney present.

It appearing to the satisfaction of this Court that the ends of justice and the best interests of the public, as well as the defendant, will be served thereby, IT IS ORDERED that defendant is sentenced to four years with four years suspended on each count, to be concurrent, and the defendant is placed on probation to the Department of Corrections under the following conditions:

<u>GENERAL CONDITIONS OF PROBATION</u>

1.    Report to the Department of Corrections of the next business day following the date of sentencing; or, if time is to be served immediately after sentencing, then report to the Department of Corrections on the next business day following release from an institution.

2.    Secure the prior written permission of a probation officer of the Department of Corrections before changing employment or residence or leaving the region of residence to which assigned.

3.    Make a reasonable effort to secure and maintain steady employment.  Should you become unemployed, notify a probation officer of the Department of Corrections as soon as possible.

4.    Report in person between the first day and the tenth day of each month, or as otherwise directed, to your assigned office of the Department of Corrections.  Complete in full a written report when your probation officer is out of the office to insure credit for that visit.  You may not report by mail unless you secure prior permission to do so from your probation officer.

5.    At no time have under your control a concealed weapon, a firearm, or a switchblade or gravity knife.

6.    Do not knowingly associate with a person who is on probation or parole or a person who has a record of a felony conviction unless prior written permission to do so has been granted by a probation officer of the Department of Corrections.

Page 2 of 6
ORDER IMPOSING SENTENCE - SUPERIOR COURT

**EXHIBIT 24**
PAGE 69 OF 89

EXC. 67

State vs. <u>WILLIAM TURLINGTON</u>, Case No. 3AN-S91-6378    Cr.

7.  Make a reasonable effort to support your legal dependents.

8.  Do not consume intoxicating liquor to excess.

9.  Comply with all municipal, state and federal laws.

10.  Report all purchases, sales and trades of motor vehicles belonging to you, together with current motor vehicle license numbers for those vehicles, to your probation officer.

11.  Submit immediately to a urinalysis and/or blood analysis by a medical doctor or medical laboratory to determine the use of narcotics or other controlled substance when directed to do so by a probation officer of the Department of Corrections.

12.  Upon the request of a probation officer, submit to a search of your person, personal property, residence or any vehicle in which you may be found for the presence of contraband.

13.  Abide by any special instructions given by the Court or any of its duly authorized officers, including probation officers of the Department of Corrections.

<u>OTHER SPECIAL CONDITIONS OF PROBATION</u>

(a)  Agrees to maintain contact as required by the Adult Probation Office;

(b)  Agrees to complete 85 hours of community work service in the Mountain View neighborhood of Anchorage.

(c)  Agrees to undergo a drug/alcohol assessment and, if recommended, enroll in and successfully complete an out-patient program including after-care recommendations or an in-patient program of up to six months to include following recommendations for aftercare.

(d)  Submit, at any reasonable time, to search of his person, personal property, residence, business, vehicle, or any vehicle under which he has control, for the presence of narcotic, halucenogenic, stimulant, depressant, amphetamine, barbiturate, or other drugs or drug paraphernalia.

Page 3 of 6
ORDER IMPOSING SENTENCE - SUPERIOR COURT

EXHIBIT 24
PAGE 70 OF 89

EXC. 68

State v. <u>William Turlington</u>, Case No. 3AN-S91-6378 Cr.

(e)   Submit immediately to a urinalysis and/or blood analysis by a medical doctor or medical laboratory to determine the use of narcotics or other controlled substances when directed to do so by a probation officer or the Department of Corrections.

(f)   Not have at any time on his person, in his residence, or in his car any paraphernalia normally associated with the illicit use or distribution of narcotics. This includes but is not limited to syringes, injecting needles, cooking spoons, hash pipes, cocaine spoons, weighing scales, packaging materials, marijuana growing equipment, or other items used in connection with manufacturing, cultivating, cutting down or packaging drugs.

(g)   Not use, possess, handle, purchase, give, or administer any controlled substance to include marijuana, without a valid prescription.

(h)   Not associate with persons involved in using, manufacturing, growing, or distributing controlled substances.

(i)   Not enter or remain in places where controlled substances are being used, manufactured, grown, or distributed.

(j)   Forfeit to the Alaska State Troopers Bureau of Drug Enforcement all items seized as evidence in this case.

(k)   Pay restitution to the Alaska State Troopers Bureau of Drug Enforcement in the amount of $2025.00.

Page 4 of 6
ORDER IMPOSING SENTENCE - SUPERIOR COURT

**EXHIBIT 24**
PAGE 71 OF 89

EXC. 69

State vs. <u>WILLIAM TURLINGTON</u>, Case No. 3AN-S91-6378    Cr.

THE PROBATION HEREBY ORDERED EXPIRES <u>48</u> months from date

judgment is signed (see below)


Any appearance bond in this case is:

( ✓ ) exonerated    ( ) exonerated when defendant reports to the

jail to serve the term of imprisonment ( ) _____

<u>Dec. 17, 1992</u>                    _____
EFFECTIVE DATE                              JUDGE

                                    Rene J. Gonzalez
                          The Honorable Rene Gonzalez

<u>NOTICE TO DEFENDANT</u>

        You are advised that according to the law, the Court may
at any time revoke your probation for cause or modify the terms or
conditions of your probation.  You are subject to arrest by a
probation officer with or without a warrant if the officer has
cause to believe that you have violated a condition of your
probation.  You are further advised that it is your responsibility
to make your probation officer aware of your adherence to all
conditions of probation set forth above.




Page 5 of 6
ORDER IMPOSING SENTENCE - SUPERIOR COURT


**EXHIBIT 24**
PAGE 72 OF 89

EXC. 70

State vs. <u>WILLIAM TURLINGTON</u>, Case No. 3AN-S91-6378    Cr.

<u>DEFENDANT'S ACKNOWLEDGEMENT</u>

I have read or have had read to me the foregoing conditions of my probation and I fully understand them and will abide by them.

I do hereby waive extradition to Alaska from any state of the United States and agree I will not contest efforts to return me to the State of Alaska.

_12/17/92_
DATE

_William Turlington_
DEFENDANT (signature)

_John M Murtagh_
ATTORNEY FOR DEFENDANT

I certify that on _12-18-92_
a copy of this judgment
was sent to:

  ✓ DA       ✓ JAIL
  ✓ DEF.ATTY.  ~~DOC~~
  ~~Murtagh~~   ✓ DATA
               TERM.

~~SEC~~./CLERK: _____✓_____

I certify that on _____
a copy of this judgment
was sent to:

  ✓ PROBATION OFFICER
     DPS-JUNEAU
  ✓ DPS-FINGERPRINT SECTION
     DEFENDANT, THROUGH

_____

  ✓ TICKLER PROGRAM

CLERK: _____✓_____

Page 6 of 6
ORDER IMPOSING SENTENCE - SUPERIOR COURT

**EXHIBIT 24**
PAGE 73 OF 89

EXC. 71

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Filed in the Trial Courts
State of Alaska Third District

DEC 01 1994

Clerk of the Trial Courts

By _____ Deputy

STATE OF ALASKA                )
                    Plaintiff        )
                                          )        CASE NO.  3ANS91-6378CR
                                          )
TURLINGTON, William         )
                                          )        CERTIFICATE OF COMPLIANCE
                    Defendant      )        WITH VICTIMS' RIGHTS ACT OF
                                          )                         1991

Attached is the following document: PETITION TO REVOKE PROBATION

CERTIFICATION

I certify that this document and its attachments do not contain  (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

_____11/24/94_____
Date

_____
Signature of Party or Counsel

_____

Type or Print Name

CR-101 (9/94)(cs)(8 1/2 x 5 1/2)
CERTIFICATE/VICTIMS' RIGHTS ACT
DOC Rev. 10-31-94

Crim. R.44(f) & Adm. Bull. 53
AS 12.61.110,. AS 12.61.130

**EXHIBIT 24**
PAGE 74 OF 89

EXC. 72

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

STATE OF ALASKA                    )
                                   )
            Plaintiff,             )
                                   )          SEP 27 1995
       vs.                         )
                                   )          ___ CLK
WILLIAM TURLINGTON                 )
                                   )
            Defendant.             )
_____)

Case No. 3AN-S91-6378CR

### ORDER

        This matter came before the Court this date upon the
filing of a Petition to Revoke Probation on December 1, 1994.
Plaintiff was present through Philip Moberly, Assistant District
Attorney.  Defendant was present and represented by Michael Dieni,
Assistant Public Defender.   The Court having considered the
testimony and evidence presented by the parties and having found
defendant in violation of certain terms and conditions of probation
        IT IS HEREBY ORDERED that the terms and conditions of
probation set forth in the Order Imposing Sentence and Providing
for Probation dated December 17, 1992 remain in full force and
effect with an additional one (1) year of probation imposed.
        DONE this 17th day of October, 1995, at Anchorage,
Alaska.

                                   _____
                                   Elaine M. Andrews
                                   Superior Court Judge

I certify that on:
10/19/95
a copy of the above was
mailed  to each of the
following    at    their
addresses    of    record.
C. M. Thenay
Secretary/Clerk
Moberly/Dieni

I certify that on 10/20/95
a copy of the above was mailed/
hand delivered to each of the
attorneys and/or individuals at   1-DATA
their address of record.
Clk 1-ADC 1-DKS w/judy 1-CIPT

EXC. 73
**EXHIBIT 24**
PAGE 75 OF 89

Screen For VRA

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT   ANCHORAGE

FILED in the Trial Courts
State of Alaska, Third District

JAN 20 1998

Clerk of the Trial Courts
By _____ Deputy

(X)  STATE OF ALASKA           )
( )                    )
                  Plaintiff,   )
                   )
vs.  WILLIAM TURLINGTON    )
                   )
             Defendant.  )
DOB: 09-19-36 _____)

CASE NO.  3AN-S91-6378    CR

ORDER OF DISCHARGE AFTER
SUSPENDED IMPOSITION OF SENTENCE

ATN  NONE _____
Offense  I: MICS 3RD, II: MICS 3RD
        I:AS 11.71.030(a)(1), II: AS 11.71.030(a)(1)

Date of Offense  7-31-91, 8-23-91, 9-5-91

## DISCHARGE ORDER

The court previously entered a judgment of conviction in this case and placed the defendant on probation, suspending imposition of sentence. The period of probation has expired without the court imposing sentence and defendant is entitled to be discharged under the provisions of AS 12.55.085(d) and Criminal Rule 35.2.

IT IS ORDERED that the case is closed and the defendant is discharged by the court without imposition of sentence.

## ORDER RE SET-ASIDE

IT IS FURTHER ORDERED that:

[X]  Judgment of conviction is hereby set aside, and that a copy of this Order shall serve as defendant's certificate pursuant to AS 12.55.085(e).

[ ]  Judgment of conviction is not set aside because _____

_____
_____

1-20-98
Date

E. _____ (signature)
Judge

ELAINE M. ANDREWS
Type or Print Judge's Name

I certify that on 1-22-98
a copy of this order was sent
to: DA/PD/DPS/DocProb

Clerk: ____

CR-505 (12/91) (st.4)
ORDER OF DISCHARGE AFTER
SUSPENDED IMPOSITION OF SENTENCE

EXHIBIT 24
PAGE 76 OF 89

EXC. 74

Criminal Rule 35.2
AS 12.55.085

ANCHORAGE POLICE DEPARTMENT —

MUNICIPALITY OF ANCHORAGE, PLAINTIFF

IN THE JUDICIAL DISTRICT OF ALASKA
IN THE DISTRICT COURT OF ANCHORAGE    By No. SA913872

The undersigned states that he has reasonable grounds to believe the defendant
named below committed the offense described herein

ON Sun THE 13th DAY OF June 19 23 AT 1819

DEFENDANT Turlington William E
                LAST          FIRST          MIDDLE

MAIL ADDRESS 521 W 48 th # C

RES ADDRESS Same

Anch    AK
CITY          STATE       HOME PH # 521-4E04

DOB 6-15-36    RACE W   SEX M   HT 74   WT 187

SSN 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

DRIVERS LIC C34 8228    AK
                                STATE

VEHICLE LICENSE N/A

VEHICLE YEAR          MAKE          MODEL          COLOR

EMPLOYER Self                    WORK PH 521-4804

LOCATION OF OFFENSE Catis 4400 W Diamond

DID UNLAWFULLY COMMIT
THE FOLLOWING OFFENSE 8.05.550

☐ Municipal Ordinance    ☐ State Statute / Regulation

Turlington Did willfully and
Unlawfully remove Conceded
merchandise value $16.24 from
where it was being kept for
Purposes of sale

ct date 07-13-73
                0900 Am

POINTS                FINE/BAIL:

☐ CORRECTABLE    Appear at Anchorage Police Department
                 4501 S Bragaw, within 7 days

☐ CORRECTABLE/HHS  Appear at 825 L St., MUNICIPAL Environmental Service
                   Division within 7 days CALL FIRST.

☐ OPTIONAL COURT   May pay fine or appear in court within 5 working days READ
                   REVERSE SIDE.

☐ MANDATORY COURT INFRACTION  Must appear at 941 W. 4th Ave. Traffic Court
                              ROOM 140, WITHIN 5 WORKING DAYS.

☐ MANDATORY COURT CRIMINAL   Must appear at 941 W. 4th Ave. COURT ROOM 7.
                             ON 07-13  19 73 AT 9:00 AM

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

Officer Signature _____ 799    06-13-73
                            USN    DATE

SIGNATURE _____    ☐ PERSONALLY SERVED

EXHIBIT 24
PAGE 77 OF 89

EXC. 75

Screen for VRA

## JUDGMENT

DISTRICT COURT
FOR THE STATE OF ALASKA
AT ANCHORAGE

STATE OF ALASKA [ ] MUNICIPALITY OF ANCHORAGE

See CR-462A for statistical information

DEFENDANT **WILLIAM E. TURLINGTON**          CASE NUMBER 3AN- M93 - 4675     CR

| CHANGE OF PLEA | [ ] GUILTY | TO: | [ ] Original Charge. |
| DATE | [ ] NOLO CONTENDERE | | [ ] Amended Charge |

| TRIAL | [ ] Jury | [ ] Non-jury | No. Days _____ | FINDINGS | [ ] Court | [ ] Not Guilty |
| Date _____ | _____ Judge _____ | | | | [ ] Jury | [ ] Guilty |

COUNT _____     SUSPENDED IMPOSITION OF SENTENCE FOR _6 months_

CONDITIONS:
[X] No criminal violations for _6 months_
[X] Pay $ _100 —_ to the court, due _9/1/93_
[X] Other _stay out carrs at Dimond for 6 months._

COUNT _____                              SENTENCE

FINE $ _____     FINE SUSPENDED $ _____     DATE DUE _____     BAIL TO FINE $ _____

JAIL _____ hours/days     SUSPENDED _____ hours/days     [ ] Report to jail report officer within _____ days.

CONDITIONS OF PROBATION:
[ ] No criminal violations for _____
[ ] No jailable traffic violations for _____

DEFENDANT IS ORDERED TO COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS OF PROBATION, ENFORCEABLE FOR FIVE (5) YEARS:     REPORT

[ ] Complete Male Awareness Program.     [ ] Today [ ]
[ ] Perform _____ hours/days Community Work Service within _____ days.     [ ] Today [ ]
[ ] Complete treatment recommended by Alcohol Screening     [ ] Today [ ]
[ ] which may include residential treatment up to _____ days and any required after care in addition to any jail time ordered.
If defendant or prosecutor objects to the treatment recommendation, the court will decide the specific treatment program at a subsequent hearing.

[ ] Make restitution _____

[ ] Other _____

DRIVER'S LICENSE ACTION
[ ] REVOKED   [ ] SUSPENDED for _____ days/years   [ ] CONCURRENT WITH ADMINISTRATIVE ACTION
[ ] Limited conditions: _____

**EXHIBIT 24**
PAGE 78 OF 89

EXC. 76

_8/13/93_
Date

JOSEPH O'CONNELL
J. O'CONNEL
Typed Name of Judge/Magistrate

Signature of Judge/Magistrate

Screen For VRA

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ___ANCHORAGE___

| | |
|---|---|
| ( )  STATE OF ALASKA | ) |
| (x)  *MOA* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM E. TURLINGTON | ) |
| | ) |
| Defendant. | ) |

MAR 23 1994

CASE NO. __3ANM93-4675__ CR

ORDER OF DISCHARGE AFTER
SUSPENDED IMPOSITION OF SENTENCE

DOB: 9-19-36

ATN ____100155468____

Offense ___REMOVAL OF MERCHANDISE___

Date of Offense ___6-13-93___

## DISCHARGE ORDER

The court previously entered a judgment of conviction in this case and placed the defendant on probation, suspending imposition of sentence. The period of probation has expired without the court imposing sentence and defendant is entitled to be discharged under the provisions of AS 12.55.085(d) and Criminal Rule 35.2.

IT IS ORDERED that the case is closed and the defendant is discharged by the court without imposition of sentence.

## ORDER RE SET-ASIDE

IT IS FURTHER ORDERED that:

[X] Judgment of conviction is hereby set aside, and that a copy of this Order shall serve as defendant's certificate pursuant to AS 12.55.085(e).

[ ] Judgment of conviction is not set aside because _____

_____

___3/23/94___
Date

___PMRhoades___
Judge

STEPHANIE R. RHOADES
Type or Print Judge's Name

I certify that on ___3/24/94___
n copy of this order was sent to:

___MA/Deft.___

Clerk: ___XA___

EXHIBIT 24
PAGE 79 OF 89

EXC. 77

Criminal Rule 35.2
AS 12.55.085

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,              )
                              )
            Plaintiff,        )
                              )
    vs.                       )
                              )
WILLIAM E. TURLINGTON,        )
DOB: 09-19-36                 )
AK ID/OL: 0348228             )
SSN NO: 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           )
ATN NO: 100 737 801           )
                              )
            Defendant.        )
                              )

Filed in the Trial Courts
State of Alaska Third District

DEC 9 1994

Clerk of the Trial Courts

Court No. 3AN-S94-8516    Cr.

INDICTMENT

VRA CERTIFICATION

I certify that this document and its attachments do not
contain (1) the name of a victim of a sexual offense
listed in AS 12.61.140 or (2) a residence or business
address or telephone number of a victim of or witness to
any offense unless it is an address used to identify the
place of the crime or it is an address or telephone number
in a transcript of a court proceeding and disclosure of
the information was ordered by the court.

COUNTS I, II
MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE THIRD DEGREE
AS 11.71.030(a)(1)

THE GRAND JURY CHARGES:

COUNT I

That on or about the 14th day of July, 1994, at or near

Anchorage, in the Third Judicial District, State of Alaska,

William E. Turlington did unlawfully and knowingly deliver a

schedule IIA controlled substance.

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

EXC. 78
EXHIBIT 24
PAGE 80 OF 89

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

COUNT II

That on or about the 2nd day of August, 1994, at or near Anchorage, in the Third Judicial District, State of Alaska, William E. Turlington did unlawfully and knowingly deliver a schedule IIA controlled substance.

All of which is a class B felony offense being contrary to and in violation of AS 11.71.030(a)(1) and against the peace and dignity of the State of Alaska.

DATED this ____ day of December, 1994, at Anchorage, Alaska.

a true bill

_____
Grand Jury Foreperson

_____
John J. Novak
Assistant District Attorney

WITNESSES EXAMINED BEFORE THE GRAND JURY:

David Cooper

BAIL SET AT: $50,000 CASH ONLY + TPC + COND.

DATED 12-9-94

_____
JUDGE

ACCEPTED FOR FILING: 12/12/94

_____
DEPUTY CLERK

-2-

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

EXHIBIT 24
PAGE 81 OF 89

EXC. 79

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,                    )
                                    )
                Plaintiff,          )
                                    )
        vs.                         )
                                    )
WILLIAM E. TURLINGTON,              )
DOB: 09-19-36                       )
ATN NO: 100 737 801                 )
                                    )
                Defendant.          )
_____)

Court No. 3AN-S94-8516    Cr.

FILED IN OPEN COURT

Date: 4-11-95 /b

INFORMATION REPLACING INDICTMENT

```
+-------------------------------------------------------+
|                 VRA CERTIFICATION                     |
|                                                       |
| I certify that this document and its attachments do   |
| not contain (1) the name of a victim of a sexual      |
| offense listed in AS 12.61.140 or (2) a residence or  |
| business address or telephone number of a victim of   |
| or witness to any offense unless it is an address     |
| used to identify the place of the crime or it is an   |
| address or telephone number in a transcript of a      |
| court proceeding and disclosure of the information    |
| was ordered by the court.                             |
+-------------------------------------------------------+
```

COUNTS I and II
ATTEMPTED MISCONDUCT INVOLVING A CONTROLLED SUBSTANCE
IN THE THIRD DEGREE
AS 11.71.030(a)(1); AS 11.31.100

THE DISTRICT ATTORNEY CHARGES:

COUNT I

        That on or about the 14th day of July, 1994, at or near

Anchorage, in the Third Judicial District, State of Alaska,

William E. Turlington did unlawfully and knowingly attempt to

deliver a schedule IIA controlled substance.

DISTRICT ATTORNEY, STATE OF ALASKA
310 K STREET, SUITE 520
ANCHORAGE, ALASKA 99501
(907) 269-6300

All of which is a class C felony offense being contrary to and in violation of AS 11.71.030(a)(1); AS 11.31.100 and against the peace and dignity of the State of Alaska.

COUNT II

That on or about the 2nd day of August, 1994, at or near Anchorage, in the Third Judicial District, State of Alaska, William E. Turlington did unlawfully and knowingly attempt to deliver a schedule IIA controlled substance.

All of which is a class C felony offense being contrary to and in violation of AS 11.71.030(a)(1); AS 11.31.100 and against the peace and dignity of the State of Alaska.

DATED this 11th day of April, 1995, at Anchorage, Alaska.

BRUCE M. BOTELHO
ATTORNEY GENERAL

KENNETH J. GOLDMAN
DISTRICT ATTORNEY

By: _____
John J. Novak
Assistant District Attorney

JJN:sw

Screen For VRA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

AT Anchorage

Filed in the Trial Court
State of Alaska Third District

SEP 27 1995

Clerk of the Courts

By _____ CK _____ Deputy

STATE OF ALASKA                )
                               )
                    Plaintiff, )
                               )
vs.                            )
                               )     CASE NO. 3AN-S94-8516 ___ CR
WILLIAM E. TURLINGTON          )
                               )     JUDGMENT AND ORDER OF
                    Defendant. )     COMMITMENT/PROBATION
                               )
DOB: 9/19/36
ID No.   ATN 100 737 801

Defendant has been convicted upon his plea of no contest and the court's finding of guilty of

| Count | Date of Offense | Offense | Statute Violated |
|-------|-----------------|---------|------------------|
| I & II | 7/14/94 | Att. Misconduct Involving a Controlled Substance in the Third Degree | 11.71.030(a)(1) 11.31.100 |

and the following charges were dismissed:

| Count | Date of Offense | Offense |
|-------|-----------------|---------|

EXHIBIT 24
PAGE 84 OF 89

EXC. 82

AS 12.55.090-.110
Crim. R. 32
App. R. 215

Page 1 of 5
CR-470wp (3/95)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT



State vs. <u>William E. Turlington</u>                          Case No. <u>3AN-S94-8516</u> CR

Defendant came before the court on September 27, 1995 with counsel, Michael Dieni, and the District Attorney present.

IT IS ORDERED that the defendant is hereby committed to the care and custody of the Commissioner of the Department of Corrections for the following period(s):

Counts I & II: Three (3) years with two (2) years suspended. One (1) year to serve on both counts together.

Six (6) years probation.

The sentence is:
  &#95;   all or partially presumptive. The defendant is ineligible for parole, except as provided in AS 33.16.090(b) and (c).

  <u>X</u>  non-presumptive. The defendant is eligible for parole.

IT IS ORDERED that the defendant is fined $&#95; with $&#95; suspended. The unsuspended $&#95; is to be paid &#95;

IT IS FURTHER ORDERED that Judgment for Restitution is entered in the amount of $450.00. Execution of judgment is stayed as long as defendant is in compliance with the specific conditions of probation set forth concerning restitution.

**EXHIBIT 24**
PAGE 85 OF 89

EXC. 83

Page 2 of 5
CR-470wp (3/95)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

AS 12.55.090-.110
Crim. R. 32
App. R. 215



State vs. William E. Turlington                    Case No. 3AN-S94-8516 CR

IT IS ORDERED that, after serving any term of incarceration imposed, the defendant is placed on probation under the following conditions:

GENERAL CONDITIONS OF PROBATION

1.  Report to the Department of Corrections Probation Office on the next business day following the date of sentencing, or, if time is to be served prior to probation, report to the Department of Corrections Probation Office on the next business day following release from an institution.

2.  Secure the prior written permission of a probation officer of the Department of Corrections before changing employment or residence or leaving the region of residence to which assigned.

3.  Make a reasonable effort to secure and maintain steady employment. Should you become unemployed, notify a probation officer of the Department of Corrections as soon as possible.

4.  Report in person between the first day and the tenth day of each month, or as otherwise directed, to your assigned officer of the Department of Corrections. Complete in full a written report when your probation officer is out of the office to insure credit for that visit. You may not report by mail unless you secure prior permission to do so from your probation officer.

5.  At no time have under your control a concealed weapon, a firearm, or a switchblade or gravity knife.

6.  Do not knowingly associate with a person who is on probation or parole or a person who has a record of a felony conviction unless prior written permission to do so has been granted by a probation officer of the Department of Corrections.

7.  Make a reasonable effort to support your legal dependents.

8.  Do not consume intoxicating liquor to excess.

9.  Comply with all municipal, state and federal laws.

10. Report all purchases, sales and trades of motor vehicles belonging to you, together with current motor vehicle license numbers for those vehicles, to your probation officer.

11. Upon the request of a probation officer, submit to a search of your person, personal property, residence or any vehicle in which you may be found for the presence of contraband.

12. Abide by any special instructions given by the court or any of its duly authorized officers, including probation officers of the Department of Corrections.

**EXHIBIT 24**
PAGE 86 OF 89

EXC. 84

AS 12.55.090-.110
Crim. R. 32
App. R. 215



State vs. <u>William E. Turlington</u>                    Case No. <u>3AN-S94-8516</u> CR



SPECIAL CONDITIONS OF PROBATION

X    Defendant is ordered to pay restitution in the amount of $450.00, payable through the Clerk of Court as follows: twenty percent (20%) of defendant's net wages are to be paid on a weekly basis.

X    Apply for Permanent Fund Dividend, if eligible, for benefit during the years under the custody and supervision of the Department of Corrections; forfeit the proceeds for application toward restitution. The Department of Revenue is hereby ordered to deliver the Permanent Fund Dividend check(s) to the Clerk of Court for this purpose.

X    The defendant shall totally abstain from the use of alcohol.

X    The defendant shall not frequent places where alcohol is the main item for sale.

X    The defendant shall not use or possess any controlled substance, to include marijuana, without a valid prescription; and submit to testing for the use of controlled substances when required by the Probation/Parole Officer.

X    The defendant shall not associate with known narcotic users or sellers, to be found in places where drug use and sales are known to occur.

X    The defendant shall obtain and maintain verifiable full-time employment unless engaged full time in an educational or treatment program approved by the Probation/Parole Officer with proof of participation to be provided to the supervising Probation Officer. Provide proof of income when requested by the Probation/Parole Officer.

X    The defendant shall submit, at any reasonable time, to search of his person, personal property, residence, vehicle or any vehicle under which he has control, for the presence of narcotic, hallucinogenic, stimulant, depressant, and amphetamine, barbiturate or other drugs or drug paraphernalia.

X    The defendant shall undergo a drug/alcohol assessment and, if recommended, enroll in and successfully complete an outpatient program, including aftercare recommendations, or an inpatient program of up to three months to include following recommendations for aftercare.

X    Court to be notified in writing of probation violations whether or not Petition to Revoke Probation is issued.

**EXHIBIT 24**
PAGE 87 OF 89

EXC. 85

AS 12.55.090-.110
Crim. R. 32
App. R. 215

State vs. William E. Turlington                          Case No. 3AN-S94-8516 CR

THE PROBATION HEREBY ORDERED EXPIRES Six (6)  years from the date of release
from incarceration.

Any appearance bond in this case is:
X      exonerated.
___    exonerated when defendant reports to the jail to serve the sentence.
___    Other:  .

September 27, 1995                           _E. Andrews_
Effective Date                                          Judge

                                            Elaine M. Andrews
                                            Type Judge's Name

## NOTICE TO DEFENDANT

You are advised that according to the law, the court may at any time revoke your probation
for cause or modify the terms or conditions of your probation.  You are subject to arrest by a
probation officer with or without a warrant if the officer has cause to believe that you have
violated a condition of your probation.  You are further advised that it is your responsibility to
make your probation officer aware of your adherence to all conditions of probation set forth
above.

If you are ordered to serve 45 days or more in jail, you may appeal the sentence on the ground
that it is excessive.

☐

I certify that on __10/19/95__          I certify that on __10/20/95__
a copy of this judgment was sent to:     a copy of this judgment was sent to:
                                         X  CIPT
✓ DA                                     __ Jail          __ Probation Officer
✓ Defense Atty. _Dieni_                     DOC           __ DPS-Juneau
✓ DOC                                    X  Data          ✓ DPS-Fingerprint Sect.
                                         __ Term.         __ Defendant,
Sec./Clerk: _C. McHenary_                __ Off. Loc.        through _____
                                         __ Exhibit Clerk

                                         Clerk: _CM_

                                         **EXHIBIT 24**
                                         PAGE 88 OF 89

                                         EXC. 86

                                         AS 12.55.090-.110
                                         Crim. R. 32
                                         App. R. 215

Page 5 of 5
CR-470wp (3/95)
JUDGMENT AND ORDER OF COMMITMENT/PROBATION -
SUPERIOR COURT

No VRA Screening Necessary

FINGERPRINT VERIFICATION ATTACHMENT TO JUDGMENT

CASE NO. *3AN·S94-85l6* CR

☐ District Court    ☒ Superior Court    at *Anchorage*, Alaska

Plaintiff: STATE OF ALASKA

Defendant: *William E. Turlington*

Send original along with a copy of the judgment to:

Department of Public Safety
Alaska Automated Fingerprint Identification Section
5700 E. Tudor Road
Anchorage, AK 99507

Keep <u>copy</u> in court file.

| LEFT THUMB | RIGHT THUMB | |
|---|---|---|
| | | *William Turki Jr.* |
| | | Defendant's Signature |
| | | *232 S Bison Rd* |
| | | Mailing Address |
| | | *Anchor* *ALK* |
| | | City            State            ZIP |
| | | Date |
| | | *Phil Mohen* |
| | | Witness |
| | | (Signature and Title) EXC. 87 |
| | | *ADA* |

CR-490 (11/94)(cs)

EXHIBIT 24
PAGE 89 OF 89