IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA, )
)
      Plaintiff, )
)
v. )
)
JON WOODARD, )
)
      Defendant. )
_____)

Case No. 3AN-S92-5238 Cr.

*Filed in the Trial Courts STATE OF ALASKA THIRD DISTRICT IN ANCHORAGE MAY 25, 1993 Clerk of the Trial Courts, Deputy*

## DECISION AND ORDER

Defendant Jon A. Woodard has moved this court for an order on the admissibility of tapes of conversations between defendant and David VanHousen. There were a total of six VanHousen/defendant wires. In the state's case-in-chief, the state introduced only one of the communications. Defendant seeks to introduce the remaining five. The basis for which defendant argues the admissibility of the communications is: (1) an exception to the hearsay rule to demonstrate the defendant's state of mind; (2) a non-hearsay verbal act; and (3) to impeach VanHousen's claim that he "tipped off" the defendant that he was wired by the police.

In response, the state contends the VanHousen/defendant wires do not fall within the scope of A.R.E. 803(3). The parties' contentions raise the following issues:

  1.  <u>Are the VanHousen/defendant wires admissible under the state of mind exception to the hearsay rule?</u>

  2.  <u>Are the VanHousen/defendant wires admissible as a verbal act?</u>

  3.  <u>Are the VanHousen/defendant wires admissible to impeach VanHousen's prior testimony that he informed defen[dant] he was wearing a wire during the last five wires?</u>

EXHIBIT 23
PAGE 1 OF 8

## DISCUSSION

As a general rule hearsay evidence is incompetent and inadmissible. Torres v. State, 519 P.2d 788, 792 (Alaska 1974) (citing Jefferson v. City of Anchorage, 374 P.2d 241, 242-43 (Alaska 1962)). The trial court has broad discretion to balance any non-hearsay probative value of hearsay evidence against possible prejudice if the evidence is improperly accepted for the truth of the matter asserted. Stumpf v. State, 749 P.2d 880, 893 (Alaska App. 1988), cert. denied, 109 S.Ct. 2075, 490 U.S. 1070 104 L.Ed.2d 639 (19__); Drumbarger v. State, 716 P.2d 6, 11 (Alaska App. 1986).

1. **Are the VanHousen/defendant wires admissible under the state of mind exception to the hearsay rule?**

A.R.E. 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion. A declarant is a person who makes a statement. A.R.E. 802 provides that hearsay is not admissible. However, A.R.E. 803 lists the exceptions to the hearsay rule. The exception upon which defendant relies is found in A.R.E. 803(3), which provides:

> (3) **Then Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health) offered to prove his present condition or future action, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Where utterances are offered merely to show the state of mind

EXHIBIT 23
PAGE 2 OF 8

of the person who heard them, or to establish that someone must have heard them, and are not offered for the truth of the matter asserted, the hearsay rule is not violated. Zeciri v. State, 779 P.2d 795, 797 (Alaska App. 1989) (citing A.R.E. 801; 6 Wigmore, Evidence Sect. 1789 at 314-20 (Chadbourn rev. 1976)). Testimony regarding an out-of-court statement is only hearsay when it is offered to prove the truth of the matter stated. Putnam v. State, 629 P.2d 35, 40 (Alaska 1980) (citing Watson v. State, 387 P.2d 289, 293 (Alaska 1963)). Where such testimony is offered merely to establish the fact that the statement was made, and not to prove the truth of the matter stated, the hearsay rule does not apply. Id. (citing Frink v. State, 597 P.2d 154, 162 (Alaska 1979)).

A defendant's self-serving statements are hearsay and cannot be admitted into evidence unless they qualify under some exception to the hearsay rule or are used for a non-hearsay purpose. Brannen v. State, 798 P.2d 337, 340 (Alaska App. 1990) (citing State v. Agoney, 608 P.2d 762, 764 (Alaska 1980); Stumpf v. State, 749 P.2d 880, 899 (Alaska App. 1988), cert. denied, 109 S.Ct. 2075, 490 U.S. 1070 104 L.Ed.2d 639 (19__)). In Brannen, defendant had engaged in a conversation with Gorden, the sexual assault victim's current step-father, that was recorded. At trial, Brannen sought to introduce certain exculpatory statements on the tape as evidence of his state of mind when he later spoke with the victim and the arresting officer. The trial court ordered most of the exculpatory statements excised, allowing only those portions of the tape played in which Gorden accused Brannen of molesting the victim.

The court of appeals was "wholly unpersuaded" by Brannen's

argument. <u>Brannen</u>, 798 P.2d at 340. The basis for Brannen's state of mind argument was his claim that it was necessary to show the jury that, when he spoke to the victim, he was already aware of the accusations of abuse. The court determined that Brannen's awareness of accusations of sexual abuse had already been adequately established.

Finding that there was no legitimate non-hearsay purpose justifying admission of the deleted portions of the tape containing Brannen's exculpatory statements, the court also noted that no exception to the hearsay rule was apparent. <u>Brannen</u>, 798 P.2d at 340. The court considered A.R.E. 803(3):

> Evidence Rule 803(3) exempts hearsay statements that express an existing state of mind, emotion, sensation or physical condition to prove the declarant's present condition. Brannen's self-serving denials do not qualify as present sense impressions. They were not statements expressing a condition, nor were they made spontaneously. Brannen had time to reflect and a motive to fabricate before he made the statements. Brannen offers no other hearsay exceptions to justify admission of the deleted statements, and we are aware of none.

<u>Brannen</u>, 798 P.2d at 340-41.

In the present case, defendant offers the VanHousen/defendant conversations because they:

> provide an important and necessary context for explaining why defendant may have become increasingly suspicious that VanHousen was implicating him in the Carr's crime, why he may have developed feelings or beliefs that he was being subjected to surveillance, why he may have acted nervous or defensive, and why other aspects of his behavior, the other statements already introduced, and the other inferences concerning his state of mind, could have resulted not from a guilty conscience, but instead from the fact that VanHousen was confronting him with an increasingly irrational barrage of bizarre, confrontative, and highly suspicious communications.[1]

EXHIBIT 23
PAGE 4 OF 8

---

[1] DEFENDANT'S TRIAL MEMO: ADMISSIBILITY OF VANHOUSEN/WOODARD WIRES TO SHOW MR. WOODARD'S STATE OF MIND AND REASONS FOR TAKING ACTIONS, Page 4.

DECISION AND ORDER RE: TRIAL MEMO: ADMISSIBILITY OF VANHOUSEN/WOODARD WIRES TO SHOW MR. WOODARD'S STATE OF MIND AND REASONS FOR TAKING ACTIONS.
State v. Woodard Case No. 3AN-S92-5238 Cr.

Defendant argues that his state of mind after the robbery is in issue because the state elicited testimony from various witness that defendant acted agitated, nervous, and erratic following the Carr's robbery/homicide. Defendant's purpose for offering the wires is to present an innocent explanation for defendant's actions after the robbery.

However, in offering an "innocent explanation for defendant's actions following the robbery," defendant must of necessity rely upon the content of defendant's statements during the VanHousen/defendant wires. This "content" is inadmissible hearsay because it is offered for the truth of the matter stated therein.

Further, the totality of the VanHousen/defendant wires does not express defendant's then-existing state of mind, emotion, sensation, or physical condition. As with all exceptions to the hearsay rule, each statement must have some special assurance of reliability. The special assurance of reliability for statements of present state of mind rests upon their spontaneity and probable sincerity. This is insured by the requirements that the statements must purport to relate to a condition of mind or emotion existing at the time of the statement and must have been made under circumstances indicating apparent sincerity. E. Cleary, <u>McCormick on Evidence</u>, Sect. 294 at 844. Cleary recounts examples:

> Common examples of statements used to prove mental state at the time of the statement include statements of intent to make a certain place the declarant's home offered to establish domicile, statements expressive of mental suffering to prove that element of damages, a statement of willingness to allow one the use of the declarant's automobile offered to prove that the car was used with the owner's consent under the terms of the insurance policy, statements accompanying a transfer of property showing intent, or lack of intent, to defraud creditors, statements of ill will to show malice or the

DECISION AND ORDER RE: TRIAL MEMO: ADMISSIBILITY OF VANHOUSEN/WOOD/ TO SHOW MR. WOODARD'S STATE OF MIND AND REASONS FOR TAKING ACTION
<u>State v. Woodard</u> Case No. 3AN-S92-5238 Cr.

EXHIBIT 23
PAGE 5 OF 8

required state of mind in criminal cases, and statements showing fear. (Citations omitted).

The statements for which admittance is sought do not express a condition. They lack the circumstantial guarantees of trustworthiness and reliability inherent in the exceptions to the hearsay rule. The court concludes that under <u>Brannen</u>, defendant's implicit and explicit denials of involvement in criminal activity are self-serving and do not fall within the "then existing mental, emotional, or physical condition" exception to the hearsay rule contained in A.R.E. 803(3).

2. <u>Are the VanHousen/defendant wires admissible as a verbal act?</u>

The defendant also offers the wires for a non-hearsay purpose. Defendant contends that VanHousen's statements to defendant are "verbal acts" "from which the jury can assess the effect of those statements upon the state of mind, conduct, and utterances of the defendant at the time and thereafter."[2] A "verbal act" or the verbal act doctrine refers to utterances accompanying some act or conduct to which it is desired to give legal effect. H.C. Black, <u>Black's Law Dictionary</u> at 1397 (West. 1979). "Verbal acts" are words that accompany conduct and which aid in giving legal significance to the conduct. <u>Id</u>. (citing <u>Keefe v. State</u>, 50 Ariz. 293, 295, 72 P.2d 425, 427). Under the verbal acts doctrine, where declarations of an individual are so connected with the individual's acts that, independently of the declaration, the words derive a degree of credit from the connection itself, the

---

[2] The court notes that there is no issue as to whether the statements were made by either VanHousen or the defendant or either party heard them.

EXHIBIT 23
PAGE 6 OF 8

DECISION AND ORDER RE: TRIAL MEMO: ADMISSIBILITY OF VANHOUSEN/WOODARD WIRES TO SHOW MR. WOODARD'S STATE OF MIND AND REASONS FOR TAKING ACTIONS.
State v. Woodard Case No. 3AN-S92-5238 Cr.

2632

declaration becomes part of the transaction and is admissible. <u>Id</u>. Under this doctrine, defendant's statements to VanHousen are not verbal acts.

    3.    <u>Are the VanHousen/defendant wires admissible to impeach VanHousen's prior testimony that he informed defendant he was wearing a wire during the last five wires?</u>

Defendant next contends that the VanHousen/ defendant wires are admissible because they contain inconsistent statements that impeach VanHousen's testimony that he "tipped off" defendant that he was wired.

A.R.E. 613 controls the procedure defendant must use to impeach VanHousen through the use of prior inconsistent statements. It provides as follows:

> (a) **General Rule.** Prior statements of a witness inconsistent with his testimony at trial, hearing, or deposition, and evidence of bias or interest on the part of a witness are admissible for the purpose of impeaching the credibility of a witness.
>
> (b) **Foundation Requirement.** Before extrinsic evidence of a prior contradictory statement or of bias or interest may be admitted, the examiner shall lay a foundation for impeachment by affording the witness the opportunity, while testifying, to explain or deny any prior statement, or to admit, deny, or explain any bias or interest, ....

A majority of courts impose the procedural requirement of a foundation question prior to admitting extrinsic evidence of prior inconsistent statements for impeachment purposes. E. Cleary, <u>McCormick on Evidence</u>, Sect. 40 at 87 (3rd ed. 1984). Thus, before the witness can be impeached by extrinsic evidence to prove inconsistent declarations, the witness under attack must first have been asked about the prior inconsistent statement. <u>Id</u>.

In response to the foundation questions, the witness must be afforded the opportunity, while testifying, to explain or deny any

prior statement. A.R.E. 613. If the witness denies the statement attributed to him, the defendant has the right to prove the prior inconsistent statement by extrinsic evidence Id.

In the present case, defendant cross-examined VanHousen extensively regarding the wires. However, any additional cross-examination of VanHousen regarding the wires is subject to the same foundational requirements of affording VanHousen the opportunity to admit, explain or deny the prior inconsistent statement. The foundational requirement not having been met, defendant may not introduce the VanHousen/defendant wires as prior inconsistent statements. Further, the proper procedure for the admission of the tapes VanHousen's prior inconsistent statements would necessarily include excising defendant's hearsay statements from the tapes prior to their publication to the jury. Brannen v. State, 798 P.2d 337, 340 (Alaska App. 1990).

THEREFORE, IT IS ORDERED that defendant's application for the introduction of the VanHousen/defendant wires 2-5 is DENIED.

DATED at Anchorage, Alaska, this 25th day of May, 1993.

Karen L. Hunt
Superior Court Judge

I certify that on 5-25-93 a copy of the above was mailed to each of the following at their addresses of record: _____ DA - Henry _____ McComis _____ Secretary/Deputy Clerk

EXHIBIT 23
PAGE 8 OF 8

DECISION AND ORDER RE: TRIAL MEMO: ADMISSIBILITY OF VANHOUSEN/WOODARD WIRES TO SHOW MR. WOODARD'S STATE OF MIND AND REASONS FOR TAKING ACTIONS.
State v. Woodard Case No. 3AN-S92-5238 Cr.