IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JON A. WOODARD, | ) | Case No. A05-0089CV-TMB-JDR |
| | ) | |
| Petitioner, | ) | <u>Second Affidavit of Jon A.</u> |
| | ) | <u>Woodard In Support of</u> |
| vs. | ) | <u>Writ of Habeas Corpus</u> |
| | ) | |
| CRAIG (JOHN) TURNBULL | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

UNITED STATES OF AMERICA  )
                          ) ss.
DISTRICT OF ALASKA        )

I, Jon A. Woodard, being first duly sworn, deposes and states as follows:

    1. I am the petitioner in the above-captioned case, currently in the custody of the Alaska Department of Corrections, housed at the Spring Creek Correctional Center at Seward, Alaska.

    2. That due to my diminished physical nad mental state of mind caused by the excessive shackling, I was discouraged from asserting my reservations, or further inquiring about having less than twelve jurors. My decisions were guided primarily by ending the prolonged shackling as soon as possible. I felt that I needed more time to discuss the issues with counsel, without the shackles and in a less intimidating setting. The shackles imposed pressure on me to make hasty, uninformed decisions. I was discouraged from asking the questions I needed to, in order to be informed about the decision I was making.

    3. Based on my best recollection, evidence and testimony

could have been provided to show that Bohlin was in debt to me.

4. Based on my best recollection, testimony could have been provided that the television from Bohlin in February 1992 was partial payment for a debt, that this television was not accepted due to its poor and used condition, and this debt was deferred until a later time.

5. Based on my best recollection, testimony could have been provided that I received cash and made cash expenditures during the relevant time frames.

6. Based on my best recollection, testimony could have been provided to show that the state did not seize the television in question, but that the federal government did seize certain firearms alleged to be involved in certain federal crimes. The firearms were subsequently turned over to the state and the federal crimes were dismissed.

7. Testimony could have been provided that I did not give Vanhousen or Pierce money from the Carrs crimes.

8. Based on my best recollection, testimony could have been provided that I was at Bohlin's home on several occasions, and that I had been in all of the rooms in his home, most of the time in the upper and middle area living areas.

9. In 1992, my hair was naturally brown, very curly, and long (past my shoulders to the middle of my back). I often wore it in a pony tail, but would have to comb it out often to prevent tangles. My hair was not curled or permed for my trial.

2nd Affidavit of Jon Woodard
Page 2 of 4

10. Based on my best recollection, testimony could have been provided that I was at Bohlin's residence with my friend Chris Presley in early June of 1992, before June 8. After swinging on a rope swing, tumbling on the ground, and doing flips on a trampoline, I went into Bohlin's residence to clean up and "comb--out" my hair.

11. Based on my best recollection, testimony could have been provided that many people who knew that I had a federal firearms license were inquiring about getting discounts on firearms. In about spring of 1992, Bohlin, Kane, Booher, Vanhousen, and Pierce expressed interest in a Glock 10 mm and other firearms.

12. Based on my best recollection, testimony could have been provided that I informed Pierce that a felony criminal record could preclude him from purchasing firearms from me.

13. Based on my best recollection, testimony could have been provided that I was involved in many activities that did not violate state, local, or federal laws.

14. That the over two months of prolonged shackling caused distracting physical pain and suffering. The handcuffs and ankle cuffs oftentimes caused bruising and scrapes on my wrists and ankles. By being shackled, I was confined to a limited range of motion that caused uncomfortable muscle and joint pain. Throughout this time, I felt very uncomfortable and nervous in front of the jury, which made it very difficult to focus on the trial proceedings and communicate with counsel. I was apprehensive and discouraged to do anything to draw the attention of jurors to me. I displayed a suspicious and abnormal demeanor over time.

ing was provided on the issue

rovided testimony that refuted the

ousness, and would have shown the

ch juror could see my hand cuffs,

nts; that I would have explained

rom asserting my rights and test-

ical and emotional pain and suffer-

ommunication with counsel.

NAUGHT

2008, at Seward, Alaska.

_____
Jon A. Woodard, Petitioner

lty of perjury that the above is
of my knowledge. No notary is

_____
Jon A. Woodard