IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JON A. WOODARD,           )   Case No. A05-0089CV-TMB-JDR
                          )
         Petitioner,      )   **Second Affidavit of Jon A.**
                          )   **Woodard In Support of**
                          )   **Writ of Habeas Corpus**
vs.                       )
                          )
CRAIG (JOHN) TURNBULL     )
                          )
         Respondent.      )
_____)

UNITED STATES OF AMERICA  )
                          ) ss.
DISTRICT OF ALASKA        )

I, Jon A. Woodard, being first duly sworn, deposes and states as follows:

    1. I am the petitioner in the above-captioned case, currently in the custody of the Alaska Department of Corrections, housed at the Spring Creek Correctional Center at Seward, Alaska.

    2. That due to my diminished physical nad mental state of mind caused by the excessive shackling, I was discouraged from asserting my reservations, or further inquiring about having less than twelve jurors. My decisions were guided primarily by ending the prolonged shackling as soon as possible. I felt that I needed more time to discuss the issues with counsel, without the shackles and in a less intimidating setting. The shackles imposed pressure on me to make hasty, uninformed decisions. I was discouraged from asking the questions I needed to, in order to be informed about the decision I was making.

    3. Based on my best recollection, evidence and testimony

could have been provided to show that Bohlin was in debt to me.

4. Based on my best recollection, testimony could have been provided that the television from Bohlin in February 1992 was partial payment for a debt, that this television was not accepted due to its poor and used condition, and this debt was deferred until a later time.

5. Based on my best recollection, testimony could have been provided that I received cash and made cash expenditures during the relevant time frames.

6. Based on my best recollection, testimony could have been provided to show that the state did not seize the television in question, but that the federal government did seize certain firearms alleged to be involved in certain federal crimes. The firearms were subsequently turned over to the state and the federal crimes were dismissed.

7. Testimony could have been provided that I did not give Vanhousen or Pierce money from the Carrs crimes.

8. Based on my best recollection, testimony could have been provided that I was at Bohlin's home on several occasions, and that I had been in all of the rooms in his home, most of the time in the upper and middle area living areas.

9. In 1992, my hair was naturally brown, very curly, and long (past my shoulders to the middle of my back). I often wore it in a pony tail, but would have to comb it out often to prevent tangles. My hair was not curled or permed for my trial.

15. That if a hearing was provided on the issue of shackling, I would have provided testimony that refuted the states allegations of dangerousness, and would have shown the many vantage points from which juror could see my hand cuffs, waist chain, and leg restraints; that I would have explained how it was discouraging me from asserting my rights and testifying, how they caused physical and emotional pain and suffering, and how it impeded my communication with counsel.

FURTHER YOUR AFFIANT SAYETH NAUGHT

DATED this 28th day of May, 2008, at Seward, Alaska.

_____
Jon A. Woodard, Petitioner

I swear under penalty of perjury that the above is true and correct to the best of my knowledge. No notary is presently available.

5/28/08
_____
Date

_____
Jon A. Woodard