10. Based on my best recollection, testimony could have been provided that I was at Bohlin's residence with my friend Chris Presley in early June of 1992, before June 8. After swinging on a rope swing, tumbling on the ground, and doing flips on a trampoline, I went into Bohlin's residence to clean up and "comb--out" my hair.

11. Based on my best recollection, testimony could have been provided that many people who knew that I had a federal firearms license were inquiring about getting discounts on firearms. In about spring of 1992, Bohlin, Kane, Booher, Vanhousen, and Pierce expressed interest in a Glock 10 mm and other firearms.

12. Based on my best recollection, testimony could have been provided that I informed Pierce that a felony criminal record could preclude him from purchasing firearms from me.

13. Based on my best recollection, testimony could have been provided that I was involved in many activities that did not violate state, local, or federal laws.

14. That the over two months of prolonged shackling caused distracting physical pain and suffering. The handcuffs and ankle cuffs oftentimes caused bruising and scrapes on my wrists and ankles. By being shackled, I was confined to a limited range of motion that caused uncomfortable muscle and joint pain. Throughout this time, I felt very uncomfortable and nervous in front of the jury, which made it very difficult to focus on the trial proceedings and communicate with counsel. I was apprehensive and discouraged to do anything to draw the attention of jurors to me. I displayed a suspicious and abnormal demeanor over time.