could have been provided to show that Bohlin was in debt to me.

4. Based on my best recollection, testimony could have been provided that the television from Bohlin in February 1992 was partial payment for a debt, that this television was not accepted due to its poor and used condition, and this debt was deferred until a later time.

5. Based on my best recollection, testimony could have been provided that I received cash and made cash expenditures during the relevant time frames.

6. Based on my best recollection, testimony could have been provided to show that the state did not seize the television in question, but that the federal government did seize certain firearms alleged to be involved in certain federal crimes. The firearms were subsequently turned over to the state and the federal crimes were dismissed.

7. Testimony could have been provided that I did not give Vanhousen or Pierce money from the Carrs crimes.

8. Based on my best recollection, testimony could have been provided that I was at Bohlin's home on several occasions, and that I had been in all of the rooms in his home, most of the time in the upper and middle area living areas.

9. In 1992, my hair was naturally brown, very curly, and long (past my shoulders to the middle of my back). I often wore it in a pony tail, but would have to comb it out often to prevent tangles. My hair was not curled or permed for my trial.

2nd Affidavit of Jon Woodard
Page 2 of 4