W.H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: william.hawley@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JON ARNOLD WOODARD, ) | |
| ) | |
| Petitioner, ) | Case No. 3:05-cv-00089-TMB-JDR |
| ) | |
| vs. ) | OPPOSITION TO EXPANSION OF |
| ) | RECORD AND REQUEST TO |
| JOHN CRAIG TURNBULL, ) | DISREGARD OR STRIKE |
| ) | IMPROPER MATERIAL |
| ) | |
| Respondent. ) | |
| ) | |

      Woodard has filed three affidavits dealing with various factual issues that he seeks to raise: Document 31 (affidavit of Marjorie Shorthill alleging prospective jurors could have observed his restraints), Document 32 (affidavit of Woodard alleging jurors could have seen and did see his restraints), and Document 120 (second affidavit of Woodard alleging waiver of 12-person jury was involuntary, describing evidence that purportedly could have been

presented at trial, and describing alleged effect of shackling). Woodard has made no request to expand the record to include the affidavits.

These affidavits, without exception, contain factual allegations that Woodard was aware of at the time of his trial and post-conviction action in state court and could have brought to the attention of the Alaska courts, particularly in a motion for mistrial or new trial or in his post-conviction action. Woodard does not now qualify for an evidentiary hearing. That being so, the record may not be expanded to include the affidavits. Accordingly, the affidavits are not properly before the court and should be struck – deleted from the electronic record – or at the least, not considered.

Respondent previously objected to consideration of the allegations in the first two affidavits. [Doc. 111 at 74-76] Respondent argued Woodard is not entitled to an evidentiary hearing because he has not been diligent with respect to the claims at issue and is therefore not entitled to expand the record so that the affidavits may be considered. [*Id.*]

Under 28 U.S.C. §2254(e)(2), a federal court "shall not hold" an evidentiary hearing when petitioner has failed to develop the factual basis for a claim in state court. Whether a petitioner has failed to develop a factual basis in state court turns on whether the petitioner or his counsel exhibited a lack of diligence or exhibited greater fault in state court. *Williams v. Taylor*, 529 U.S.

420, 435, 437, 120 S.Ct. 1479, 1489-90 (2000); *see also Holland v. Jackson*, 542 U.S. 649, 652-53, 124 S.Ct. 2736, 2737 (2004). Diligence "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims." *Williams*, 529 U.S. at 435, 437, 120 S.Ct. at 1489-90. Woodard has not been diligent with respect to the material in the affidavits because he could have presented these facts to the Alaska courts but did not do so. "The failure to investigate or develop a claim given knowledge of the information upon which the claim is based, is not the exercise of diligence." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing *Williams*, 529 U.S. at 435, 120 S.Ct. at 1489). Indeed, Woodard did not request an evidentiary hearing with respect to the claims which the affidavits relate in state court. Accordingly, Woodard is not entitled to an evidentiary hearing here. *Williams*, 529 U.S. at 435, 437, 120 S.Ct. at 1489-90.

Since Woodard is not entitled to an evidentiary hearing, he is not entitled to expand the record so that the information in the affidavits may be considered. The rule is clearly established in the Ninth Circuit. *Cooper-Smith*, 397 F.3d at 1241-42.

Notably, any request for an evidentiary hearing or to expand the record at this time would be in gross disregard of the requirements in Local Habeas Rules 7.1 and 8.1 which provide that a request for either an evidentiary

hearing must be made, for expansion of the record, within 15 days of the answer, and for an evidentiary hearing, within 30 days of the answer. Local Habeas Rules 7.1 and 7.2. Woodard was expressly notified of the necessity of a timely request for an evidentiary hearing on May 11, 2005 in the order to show cause. [Order Directing Service and Response dated May 11, 2005 at 4] The answer was filed more than 18 months ago, on December 4, 2006. [Doc. 49])

In sum, Woodard was not diligent in state court and did not present evidence (and claims) to state courts that was available to him. As a result, he is not entitled to an evidentiary hearing now. Since he is not entitled to an evidentiary hearing, he is not entitled to expand the record or to have the materials considered, especially without a timely and explicit request to do so. Notably, he has not asked to expand the record. The three affidavits are not properly before the court and should be struck from the record. At the very least they should not be considered.

DATED July 25, 2008 , at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ W. H. Hawley
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501

          Telephone: (907) 269-6250
          Facsimile: (907) 269-6270
          e-mail: william.hawley@alaska.gov
          Alaska Bar. No. 6702008

## Certificate of Service

I certify that on July 25, 2008, a copy of the foregoing Opposition To Expansion Of Record And Request To Disregard Or Strike Improper Material was served electronically on Hugh W. Fleischer.

    <u>s/ W. H. Hawley</u>