W.H. Hawley
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: william.hawley@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JON ARNOLD WOODARD, | ) |
| | ) |
| Petitioner, | ) Case No. 3:05-cv-00089-TMB-JDR |
| | ) |
| vs. | ) REPLY TO ANSWER TO |
| | ) RESPONDENT'S OPPOSITION TO |
| JOHN CRAIG TURNBULL, | ) EXPANSION OF RECORD AND |
| | ) REQUEST TO DISREGARD OR |
| | ) STRIKE IMPROPER MATERIAL |
| Respondent. | ) |
| | ) |

A.  Introduction

On July 25, 2008, Respondent filed and served an opposition to expansion of the record and a request that the court disregard or strike the improper material. [Doc. No. 121]  On August 19, 2008, Woodard filed a response to the state's motion. [Doc. No. 122]  This is the Respondent's reply.

B. <u>Woodard's opposition is untimely</u>

Woodard's August 19, 2008 response to the state's motion was filed eight days late. It was unaccompanied by a motion for acceptance of it as late filed. (It should have been filed on August 11, 2008. *See* Local Habeas Rule 7.1(e) (response to motion to be filed within 15 days of service)). This court should not accept Woodard's pleading for filing at this late date.

C. <u>Respondent's opposition and motion to strike were not untimely</u>

Woodard points out that the Shorthill affidavit [Doc. No. 31] is dated May 11, 2006, and that Woodard's first affidavit [Doc. No. 32] is dated September 24, 2008. He claims the Respondent's opposition and motion to strike is untimely under Local Habeas Rules 7.1(b)(4) and 8.1(b)(3). [Doc. 122 at 1] (He does not claim Respondent's opposition to Woodard's third affidavit [Doc. No. 120 (filed July 24, 2008)] is untimely.)

Woodard puts the cart before the horse. In order to have the affidavits considered, Woodard was required to file a motion for expansion no later than 15 days after the answer was served and filed. Local Habeas Rule 7.1(b)(1). The answer was filed on December 4, 2006. [Doc. No. 49] Respondent objected to consideration of the first Woodard affidavit and the Shorthill affidavit by stating on the first appropriate occasion (in its brief on the merits) that Woodard was not entitled to have the record expanded to consider these affidavits. [Doc. No. 111 at 74-76] In sum, Respondent raised this issue in

timely fashion.

    D.    <u>The visible restraints claim was not raised in state court</u>

Woodard argues he was diligent and that Alaska post-conviction statutes barred him from re-litigating "the shackling issue." [Doc. No. 122 at 2] But he is attempting to raise a new issue in this court that he could have but did not raise in state court. In the Alaska Court of Appeals, Woodard argued that Judge Hunt erred in ordering him restrained during trial at a pre-trial hearing. Judge Coats ruled that Judge Hunt did not err in restraining Woodard. [Exh. 5 at 46] Judge Mannheimer, however, concurring, concluded Judge Hunt did err in restraining Woodard during trial, but that her error was harmless beyond a reasonable doubt because jurors did not see the restraints. [Exh. 5 at 92-93, 95 n. 31, 98] Woodard did not in the direct appeal ask for relief on the ground that the restraints were visible.

Visible restraints violate the Fifth and Fourteenth Amendments; restraints that are not visible do not. *See* Doc. No. 111 at 73. Woodard asserts in this habeas action the new and different claim, not previously presented to any Alaska court, that his restraints were visible during trial. [Doc. No. 1 (Petition) at 20 ("jurors were exposed to or other wise aware of [the restraints]" "Judge Mannheimer made an incorrect presumption of fact that jurors could not see [the restraints]"); Doc. No. 30 (amended petition) at 3 (Woodard was restrained during trial "which was observed . . . by the jury")]

Woodard claims he could not raise "the shackling issue" because the issue was litigated on direct appeal. [Doc. No. 122 at 2 (citing AS 12.72.020(a)(2); *Mooney v. State,* 167 P.3d 81 *16-*17[1] (Alaska App. 2007))] Alaska Statute 12.72.020(a)(2). Woodard mixes two claims – (1) the claim that the information available to Judge Hunt did not warrant the restraints with (2) the separate claim that the restraints were visible. But the claim that the restraints were visible is a new and separate claim that Woodard did not ask any state court to resolve. Woodard was free to ask for a mistrial (in superior court), file a motion for new trial (in superior court), or add a claim to his state post-conviction action asserting that the restraints were actually visible to the jury. *See* AS 12.72.010(1) (defendant can ask for post-conviction relief because his conviction was obtained in violation of federal constitution). Woodard did not do so.

Alaska Statute 12.72.020(a)(2) bars a claim that could have been made on direct appeal. Woodard could have filed a motion for new trial prior to his appeal and filed affidavits and produced evidence alleging that his restraints were visible. He did not. Thus, the claim that his restraints were visible, which his affidavit shows he was aware of at the time of his trial, is a new claim that was not pursued in state court (and which is also procedurally barred).

---

[1] Woodard's citation to *16-*17 is presently useless as Westlaw the decision has now been officially published and Westlaw has not retained the * references.

4

Woodard also could have claimed in his post-conviction action that his trial attorney was ineffective for failing to argue he was entitled to a mistrial or a new trial because his restraints were visible. *See Barry v. State*, 675 P.2d 1292, 1294-95 (Alaska App. 1984) (court will consider claim of ineffective assistance in post-conviction action when factual record is developed there rather than in the direct appeal). Woodard did not do so.[2]

Woodard's reliance on *Mooney* is mistaken. In *Mooney*, an unusual case, the appellate court *sua sponte* considered the possibility – a new argument that the court raised itself – that the defendant was not a third-time convicted felon, despite the fact that the court had considered and rejected the argument that had been presented on this issue in the direct appeal. 167 P.3d at 85-87. *Mooney* does not excuse Woodard from raising his claim in a motion for new trial and on direct appeal or as an ineffective assistance claim in his post-conviction action. In Alaska state court, a claim that a sentence is illegal may be raised at any time *if the error is plain*. *See Lockuk v. State*, 153 P.3d 1012, 1017-18 (Alaska App. 2007).

Woodard further cites *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997), as supporting his claim that he is entitled to an evidentiary hearing. [Doc. No. 1223 at 2] In *Jones*, the court said *in dicta* that Jones was entitled to an evidentiary hearing under AEDPA. *Id.* But Jones, in contrast to Woodard,

---

[2] In addition, Woodard failed to ask the Alaska Court of Appeals for either rehearing or for a remand so that he could assert his restraints were visible.

asserted the claim that his attorney was ineffective and was never given the opportunity to develop the facts because the Washington Court of Appeals dismissed his ineffective assistance of counsel claims without a hearing. Jones did not fail to develop the factual basis of his claim; the state court "denied him the opportunity to develop the facts by failing to hold an evidentiary hearing." Jones, 114 F.3d at 1013. Jones, in other words, was making a specific claim, while Woodard, in contrast, never claimed the restraints were visible to the jury and never claimed his attorney was ineffective for failing to raise such a claim. *Jones* does not aid Woodard because he made no attempt whatsoever to investigate and pursue this claim in state court. Woodard's request for an evidentiary hearing is barred by *Williams v. Taylor*, 529 U.S. 420, 435, 437, 120 S.Ct. 1479, 1489-90 (2000) (diligence entitling a petitioner to an evidentiary hearing "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims" in state court).

Woodard goes on to argue this court should exercise its discretion to hold an evidentiary hearing and is free to do so long as the material does not fundamentally alter the legal claim. He cites *Vasquez v. Hillary*, 474 U.S. 254, 106 S.Ct. 617 (1986). [Doc. no. 122 at 3] But *Vasquez* was decided before the AEDPA and present 28 U.S.C. §2254(e)(2) (evidentiary hearing may not be held if habeas applicant has failed to develop factual basis for of a claim in state

6

court) were promulgated. And Woodard wants to assert a new and different claim – that the restraints were visible. He should not be permitted to do so. He did not claim in state court that the restraints were visible although his affidavits shows he was aware of the facts supporting his visible restraint claim in state court. *See Williams*, 529 U.S. at 435, 437, 120 S.Ct. at 1489-90.

In sum, an evidentiary hearing may not be granted on the basis of material that fails to meet the criteria of 28 U.S.C. §2254(e)(2). *See Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 3736, 3737-38 (2004). And if the petitioner is not entitled to an evidentiary hearing, he is not, under AEDPA, entitled to expand the record. *See Bradshaw v. Richey*, 546 U.S. 74, 79, 126 S.Ct. 602, 605 (2005) (circuit court erred in relying on evidence not properly presented in state court without first determining petitioner was not at fault for failing to present it in state court); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005) (petitioner cannot move to expand record if he has not developed record in state court); *Wildman v. Johnson*, 261 F.3d 832, 839-40 (9th Cir. 2001) (precluding use of letter in habeas action under §2254(e)(2) because facts were not developed in state court); *accord Boyko v. Parke*, 259 F.3d 791 790 (7th Cir. 2001).

Woodard did not claim, much less present evidence, in state court that his restraints were visible. Thus, this court should not consider and should strike the affidavits he has improperly filed in this court.

DATED August 25, 2008 , at Anchorage, Alaska.

>TALIS J. COLBERG
>ATTORNEY GENERAL
>
>s/ W. H. Hawley
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>      and Appeals
>   310 K St., Suite 308
>   Anchorage, Alaska 99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   e-mail: william.hawley@alaska.gov
>   Alaska Bar. No. 6702008

**Certificate of Service**

I certify that on August 25, 2008, a copy of the foregoing **Reply to Answer to Respondent's Opposition to expansion of Record and Request to Disregard or Strike Improper Material** was served electronically on **Hugh Fliescher.**

>s/ **W. H. Hawley**